**FILED**
Thursday, 08 July, 2004  11:56:13 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

GREGORY HALE,
    Plaintiff,

vs.                                 03-CV-3177

JOHN BATTLES et al.,
    Defendants.

## Order

On June 11, 2004, the court ordered the plaintiff to show good cause why defendant Slater should not be dismissed for failure to timely serve him pursuant to Fed. R. Civ. P. 4(m). The plaintiff filed a "motion to show cause" (d/e 33) which is construed as a response to that order.

The plaintiff states that he submitted new service forms for defendant David Slater after the first forms were returned unexecuted in November, 2003. There is no record of new service forms for Slater in the docket or in the file. There are only new service forms for defendant Fairburn, who has already appeared. *See* 12/11/03 Docket Remark. The service forms for Slater were apparently returned unexecuted because Slater no longer worked for the IDOC (d/e 20). The IDOC did not provide a forwarding address for service because the court's minute entry directing service did not specifically authorize it. *Id.*

The court concludes the plaintiff has not shown good cause for failing to serve Slater. As already discussed, there is no record that he filed new service forms after the first forms were returned. And, there is no indication that the plaintiff followed up on Slater's service until the show cause order entered last month. While the court's standard scheduling order in prisoner civil rights cases directs the release of a former employee's last-known address to the U.S. Marshals, that order was not entered here as plaintiff was not incarcerated and was not proceeding under the Prisoner Litigation Reform Act. The plaintiff failed to locate defendant Slater or to ask the court to order the IDOC to release his forwarding address. It also does not appear from the record that he made any attempts to locate defendant Slater through the discovery process. It is ultimately the plaintiff's responsibility to ensure the defendants are properly identified and located for service.

IT IS THEREFORE ORDERED that defendant David Slater is dismissed, without prejudice, for failure to timely serve him pursuant to Fed. R. Civ. P. 4(m).

Entered this ___7th___ Day of _____July_____, 2004.

s/Harold A. Baker

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE