IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| GREGORY HALE #K-60259, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. 03-3177 |
| | ) |
| JOHN BATTLES, et. al, | ) |
| | ) |
| Defendants. | ) |

**MOTION FOR SANCTIONS**

NOW COME defendants, JOHN BATTLES, JULIE BOHLER, MEL DROZS, JUDIE EGGELHOLF, ROBERTA FAIRBURN, BRUCE FISHER, DAVID FREEMAN, KIRK HAGAR, DEBBIE SUE HAMM, MICHAEL KEITHLY, JEAN MAHAN, BARBARA MURRAY, GEORGE SCILLIA, DONALD N. SNYDER, LINDA STAMBAUGH, and ANNETTA VANHOOSIER, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and hereby move this honorable Court to grant their motion for sanctions under Federal Rule of Civil Procedure 37(d).  In support of this motion, defendants state as follows:

1. The undersigned scheduled plaintiff's deposition for January 31, 2005, at the Springfield office of the Attorney General and notified plaintiff via a Notice of Deposition mailed to plaintiff on January 19, 2005.

2. Plaintiff failed to attend the deposition.  On the date of the scheduled deposition, January 31, 2005, the undersigned received a written response from plaintiff to the Notice of Deposition in which he stated that he is on parole and under home monitoring and must have a minimum of 30 days notice to attend the deposition.

      Further, plaintiff stated that the deposition must be held at the James R. Thompson Center in Chicago.

3. The Office of the Attorney General conferred with plaintiff's parole agent, Ronald Bills, and no such requirement exists. Plaintiff is allowed to travel for legal matters, with at minimum a 48-hour notice to the parole agent.

4. In order to accommodate the plaintiff, the undersigned re-scheduled plaintiff's deposition for March 14, 2005. The undersigned mailed on February 24, 2005, via certified mail, a copy of the notice of deposition and a letter regarding same. It should be noted that a copy of the letter was also sent to plaintiff's parole agent, Ronald Bills. A copy of the letter, notice of deposition, and certified mail return receipt are attached hereto as defendants' exhibit A.

5. Plaintiff failed to appear for the scheduled deposition of March 14, 2005. Assistant Attorney General Linda Wolters made a record and ended the proceeding (see defendants' exhibit B, attached hereto and incorporated herein by reference).

6. A party who fails to attend a deposition after proper notice is subject to sanctions including (1) that all facts at issue in the deposition be taken as established as claimed by the party attempting the deposition, (2) prohibiting the disobedient party from supporting designated claims, and (3) striking out the relevant portions of the pleading, staying further proceedings pending the cooperation of the disobedient party, or dismissing the cause of action. Fed. R. Civ. P. 37(d). Additionally, the Court can order the offending party to pay the reasonable expenses caused by the failure. Id.

7. The undersigned also had to pay $55.00 for a court reporter's appearance and transcript (see defendants' exhibit C, attached hereto and incorporated herein by reference).  Therefore, plaintiff should be made to reimburse the State of Illinois for $55.00 representing the fee for the reporter.

8. The issues in this cause are alleged retaliatory actions by the defendants, exposure to second-hand cigarette smoke in violation of the plaintiff's Eighth Amendment rights, and racial discrimination  These would have been the subjects of plaintiff's deposition.  Because plaintiff has refused to be deposed regarding these issues, all portions of his complaint regarding those issues should be stricken.  As this amounts to all the remaining portions of plaintiff's complaint, this cause of action should be dismissed.

9. If the Court chooses not to strike the relevant portions of plaintiff's complaint, plaintiff should be barred from testifying at trial regarding those issues.  The defendants have been deprived of the opportunity to explore plaintiff's knowledge of the events at issue and to prepare for trial using that information.  It would be unfair to force the defendants to proceed without the benefit of deposing plaintiff unless he is barred from testifying.

Wherefore, for the above and foregoing reasons, defendants respectfully request this honorable Court grant their motion for sanctions.

    Respectfully submitted,

    JOHN BATTLES, JULIE BOHLER, MEL DROZS, JUDIE EGGELHOLF, ROBERTA FAIRBURN, BRUCE FISHER, DAVID FREEMAN, KIRK HAGAR, DEBBIE SUE HAMM, MICHAEL KEITHLY, JEAN MAHAN, BARBARA MURRAY, GEORGE SCILLIA, DONALD N. SNYDER, LINDA STAMBAUGH, and ANNETTA VANHOOSIER,

    Defendants,

LISA MADIGAN, Attorney General,
State of Illinois,

    Attorney for Defendants,

By:  s/Eric J. Rieckenberg
    Eric J. Rieckenberg
    Assistant Attorney General
    Attorney for Defendants
    500 South Second Street
    Springfield, IL  62706
    Telephone:  (217) 557-0261
    Facsimile:  (217) 524-5091
    E-Mail:  erieckenberg@atg.state.il

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| GREGORY HALE #K-60259, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. 03-3177 |
| | ) |
| JOHN BATTLES, et. al, | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2005, I electronically filed a Motion for Sanctions with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

and I hereby certify that on March 30, 2005, I mailed by United States Postal Service, the document to the following non-registered participant:

Gregory Hale
9337 South Merrill
Chicago, IL 60617

Respectfully submitted,

/s/Eric J. Rieckenberg
Eric J. Rieckenberg, #6280995
Attorney for Defendants
Assistant Attorney General
500 South Second Street
Springfield, IL 62706
Telephone: (217) 557-0261
Facsimile: (217) 524-5091
erieckenberg@atg.state.il