UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

GREGORY HALE,
    Plaintiff,

vs.              03-CV-3177

JOHN BATTLES et al.,
    Defendants.

### Order

    The defendants move for sanctions because the plaintiff failed to appear at his own deposition, twice. According to the defendants, the plaintiff's original deposition was properly noticed up for January 31, 2005, at the Springfield Office of the Attorney General. On the day of the deposition, the defendants' attorney received a written response from the plaintiff, stating that he was on parole on home monitoring, and therefore needed 30 days notice. This is not true, per the plaintiff's parole officer. The plaintiff is actually allowed to travel for legal matters with a minimum of 48 hours notice.[1] The plaintiff also asked that the deposition be held at the Attorney General's Office in Chicago, Illinois, rather than Springfield.

    The defendants rescheduled the deposition for March 15, 2005, sending out the notice on February 24, 2005. A copy was also sent to the plaintiff's parole officer. The plaintiff again failed to appear. The plaintiff filed a "motion to compel" on March 16, 2005, stating that the deposition must be held in Chicago and that he needed 30 days notice because of his home monitoring.

    On March 30, 2005, the defendants filed their motion for sanctions. They ask that the complaint be stricken or that the plaintiff be barred from testifying about his claims. They also ask for reimbursement of $55.00 for the court reporter. The plaintiff's does not deny the defendants' account, but he explains now that he could not afford to travel to Springfield.

    Rule 37(d) allows, but does not require, the court to "make such orders . . . as are just" if a party fails to appear for a deposition. Though it is within the court's power to strike the

---

[1] The plaintiff does not dispute this, so the court accepts the defendants' representations as true.

1

complaint and the plaintiff's testimony, the court does not believe that would be just, in light of the plaintiff's *pro se* status. The defendants ought to be able to move for summary judgment without the plaintiff's deposition, relying on their own affidavits and documentary evidence. If the plaintiff presents evidence outside the scope of his complaint that would have come to light at his deposition, the defendants may move to strike that evidence at that time.

The court does believe, however, that the plaintiff should reimburse the defendants for the cost of the court reporter at the March deposition. The plaintiff effectively admits that his claimed 30-day-notice requirement was untruthful. Additionally, the plaintiff could have timely notified the defendants that he would not be attending the deposition in March, which would have avoided the court reporter fees. The plaintiff, though proceeding *pro se*, is not a novice to civil litigation–he filed four civil actions during his incarceration, according to PACER. He therefore should have known that failing to timely notify the defendants would cause the defendants to incur the unnecessary costs of a court reporter. Yet the transcript shows that he neither called nor sent any correspondence to the defendants' attorney before the March deposition. Requiring the plaintiff to reimburse defendants for that foreseeable cost is reasonable and just, and may serve to deter similar behavior in the future. *See McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)(upholding assessment of costs against indigent pro se plaintiff).

IT IS THEREFORE ORDERED:

1) The defendants' motion for sanctions is granted in part (d/e 53). The plaintiff is directed to reimburse the defendants $55.00 for the court reporter and transcript. The plaintiff may be required to post bond in future cases if he has unpaid fees and costs. The motion is denied in all other respects.

2) The dispositive motion deadline is extended to June 3, 2005.

Entered this __6th__ Day of __May__, 2005.

                                                         s/Harold A. Baker
                                                           HAROLD A. BAKER
                                         UNITED STATES DISTRICT JUDGE