IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

GREGORY HALE #K-60259,            )
                                  )
          Plaintiff,              )
                                  )
     -vs-                         )   Case No. 03-3177
                                  )
JOHN BATTLES, et. al,             )
                                  )
          Defendants.             )

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF SUMMARY JUDGMENT**

NOW COME defendants, JOHN BATTLES, JULIE BOHLER, MEL DROZS, JUDIE EGGELHOLF, ROBERTA FAIRBURN, BRUCE FISHER, DAVID FREEMAN, KIRK HAGER, DEBBIE SUE HAMM, MICHAEL KEITHLY, JEAN MAHAN, BARBARA MURRAY, GEORGE SCILLIA, DONALD N. SNYDER, LINDA STAMBAUGH, and ANNETTA VANHOOSIER, by and through their attorney, Lisa Madigan, Attorney General of the State of Illinois, and for their memorandum of law in support of summary judgment pursuant to Federal Rule of Civil Procedure 56(b), states as follows:

**INTRODUCTION**

*Pro se* plaintiff, Gregory Hale, was at all times relevant to this action an inmate in the Illinois Department of Corrections, but is now on mandatory supervised release. On September 12, 2003, Plaintiff filed a four-count complaint under 42 U.S.C. §1983 in which he alleges violations of his First Amendment rights via retaliation, his Eighth Amendment right to be free of cruel and unusual punishment, and his Fourteenth Amendment equal protection rights.

The focus of plaintiff's complaint is a pattern of alleged retaliatory activities by the defendants which were allegedly in response to plaintiff's filing of lawsuits and grievances. These actions are summarized as follows:

1. The issuance of a false disciplinary report by defendant Hager on February 15, 2001 for insolence and disobeying a direct order.
2. The assignment of the plaintiff to a smoking housing unit (Taylorville Correctional Center Number 2) despite a history of non-smoking unit assignments, causing him to suffer from the effects of second-hand smoke.
3. The denial of the opportunity to go to the dining hall on one occasion by defendant Hagar.
4. A transfer from Taylorville Correctional Center (CC) to Illinois River CC.
5. Being classified as a high escape risk due to charges of stalking female staff members at Taylorville CC.

In a June 11, 2004 Order, this Court winnowed and defined plaintiff's remaining claims as: 1) retaliation for pursuing grievances and lawsuits; 2) plaintiff's exposure to second-hand smoke at Taylorville Correctional Center violated his Eighth Amendment Rights; and 3) discrimination against the plaintiff based on his race.

Plaintiff seeks damages in the amount of ten million dollars.

## **UNDISPUTED MATERIAL FACTS**

1. On February 15, 2001 defendant Kirk Hager wrote plaintiff a disciplinary report for insolence and disobeying a direct order after plaintiff used obscenities toward the staff at Taylorville CC and refused to show his identification card. Plaintiff was subsequently found guilty of the offense at an adjustment committee hearing held on February 19, 2001, due in part to his partial admission of guilt. See defendants' exhibit A, affidavit of Kirk Hager; exhibit B, inmate disciplinary report dated February 15, 2001; exhibit C, Adjustment Committee Final Summary Report dated February 19, 2001; attached hereto and incorporated herein by reference.

2. On February 28, 2001, plaintiff was moved from the Taylorville Correctional Center's Housing Unit 5A to Housing Unit 2A due to problems plaintiff was having in Housing Unit 5. See defendants' exhibit D, plaintiff's grievance dated March 4, 2001; attached hereto and incorporate

2

3. On March 4, 2001, plaintiff grieved his move from Housing Unit 5A to Housing Unit 2A and requested a move to a non-smoking housing unit. Plaintiff was informed on March 8, 2001 that he had been placed on a waiting list for housing in a non-smoking housing unit, and on March 13, 2001 plaintiff was moved to Housing Unit Number 1, a non-smoking unit. See defendants' exhibit D.

4. On one occasion, plaintiff and several other inmates returned to Housing Unit number 1's control area from the Taylorville inmate law library. Defendant Hager directed the inmates to secure their books in their bed areas and return to the control area so Defendant Hager could send the inmates to lunch as a group. All of the inmates except plaintiff returned to the control area for lunch. After approximately ten minutes of waiting on the plaintiff, Defendant Hager sent the inmates to lunch. Approximately ten minutes later, plaintiff entered the control area and demanded to be sent to lunch. Defendant Hager refused. See defendant's exhibit A.

5. Plaintiff did not use the locked grievance box located outside Defendant Correctional Counselor Barbara Murray's office, choosing instead to deliver the grievances personally (complaint, p. 7). Subsequently, plaintiff made Defendant Murray very uneasy and looked for reasons to be in contact with her. Additionally, plaintiff was classified as a stalker and plaintiff refused sex offender treatment. See defendants' exhibit E, affidavit of Barbara Murray; exhibit F, July 30, 2001 e-mail note from Jennifer Ross to Jean Mahan; exhibit G, July 25, 2001 Mental Health Evaluation of plaintiff; attached hereto and incorporated herein by reference.

6. On August 8, 2001, plaintiff was transferred from Taylorville Correctional Center to Illinois River Correctional Center. This transfer was based solely on plaintiff's stalking behavior directed toward two female staff at Taylorville CC, and the transfer was

supported by Taylorville Mental Health Staff. See defendants' exhibit H, transfer report dated August 2, 2001; exhibit I, Administrative Review Board Response dated December 11, 2001; attached hereto and incorporated herein by reference.

7. On August 3, 2001, plaintiff's security classification was designated as medium. In determining that plaintiff's grievance of his security classification was without merit, the Administrative Review Board noted that plaintiff was serving ten years for Aggravated Criminal Sexual Assault, six years (consecutive) for Aggravated Criminal Sexual Abuse and three years (concurrent) for Unlawful Restraint. See exhibit I.

## APPLICABLE LAW

**I.   Summary Judgment**

Summary Judgment is proper if the pleadings, answers to interrogatories, depositions, and admissions, along with affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Only disputes over facts that might affect the outcome of the suit, under the governing law, will properly preclude the entry of summary judgment. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). In making this determination, the court is to draw inferences from the record in the light most favorable to the non-moving party. The court is not required, however, to draw every conceivable inference; rather, it may draw only those that are reasonable. DeValk Linclon Mercury, Inc. v. Ford Motor Co., 811 F.2d 326, 333 (7th Cir. 1986).

The Seventh Circuit clarified the standard further in Collins v. Associated Pathologists, Ltd., 844 F.2d 473 (7th Cir. 1988), cert. denied, 488 U.S. 852 (1988):

> The existence of a triable issue is no longer sufficient to survive a motion for summary judgment . . . the test for summary judgment is whether sufficient evidence exists in the pre-trial record to allow the non-moving party to survive a motion for directed verdict.  Id. at 476

The United States Supreme Court in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), established that a party moving for summary judgment can prevail just by showing that the other party has no evidence on an issue which the party has the burden of proof. Brazinski v. Amoco Petroleum Additives Co., 6 F.3d 1176, 1183 (7th Cir. 1993). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine" issue for trial. Mechnig v. Sears Roebuck & Co., 864 F.2d 1359 (7th Cir. 1988). The Plaintiff must come forward with evidence that would reasonably permit the finder of fact to find in Plaintiff's favor on a material question; otherwise, the court must enter summary judgment against the plaintiff. Waldridge v. American Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994); International Union of Operating Engineers v. Associated General Contractors, 845 F.2d 704,708 (7th Cir. 1988).

**II.    Retaliation**

An act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution. DeWalt v. Carter, 224 F.3d 607, 618 (7th Cir. 1999), *citing* Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274, 283-4, 97 S.Ct. 568 (1977).

"[T]he ultimate question [in determining the merit of a retaliation claim] is whether events would have transpired differently absent the retaliatory motive." Babcock v. White, 102 F.3d 267, 275 (7th Cir. 1996).

In evaluating a 42 U.S.C. § 1983 claim for retaliation, courts have applied a three-step analysis. First, it must be determined that the act taken by the plaintiff which led to the

5

retaliatory action was constitutionally protected.  Second, the plaintiff must establish that the act was a substantial or motivating factor in the retaliatory action.  Third, the defendant has an opportunity to establish that the same action would have been taken in the absence of the plaintiff's protected activity.  Spiegla v. Hull, 371 F.3d 928, 935 (7th Cir. 2004).

**III.    Inmate exposure to second-hand smoke in violation of the Eighth Amendment.**

The Eighth Amendment's prohibition against cruel and unusual punishment imposes upon jail officials the duty to "provide humane conditions of confinement" for prisoners. Henderson v. Sheahan, 196 F.3d 839, 844 (7th Cir. 1999) *citing* Farmer v. Brennan, 117 S.Ct. 1970 (1994).  Not every injury or depravation suffered by a prisoner equals a constitutional violation; only those which result from an official's deliberate indifference to a prisoner's serious illness or injury state a cause of action under the Eighth Amendment.  Id.

A viable Eighth Amendment claim must contain both an objective component (that is, a sufficiently serious deprivation) and a subjective component (that is, the disregarding by the official of a known risk to the prisoner).  Id. *citing* Farmer at 845.

Conditions such as breathing problems, chest pains, dizziness, sinus problems, headaches and a loss of energy, all suffered by an inmate as a result of exposure to second-hand smoke, are not sufficiently serious to amount to a denial of the "minimal civilized measure of life's necessities" required to state an Eighth Amendment claim.  Id. at 846.

**IV.    Racial discrimination in the prison disciplinary context.**

To make out a prima facie case of racial discrimination, an inmate plaintiff has to show a significant statistical disparity between African-Americans and Caucasians with respect to the prison's departures from its disciplinary norms.  Bush v. Commonwealth Edison Company, 990 F.2d 928, 932 (7th Cir. 1993).

6

**ARGUMENT**

I.  **THE DISCIPLINARY AND INSTITUTIONAL ASSIGNMENT ACTIONS TAKEN BY THE DEFENDANTS WERE NOT TAKEN IN RETALIATION.**

Plaintiff claims that the disciplinary actions taken by defendant Hager, his housing unit assignments, his transfer to Illinois River Correctional Center, and his security level classification were the result of retaliation for his filing of grievances and lawsuits.

Per <u>Babcock</u>, "the ultimate question [in determining the merit of a retaliation claim] is whether events would have transpired differently absent the retaliatory motive." Per <u>Spiegla</u>, the defendant has an opportunity to establish that the same action would have been taken in the absence of the plaintiff's protected activity; and if so, plaintiff's retaliation claim fails.

The plaintiff was ticketed on February 15, 2001 by defendant Hager not out of retaliation, but due to plaintiff's insolence. Plaintiff was subsequently found guilty of the offense by the prison Adjustment Committee. See undisputed material fact number 1. On February 28, 2001, plaintiff was moved from Taylorville CC's Housing Unit 5A to Housing Unit 2A due to problems he was having in Housing Unit 5. Plaintiff was subsequently moved to a non-smoking housing unit when he grieved his housing assignment and when space became available in a non-smoking housing unit. See undisputed material facts numbers 2 and 3. None of these actions were taken with retaliation in mind.

As explained in undisputed material fact number 4, plaintiff missed the opportunity to go to one meal due to his tardiness, not due to a retaliatory motive on the part of Defendant Hager.

Lastly, as described in undisputed material facts 5, 6, and 7, plaintiff's transfer to Illinois River CC and his security classification were due to his stalking of female and staff and his criminal convictions; a retaliatory motive for these actions was not present.

7

Assuming arguendo that a retaliatory motive was present, plaintiff has failed to show that without that motive, the disciplinary and institutional assignment actions that took place would not have occurred. Therefore, defendants are entitled to judgment as a matter of law in regard to plaintiff's retaliation claims.

## II. PLAINTIFF FAILS TO STATE AN EIGHTH AMENDMENT CLAIM FOR HIS EXPOSURE TO SECOND-HAND SMOKE.

Plaintiff claims his assignment to a smoking housing unit (Number 2) despite a history of non-smoking unit assignments caused him to suffer from the effects of second-hand smoke, including headaches, coughing and choking (complaint, p. 4).

Per Henderson, conditions such as breathing problems, chest pains, dizziness, sinus problems, headaches and a loss of energy, all suffered by an inmate as a result of exposure to second-hand smoke, are not sufficiently serious to amount to a denial of the "minimal civilized measure of life's necessities" required to state an Eighth Amendment claim. Therefore, defendants are entitled to judgment as a matter of law in regard to plaintiff's Eighth Amendment claims.

## III. PLAINTIFF FAILS TO STATE A CLAIM FOR RACIAL DISCRIMINATION.

Plaintiff alleges that the disciplinary and institutional assignment actions taken by the defendants were racially motivated.

Per Bush, to make out a prima facie case of racial discrimination, an inmate plaintiff has to show a significant statistical disparity between African-Americans and Caucasians with respect to the prison's departures from its disciplinary norms.

Plaintiff fails to show that Caucasian inmates who were insolent, late to meals, who stalked female staff members, or who had similar convictions were treated differently than the plaintiff, who is African-American. Therefore, defendants are entitled to judgment as a matter of law in regard to plaintiff's racial discrimination/equal protection claims.

WHEREFORE, for the aforementioned reasons, defendants respectfully request this honorable Court grant their motion for summary judgment.

Respectfully submitted,

JOHN BATTLES, JULIE BOHLER, MEL DROZS, JUDIE EGGELHOLF, ROBERTA FAIRBURN, BRUCE FISHER, DAVID FREEMAN, KIRK HAGER, DEBBIE SUE HAMM, MICHAEL KEITHLY, JEAN MAHAN, BARBARA MURRAY, GEORGE SCILLIA, DONALD N. SNYDER, LINDA STAMBAUGH, and ANNETTA VANHOOSIER,
    Defendants,

LISA MADIGAN, Attorney General,
State of Illinois,

 s/Eric J. Rieckenberg
Eric J. Rieckenberg, #6280995
Attorney for Defendants
Office of the Attorney General
500 South Second Street
Springfield, IL  62706
Telephone:  (217) 557-0261
Facsimile:  (217) 524-5091
erieckenberg@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| GREGORY HALE #K-60259, | ) |
| Plaintiff, | ) |
| -vs- | ) Case No. 03-3177 |
| JOHN BATTLES, et. al, | ) |
| Defendants. | ) |

_____

Certificate of Service

I hereby certify that on July 1, 2005, I electronically filed Defendants' Memorandum of Law in Support of Summary Judgment with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

and I hereby certify that on July 1, 2005, I mailed by United States Postal Service, the document to the following non-registered participant:

Gregory Hale
9337 South Merrill
Chicago, IL 60617

Respectfully submitted,

 s/Eric J. Rieckenberg 
Eric J. Rieckenberg, #6280995
Attorney for Defendants
Office of the Attorney General
500 South Second Street
Springfield, IL  62706
Telephone:  (217) 557-0261
Facsimile:  (217) 524-5091
erieckenberg@atg.state.il.us