

### OFFICE OF THE ATTORNEY GENERAL
STATE OF ILLINOIS

**Lisa Madigan**
ATTORNEY GENERAL

February 25, 2003

Gregory Hale, #K-60259
9337 South Merrill
Chicago, IL   60617

      Re:   *Hale v. State*
             *Court of Claims No. 99-CC-4565*

Mr. Hale:

Enclosed you will find the discovery ordered by Commissioner Rochford on January 30, 2003.

Be advised that since you are now in Chicago, I will be transferring your file to the Attorney General's Chicago Office.

B. Paul Taylor
Assistant Attorney General

BPT:dd
Enclosures

STATE OF ILLINOIS    )
                     )  SS:
COUNTY OF FULTON     )

## AFFIDAVIT

I, Gregory Hale, depose and states that as to the matters herein
, I am the AFFIANT in the above entitled cause; that I have read
the foregoing document, by my signature and that the statement
contained therein are true in substance and in fact to the best
of my knowledge;

That Illinois River Placement Office et, al, continues
deliberate indifference and dicrimination against Affiant do to
his litigation(pending) activities.

On 12-3-02, inmate Michael Smith #_____, was
granted another cell change(previously moved from 2-C-56 to 2-C16)
Once again the move was granted due to him and his cellee this time
Steve      #_____, not getting alone, arguemets, threats,
etc... daily. Note for the past 3 months me & my cellee have been
having the same problems but although many request from both me &
inmate Castanada #B56233, all have been ignore or denied in hope of
a fight or more where desciplinary actions will be taken against
me or both of us.

On  12-4-02, I spoke to Counselor Austin, about griv-
ience I filed about my personal property(damage to my t.v. that was
sabotage on 11-13-02, by my cellee or his friend inmate Black 2-C-29,
shortly following altercation I had arguements and threats from both
of them in which staff (Lt. Keithley/C/O FIFE interveen both bascly
ignored, complains since neither one of us wanted to walk ourself
or claim the other as a enemy(See griv) After Counselor Austin
reviewed the issues in my grivience he stated"so you want a cell
change?" I advised him to read griv. again cause that is not the
relief sought at  bottom of grivience. At this time he put his
reccomendations down "stating spoke with inmate griv. can't be re-
solve, forward to griv. ofc.  I next asked him why would he bring
a griv. to my cell that was written on my cellee? He said"he didn't
see it". I explain I know cause an inmate told me you had it in
your hand when you came to my cell, and that your actions are/
were very unwise and unprofewssional. He agreed shaking his head
yeah.  I then told himbesides when I mailed griv. to you I asked
you specificly to write your response & send it to griv. Officer
Drew Just(At this time he ripped my griv. at the bottom sayingXXX
oops, I told him that was normal since I've been filing grivs at
IL River the always get torn or bald up, I thank him then left out
of his office

Concerning this entire incident's I've complained in writing
or in person to the following staff & Supervisor indiwiuals at IL
River C.C.

1.  C/O FIFE; &  2. C/O Bosco. 3. C/O Simmons. 4. Sgt. Herrod.
5.  Lt. Keithley:  6. Counselor Anita Slaughter:  7.  C/O Bridges:
8.  Lt. Sanders at legal mails pick up 12-2-02: 9. Grivience
Officer Drew Just multi times:   10. Placement/Assignment Officer
Ms. Staumbaugh multi request & in person from both me my cellee
and inmate Wallace of 2-C-53:   11. Lt. Brantley 3-11 shift inter-
viewed me in R.U 2 Lt's Office in Nov.  12.  Cpt. McGrew in perso
multi times in R.U. & dietary.  13. Cpt. Ward , interviewed mutli
times in Cpt Office in Nov.  Oct & Dec. he sent recommendation
multi times to Placement Office.


[EXHIBIT A 1]

**Illinois Department of Corrections**
COMMITTED PERSON'S GRIEVANCE REPORT

| Date: 10-4-01 | Committed Person: (Please Print) Gregory Hale | ID #: K-60259 |
|---|---|---|
| Present Facility: Illinois River C.C. | Facility where grievance issue occurred: | I.R.C.C. Taylooville |

**NATURE OF GRIEVANCE:**

| | | |
|---|---|---|
| ☐ Personal Property | ☐ Mail Handling | Transfer Denial: |  ☐ Disability |
| ☒ Staff Conduct | ☐ Dietary | ☐ By Transfer Coordinator | ☒☒ Other |
| ☐ Restoration of Good Time | ☐ Medical Treatment | ☐ By Institution | Retalitory |
| ☐ Disciplinary Report – Date _____ | | Where Issued: | Transfer/A.R.B. Response |

TRANSFER CORDINATOR:

**PAGE 1** - Committed person completes and sends to counselor who completes counselor response and returns to committed person. Committed person then decides whether or not to forward to Grievance Officer. Grievances on discipline go directly to Grievance Officer.

**PAGE 2** - Grievance Officer completes, forwards to CAO; CAO responds and returns to committed person. Committed person then decides whether or not to forward to ARB.

**THIS FORM IS NOT USED FOR PROTECTIVE CUSTODY DENIALS.**

Brief Summary of Grievance:

I grivied being sent to IR.C. without just cause. After receiving my answer from A.R.B. member Shelia Love, she basicly stated that my grivience is being denied due to the fact the transfer waa approved by the Transfer Cordinator/Julie Eggnoff. This have to be an obvious mistake, due to the fact that my secuirty level was raised without proper cause that resulted me being shipped to I.R.C. a med. max. security prison. As I was advised by many staff(I.D.O.C) members including counselor Glenn Putman this is a wierd situtation cause never were I ever given any IDR or a disciplinary action period as I stated in original grivience filed on 8-10-01. More importantly, my secuirty level was raised from 3 AL to @2A L over night,without an adequate reason other than RETALIATION for my Constitutional protected Legal-Activities(pending Civil Claims against The IL Dept. of Corrections). Finally, the denial stated "bed-space" for the transfer as well. T.C.C. staff & the Transfer Cordn. has violated my due process rights as a result of this transfer. See attached A.R.B. response.

Relief Requested: Inconclusion, I'd multi issues in griv. and Mrs. Love failed to answer them all. TO BE SHIPPED BACK TO A MINIMUM SECUITY PRISON(EAST-MO LINE 1st Choice)TO BE PLACED BACK IN 3 AL,AND A VISIT BY A.R.B IF REQUESTED RELIEF ISN'T GRANTED. A PROMPT TRANSFER BEFORE I.R.C. GOES ON 18 & 6,



**Illinois**
Department of
**Corrections**

[EXHIBIT A 2]

**George H. Ryan**
Governor

**Donald N. Snyder Jr.**
Director

1301 Concordia Court / P.O.Box 19277 / Springfield , IL. 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

## MEMORANDUM

DATE: _10-16-01_ -2004

TO: _Gregory Hale_       _K60025-9 R3A12_

_Bl. Levier_ C.C.

FROM: Administrative Review Board, Office of Inmate Issues—_fist_

Nature of Grievance/Correspondence: _Transfer Placement_

_____ Date Received: _10-9-01_ -2004

The attached is being returned for the reason(s) listed below:

_____ MGT/SMGT is an administrative decision; therefore, issue will not be addressed further.

_____ Personal property issues are to be reviewed at your current facility prior to review by the ARB.

_____ Contact your correctional counselor.

_____ Need to provide Grievance Officer's report and/or send G.O.'s final report.

_____ Use proper Committed Person's Grievance Report form (DC 5657).

_____ Provide date(s) of disciplinary report (s) and institution where incident(s) occurred.

_____ Not submitted in the timeframe outlined in Department Rule 504; therefore, issue will not be addressed further.

_____ Request restoration of GCC to Adjustment Committee. If request is denied, utilize the inmate grievance process for further consideration.

_____ Unable to determine nature of grievance/correspondence. Submit additional specific information.

_____ Contact the Record Office with your request and/or additional information.

✓ No justification for additional consideration.

_____ Address concerns to Illinois Prisoner Review Board, 319 E. Madison St., Suite A, Springfield, IL 62706.

✓ Other: _This issue was addressed_
_9-25-01._

DC710-1274
IL426-23188
Eff. 2/99

EXHIBIT A 3   1 of 2

Illinois Department of Corrections
COMMITTED PERSON'S GRIEVANCE REPORT

| Date: 8-16-01 | Committed Person: (Please Print) **Gregory Hale** | | ID #: K-60259 |
|---|---|---|---|
| Present Facility: Ill. River C.C. | Facility where grievance issue occurred: Taylorville C.C. | | |

**NATURE OF GRIEVANCE:**

| | | | |
|---|---|---|---|
| ☐ Personal Property | ☐ Mail Handling | Transfer Denial: | ☐ Disability |
| ☒ Staff Conduct | ☐ Dietary | ☐ By Transfer Coordinator | ☒ Other |
| ☐ Restoration of Good Time | ☐ Medical Treatment | ☐ By Institution | Retalitory Transfer. |
| ☐ Disciplinary Report – Date _____ | | Where Issued: | |

Where Issued: Conspired by staff/C/O's etc
memebrs. B. Murray, J. Mahan,
Grievances on discipline go directly to Grievance Officer.   A. Vanhooser/Mel Drozs, et l.

PAGE 1 - Committed person completes and sends to counselor who completes counselor response and returns to committed person. Committed person then decides whether or not to forward to Grievance Officer. Grievances on discipline go directly to Grievance Officer.

PAGE 2 - Grievance Officer completes, forwards to CAO; CAO responds and returns to committed person. Committed person then decides whether or not to forward to ARB.

**THIS FORM IS NOT USED FOR PROTECTIVE CUSTODY DENIALS.**

Brief Summary of Grievance:

~~On 8-15-01, I was finally able to see the counselor after 1 wk.~~ at Il R.C.C. at about 2p.m. I was seen by Glenn Putman, that checked the computer and gave me the reason/I.D.O.C./T.C.C. transferred me.Which was starking behavior. This is Totally false, I never stalked any one at no time this is just a poor excuse for a retalitory transfer that was imposed by T.C.C. staff. Nor did I receive any IDR. This is a clear violation of ILL Adm. Proc. Sec. 504.80 & 503.140, and is a violation of my due proc. rights. For I.D.O.C. to impose this outragious false statement has damage ~~my reputation and is slanderous~~ that was imposed do to persisting on ex- cering my protect right to assist other in Post Trial Remedies as well ~~as their condition of confinement(bogus tickets etc).~~ Note: weeks prior to this transfer counselor Barababer Murray had made on 2 different occas- sions derogatory remarks stating, "Mr. Hale another griv. I see you have a problem with writing grivs. well going to have to see what we can do to raise/lower your security level". Next proof I've affidait in support that Librarian Mel Drozs has stated on various occasions to C/O Brooks "everyone that has written a griv. on this Library has been transferred to another prison, mostly higher secuirty level so far accept one person" then named me Mr. Hale . Prior and since this stement I've been receive harrassment and 1 bogus IDR from Librarian Annette C. Vanhooser that has only been employed at T.C.C. for the past 2 months, all regular lib. goer will back me in this allegation. So if you witneeses I'll be glad to provide em. The next person that is part of this conspiracy to harrass me impose false ~~tickets on me other than many C/O's~~ is Psychologist Jean Mahan. A week following these threats from counselor Murray, I was sent a call-pass to ~~see her in which she was extremely disrespecful and asked how would I like~~ a Transferr to here & _____ , after checking the computer she seen that I'd been there. ~~At this point she began to slander me~~ as if she were a State's Attorney or if I was her child, staing " I belive you commit your ~~offense and when you get out your going to commit this offense again, at this~~ time I stopped her, stating "I still contends my innoncense and that my Appeal is still active, and how long have you been a psycologist?" she ~~stated~~ stated 11 years at T.C.C. and 21 years Total." Upon ~~days following I learn~~ that she verbal harrassed another inmate in the same way.(Upon request I'll be glad to give you his info.). ~~Inconelusion, after~~ a review of my IDR file and my griv. file your see my allegation is true. 5 false tickets/IDRS in 6 months 3 of em I got exspunged a 4 was recommen- to be exspunged, in which 1 griv. the other one was from a C/O that ~~stated~~ he wrote it falsely in front of many witness that who

Relief Requested:

EXHIBIT A 3

**2 of 2**
Illinois Department of Corrections
COMMITTED PERSON'S GRIEVANCE REPORT

| Date: 8-16-01 | Committed Person: (Please Print) Gregory Hale | ID #: K-60259 |
|---|---|---|
| Present Facility: IL. R.C.C. | Facility where grievance issue occurred: Taylorville C.C. | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Restoration of Good Time
- [ ] Disciplinary Report – Date _____

- [ ] Mail Handling
- [ ] Dietary
- [ ] Medical Treatment

Transfer Denial:
- [ ] By Transfer Coordinator
- [ ] By Institution
- Where Issued: _____

- [ ] Disability
- [x] Other

**Retalitory Tran fer etc.**

PAGE 1 - Committed person completes and sends to counselor who completes counselor response and returns to committed person. Committed person then decides whether or not to forward to Grievance Officer. Grievances on discipline go directly to Grievance Officer.

PAGE 2 - Grievance Officer completes, forwards to CAO; CAO responds and returns to committed person. Committed person then decides whether or not to forward to ARB.

**THIS FORM IS NOT USED FOR PROTECTIVE CUSTODY DENIALS.**

Brief Summary of Grievance:

Additional deprivation injustice that I wrongfully incur-
red, on 8-7-01, I reported to the Taylorville Law. Lib. on a call
pass, my security level read on pass 3 AL,  On 8-12-01, I reported
to the Law Library at IL. R.C.C. my security level read 2A L, this
is TOTALLY bozar and have been impose "deliberately indifference".

I'm requesting an interview upon reviewing this griv. from a member
of the A.R.B. unless relief sought is granted.

Relief Requested: To know the person who imposed this false charge on me. To be
put back in 3 AL in which I was deceptively lower to 2 AL. To
be compensated for the physical, emotional and mental anguish I
incurred for unsaid amount at this time.  For I.D.O.C. staff et,al.
to stop exercising retaliatory actions against me. To be transferred
to East Moline Minimum C.C. at earliest possible date.

COUNSELOR'S RESPONSE



EXHIBIT A 4

**Illinois**
**Department of**
# Corrections

**George H. Ryan**
Governor

**Donald N. Snyder, Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844


RECEIVED
OCT 0 9 2001
OFFICE OF
INMATE ISSUES

September 25, 2001

Gregory Hale
Register No. K60259
Illinois River Correctional Center

Dear Mr. Hale:

This is in response to your grievance received on August 20, 2001, regarding Staff Conduct (Taylorville Correctional Center staff, B. Murray, J. Mahan, A. Vanhooser, M. Drozs), which was alleged to have occurred at Taylorville Correctional Center. This office has determined the issue will be addressed without a formal hearing.

It is noted that your transfer to Illinois River Correctional Center occurred on August 8, 2001 was approved by the Transfer Coordinator's Office with the rationale, "bedspace needs."

In accordance with Department Rule 504.850, this office has determined that the grievance is without merit; therefore, no action will be taken.

FOR THE BOARD: _____
Sheila M. Love
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Donald N. Snyder, Jr.
Director

cc:    Warden John C. Battles, Illinois River Correctional Center
       Gregory Hale, Register No. K60259
       Chron. File

EXHIBIT A 5    Illinois Department of Corrections
COMMITTED PERSON'S GRIEVANCE REPORT    R2-A-17

| Date: Sept 21, 2001 | Committed Person: (Please Print) Gregory Hale | ID #: K-60259 |
|---|---|---|

| Present Facility: Illinois River C.C. | Facility where grievance issue occurred: Illinois River C.C. |
|---|---|

**NATURE OF GRIEVANCE:**

☐ Personal Property     ☐ Mail Handling     Transfer Denial:     ☐ Disability

☒ Staff Conduct     ☐ Dietary     ☐ By Transfer Coordinator     ☒ Other

☐ Restoration of Good Time     ☐ Medical Treatment     ☐ By Institution     Security/Arrest

☐ Disciplinary Report – Date _____     Where Issued: Date unjustly altered etc.

**PAGE 1** - Committed person completes and sends to counselor who completes counselor response and returns to committed person. Committed person then decides whether or not to forward to Grievance Officer. Grievances on discipline go directly to Grievance Officer.

**PAGE 2** - Grievance Officer completes, forwards to CAO; CAO responds and returns to committed person. Committed person then decides whether or not to forward to ARB.

**THIS FORM IS NOT USED FOR PROTECTIVE CUSTODY DENIALS.**

Brief Summary of Grievance:

I'm grieving that, 1. I was transferred from a MIN. prison(T.C.C) to I.R.C.C. in retaliation for filing a Civil Rights Complaint & my daily assisting many inmates challenging their condition of confinement & Post Trial Remedies. The transfer occurred on 8-8-01. In which I was never given a answer from the Counselor B. Murray, many C/O's Carver, Lt's personal property Officer B Of I Lt's etc. to why and where I'm being transferred until I actually got on the bus(this is unusual and all other transfers on that day and any given day always no there place of transfer). After arriving at I.R.C.G. 3 weeks after waiting to see a counselor than I was informed by Counselor Glenn Putman of H.U #2 that the reason for my transfer was Starking Behavior. I explained that this is a cover up for the RETALITORY TRANSFER, basicly he agreed after leraning that I never received any IDR or any other disciplary actions(this in itself is in violation of I.D.O.C. Adm Code 504 F). Next I learn my security level was raised from 3 A LL to 2 A L & 2 M, this was also retaritory cause on 8-7-01, while visiting the T.C.C. Law Lib. my security level was 3 A L which is the lowest level possible. Today on 9-21-01, I was visiting the counselor Putman and we learn that it had been partially lower to 2 AL, he also advised me that the only way to get back into my rightfully level was to file a griv. due to again never where you disciplined for anything to lead you to be housed at a Medium Max. prison that is weird etc. Next, deprivation I unjustly suffered, I received a Blue I.D.=A escape risk according to staff accidently due to a pending case I've in Chrisitian County which is a Petiton Of Habeas Corpus due to they're the defendants and that I personally served a copy of Petition to Warden Groesch my file should had showed that. The I.D. was issued on 8-30-01, from B Of I altho it incorrectly states issued on 8-20-01/I.R.C.C. Final, my Arrest date has been alter by 1 year after arriving at I.R.C.C. in which it has been the same incorrect date thru out my entire incarceration . Prior to my transfer I was told by counselor Murray and others that on 10-19-01, that that they could put me in for my first 90 days of Meritous Good-time, due to this intentional alter I'll have to wait an additional year unless I get it corerected thru the courts before then. To verify this all that is needed is a review of my Sentence Caloulation Sheets. Due, to these many injustices I've suffered many inmeasureable damages, physical, mental anquish, embarrassment, harrassment and stress and have lost many hours of need slepp, wondering what kind of stunt/discriminatory action is I.D.O.C. et, al staff is going to pull next ?

Relief Requested: My arrest date to be correct in I.D.O.C. computer as it indicate prior to transfer on 8-8-01. To be placed back in # 3A L. 3. An interview with Records Office Supv. Julie Bohler. 4. To be put in for my first 90 days of M.G.T. on time less then 1 month from today. Know the names of I.D.O.C that place false charges on me from T.C.C. To be transferred to East Moline Min. C.C. A.S.AP. No more Retaliation from staff. To be present when this grievence is being answered.

**COUNSELOR'S RESPONSE**

| Side 2 |
| --- |

**GRIEVANCE OFFICER'S REPORT**

Date Received: 10-4-1    Date of Review: 10/8/1    #01-499

Committed Person: Hale, Greg    R2A17    Number: K60259

Nature of Grievance: inmate grieves transfer to IDOC from Taylorville CC 8/8/1,
Escape Risk Status, Security Status, Sentence calculation (arrest
date, alleges staff misconduct in all of this.

inmate's complaint read and reviewed. The Transfer of the
inmate was made at the prerogative of the IDOC. The
Record Office staff have officially inquired regarding a
verification of the arrest date. The inmate will be advised
by that staff upon final determination. MGT awards are
made at the descretion of the Agency and should it
be determined that the inmate is an appropriate
candidate for review, such review will occur at a time
decided by the Agency. The inmate's Escape Risk designation
is now Low and he may request a Security review in
Feb. 2002.
Staff misconduct is not substantiated.


Recommendations: Grievance be denied.


Grievance Officer _____ 10/8/01    J. Holek
                    Signature              Print Name

**CHIEF ADMINISTRATIVE OFFICER'S RESPONSE**

Date Received: 10/10/01    ☑ I concur    ☐ I do not concur    ☐ Remand

Comments:


_____ Battes    10/10/01

EXHIBIT A 7

(c) At the time of any sentencing which results in the imposition of any term of incarceration with the Department, the State's Attorney shall provide the victim with written notification that the victim or a family member of the victim at any time may notify the Department in writing of the person's desire not to receive correspondence from the inmate convicted of the offense against the victim. The notification provided by the State's Attorney shall inform the victim of the following:

(1) that it is the duty of the person desiring not to receive correspondence under this Section to notify the Department of any change of address if the person wants the restriction on mail to apply after a change of address; and

(2) that the notice to the Department is to include the name of the person incarcerated, the name and number of the case resulting in the incarceration, and the inmate number, if known.

The State's Attorney shall assist the victim in obtaining this information at any time during the incarceration.

(d) The Department shall notify the inmate that the victim or members of the victim's family have provided notice to the Department that the persons do not wish correspondence from that inmate during the incarceration.

P.A. 77–2097, § 3–8–7.5, added by P.A. 88–331, § 5, eff. Jan. 1, 1994.

## 5/3–8–8. Grievances

§ 3–8–8.  Grievances.  (a) The Director shall establish procedures to review the grievances of committed persons. The Director may establish one or more administrative review boards within the Department to review grievances. A committed person's right to file grievances shall not be restricted. Such procedure shall provide for the review of grievances by a person or persons other than the person or persons directly responsible for the conditions or actions against which the grievance is made.

(b) Such procedures shall provide that a record of such grievance and any decision made with respect to it shall be preserved for a period of one year.

(c) Such procedures shall allow committed persons to communicate grievances directly to the Director or some person designated by the Director outside of the institution or facility where the person is confined.

(d) All committed persons shall be informed of the grievance procedures established by the Department and they shall be available to all committed persons.

(e) Discipline shall not be imposed because of use of the grievance procedure.

P.A. 77–2097, § 3–8–8, eff. Jan. 1, 1973.
**Formerly** Ill.Rev.Stat.1991, ch. 38, ¶ 1003–8–8.

### Council Commentary

*Revised in 1973 by Robert Kent Scott*

**Summary:** Requires the Director to establish a grievance procedure for all committed persons in the Adult Division.

**Former Law:** The Department was required under former law to inquire daily into the treatment of committed persons and into "the justice of any

# / designations assigned to facilities

## ress inmate classification, safety and standardization

)
ard
en
The
tor
it-
y's

icy's
ult,
ons
ed to

era-
large,
a
ates
ord-
ls are
ty of
pro-
ula-
h

im
olled
it the

ass all
yder
ws,
nine
ysical

l cen-
is part
d
transi-

es
organ-
nder-

---

# DOC's new security levels

### Level 1 - Maximum Security

Dixon Psychiatric Unit
Dwight Correctional Center
Joliet Correctional Center
Menard Correctional Center
Pontiac Correctional Center
Stateville Correctional Center
Tamms Correctional Center
Thomson Correctional Center

### Level 2 - Secure Medium Security

Hill Correctional Center
Lawrenceville Correctional Center
Pinckneyville Correctional Center
Western Correctional Center

### Level 3 - High Medium Security

Big Muddy River Correctional Center
Danville Correctional Center
Dixon Correctional Center
Dixon Special Treatment Center
Illinois River Correctional Center
Menard Medium Security Unit
Pontiac Medium Security Unit
Shawnee Correctional Center

### Level 4 - Medium Security

Centralia Correctional Center
Decatur Correctional Center
Graham Correctional Center
Logan Correctional Center
Sheridan Correctional Center

### Level 5 - High Minimum Security

Jacksonville Correctional Center
Lincoln Correctional Center
Robinson Correctional Center
Taylorville Correctional Center

### Level 6 - Minimum Security

East Moline Correctional Center
Southwestern Correctional Center
Vandalia Correctional Center
Vienna Correctional Center

### Level 7 - Low Minimum Security

Clayton Work Camp
Dixon Springs Impact Incarceration
  Program
DuQuoin Impact Incarceration
  Program
East Moline Work Camp 1
East Moline Work Camp 2
Green County Impact Incarceration
  Program
Hanna City Work Camp
Hardin County Work Camp
Ed Jenison Work Camp at Paris
Kankakee Minimum Security Unit
Pittsfield Work Camp
Springfield Work Camp
Stateville Minimum Security Unit
Tamms Minimum Security Unit
Vandalia Work Camp

### Level 8 - Transitional Security

Crossroads Adult Transitional Center
Decatur Adult Transitional Center
Fox Valley Adult Transitional Center
Jessie Ma Houston Adult Transitional
  Center
Joliet Adult Transitional Center
Metro Adult Transitional Center
Peoria Adult Transitional Center
Southern Illinois Adult Transitional
  Center
Urbana Adult Transitional Center
Winnebago Adult Transitional Center
West Side Adult Transitional Center

**THIS GRIV. WILL BE USED IN CIVIL COURT PROCEEDINGS:**
Illinois Department of Corrections
**COMMITTED PERSON'S GRIEVANCE REPORT**

EXHIBIT A 8

| Date: 3-4-01 | Committed Person: (Please Print) Gregory Hale | | ID #: K-60259 |
|---|---|---|---|
| Present Facility: Taylorville | | Facility where grievance issue occurred: Taylorville | |

**NATURE OF GRIEVANCE:**

| | | | |
|---|---|---|---|
| ☐ Personal Property | ☐ Mail Handling | Transfer Denial: | ☐ Disability |
| ☒ Staff Conduct | ☐ Dietary | ☐ By Transfer Coordinator | ☒ Other |
| ☐ Restoration of Good Time | ☐ Medical Treatment | ☐ By Institution | Inhalation of |
| ☐ Disciplinary Report – Date _____ | | Where Issued: | 2nd hand smoke in Dorm/cell/bed area/ |

**PAGE 1** - Committed person completes and sends to counselor who completes counselor response and returns to committed person. Committed person then decides whether or not to forward to Grievance Officer. Grievances on discipline go directly to Grievance Officer.

**PAGE 2** - Grievance Officer completes, forwards to CAO; CAO responds and returns to committed person. Committed person then decides whether or not to forward to ARB.

**THIS FORM IS NOT USED FOR PROTECTIVE CUSTODY DENIALS.**

Brief Summary of Grievance:  Note; On H.U. 5A, I was exping Retalition by P.P. (inmates, members by giving false reports on me to staff etc...

On 2-28-01, I was moved from 5A, where there is no smokeing in bed area to 2A, where aprox. 18 inmates that sleep in that dorm(2) are heavy compulsive smokers. Furthermore, smoking is permitted in dorm in bed area. By this rule it has caused me constant dizziness and coughing for the past 5 days, and exposes me to second hand smoke daily, with the affect of developing lung cancer or some other related form of cancer. T.C.C. is aware of me being a nonsmoker, thru my medical filed as well as by the request I sent in to the Placement Office that has put me on the waiting list to be housed in H.U. #1 NONSMOKING UNIT. As an alternative they could had placed me on one of the H.U.'s such as 5B where smoking is not allowed. -in bed area. I've have been choking and expeiring other health problems since housed on this unit. On 5A limited me only asset to my bedarea do to the day room heavy loads of smoke , now I have no refuge at all. Note; Prior (this has caused me unending physical and mental suffering/anquish) to being moved from H.U. 5A I put in many request to the Counselor that was in person, to H.C.U.A., Placement and last to CAO W. G.phd, to be moved A.S.A.P. to H.U. #1, and my last request to CAO was for an alternative of

Relief Requested: any other H.U. other than H.U. 2. This appears to be just another Retalitory act by Taylorville C.C./I.D.O.C. for my present Civil Law Suit against them.
R.S. TO ME MOVED TO H.U. 1 ASAP, To be screen for cancer FOR THE BOGUS IDRS and OTHER RETALIATION TO STOP.

EXHIBIT A 9

## TAYLORVILLE CORRECTIONAL CENTER
### INMATE REQUEST

DATE: _2 - 8 - 01_    TO: _PLACEMENT OFF._

PLEASE REFER TO ORIENTATION MANUAL AND ADDRESS FORM TO PROPER PERSONAL:
FORM MUST BE COMPLETED PROPERLY OR WILL NOT BE HONORED:

INMATE'S NAME: _G. Hale_ $^{NS}$    INMATE'S NUMBER: _K-60259_

LIVING UNIT: _5A  5-2 LBP_    WORK ASSIGMENT: _Med-UNassign_

SHIFT: _N/A_    DAYS OFF: _N/A_

°°°°°°°°°°°°°°°°°°°°°°°°°°°CHECK ONE OF THE FOLLOWING°°°°°°°°°°°°°°°°°°°°°°°°°°°°

I WISH BE INTERVIEWED REGARDING: _____

_____

_____

_____

AN INTERVIW IS NOT NECESSARY, BUT I WOULD LIKE: _____
_※ To Be hewse on H-U #1_
_SMoke has been causing me nuzia, and_
_headaches, your immediate_
_respanse is needed, Thank you_

**INMATE'S SIGNATURE**

***********************DO NOT WRITE BELOW THIS LINE***********************

REMARKS BY STAFF MEMBER CONDUCTING INTERVIEW OR ACTING ON REQUEST:
_on computer - non smoker_

_____

_____

DATE: _02-15-01_    **STAFF MEMBER SIGNATURE**



**George H. Ryan**
Governor

**Donald N. Snyder, Jr.**
Director

**Illinois** [EXHIBIT A 10]
**Department of**
**Corrections**

Illinois River Correctional Center / P.O. Box 999 / Rt. 9 West / Canton, IL 61520 / Telephone: (309) 647-7030
FAX: (309) 647-0353 / TDD: (800) 526-0844

## MEMORANDUM

**DATE:**     December 28, 2001

**TO:**       Hale, Gregory, K-60259
              R3-A-12

**FROM:**     John Holak, Grievance Officer
              Illinois River Correctional Center

**SUBJECT:** Grievance # 01-641, Addendum

This addendum is written to finalize Grievance # 01-641 regarding Librarian Hamm and the Law Library. The grievance was referred to Library Supervisor, Ola Brown for review ad response. The Library Supervisor indicates the following:

1. Library staff is required to scan all material, legal and educational, prior to photocopying to verify the content.

2. Call Passes were not issued for Dec. 2 and Dec. 3, 2001 because the request did not come in until Dec. 3rd. Inmate Hale is recorded as being in the Library on Dec. 5, 6, & 7th, 2001, which allowed ample time according to the court and Library guidelines.

3. Photocopies are made for inmates on both weekends and weekdays if the inmate requests them on time, and can show a need for them. These copies are on loan to the inmates for a period of two weeks.

4. Library staff does monitor the law clerks to the extent of their responsibilities.

5. Typewriters are furnished to the inmates as a privilege. Two typewriters are available for use in the Library and correction tape is available.

It appears that staff misconduct is not substantiated and that the Library Supervisor confirms that Library services are being appropriately provided. It is recommended that the grievance be denied.

Concur, John C. Battles, Warden        Do Not Concur, John C. Battles, Warden
JH/jrm

TO: JOHN HOLAK, GRIV OFFICER
RE: GRIV. # 01-641, ADDENUM
DATE: JANUARY   , 2002


EXHIBIT A 11

FROM: G. HALE
I.D.O.C.#K60259
IL RIVER C.C.

Grivence Officer Holak, this letter is in response to ADDENUM YOU SENT ME DATED Dec. 28, 2001.
Pursuant to the Grivience I filed concerning the Law Libarary inadequate procedure etc(Librarian
DEBBIE SUE HAM).

First I requested to be present at the time this griv. was going to be answered, so that I could
provide more proff, clarification, documentation & witnesses is support of my grivience. This was
denied, with no apparent good reason other then to denjy me relief on the multi meritious complaints
that were raised. Libarians are require to <u>scan</u>— legal etc photo-copying material but what libarian
Ham does is <u>reads it word for word</u>  the material from start to finish. This is clearly not
scanning. Second the dates in Griv. that I complained of not receiving a call pass, libary was call
for the inmates in my H.U. #3 cause that is what prove that Ham had retaliated and kept her words
when she stated "this is going to cause you to have some of yopur library priviledge taken away" that
in fact occur, had I turn in griv. to counselor Walters immediately priviledges would have been
denied longer. The very next day after I turn in  griv. to Walters that evening I received a call
pass for the very next day.  More specificly the time that library was called these days were at 12-3 & 4-01:
205p.m. & 500p.m. So who ever provide you with this false info. is just trying to protect staff memeber
Ham et, al.

Third, if Law Clerks were properly monitored then why are they continueing to provide inmates with
misleading, false legal advise. IN SUPPORT OF THIS ALLEGATION review my MASTER FILED and you'll
see that I'm very knowledgeable of the legal system/Post Trial Remedies. Finnally the typewriters
may be in fact furnished to inmates to inmates as a priveledge, but where do the funds come from?
Last I checked I was told the funds are taken away from the inmates benifit funds. Next, I never
argued that there were no typewriters in grivs. What my complaint dealed with was the malfuctioning
of the typewriters, specificly the key pad misprints or doesn't  print on typewriter #1 you could had
easily visited the Library for your self and inspected typewriters, instead you just gave me an
unadequate answer/respinse. Both typewriters do in fact have typewriter correction tape keys, but
Library staff have decided not to provide the  correction tape that the machine was made for. So
inmates preparing legal work are forced to stop and walk oevr to Hams desk to ask to use manual correction
tape then must wait until she becomes unbusy. Due to most Lib. Hrs are 1 hr. this clearly shows "deliberate
indifference' when library staff can simply provide the required correction tape for the typewriter.
The issue concerning no library schedule availuable was never address, and yet still today inmates must
wait until they receive call pass the night before inorder to know when library will be called.
THE STAFF MISCONDUCT IN GRIV FILED ON LIBRARY PROCEDURE IS NOT SUBSTANTIATED AND O'COURSE LIBRARY STAFF
AND ALL STAFF ARE GOING TO DENY THEIR DELIBERATE INDIFFERENCES EIC.
C.C. filed; CAO. JOHN C. BATTLES/WARDEN
ADM. REVIEW BOARD
DONALD N. SNYDER
ACADEMIC SUEV., OLA BROWN

Gregory Hale #K60259

EXHIBIT A 12

**Illinois Department of Corrections**
**COMMITTED PERSON'S GRIEVANCE REPORT**

| Date: 3-4-01 | Committed Person: (Please Print) | | ID #: K-60259 |
|---|---|---|---|
| Present Facility: | Gregory Hale | Facility where grievance issue occurred: T.C.C. | |

**NATURE OF GRIEVANCE:**

| | | | |
|---|---|---|---|
| ☐ Personal Property | ☐ Mail Handling | Transfer Denial: | ☐ Disability |
| ☒ Staff Conduct | ☐ Dietary | ☐ By Transfer Coordinator | ☒ Other |
| ☐ Restoration of Good Time | ☐ Medical Treatment | ☐ By Institution | M. Droz.charge |
| ☐ Disciplinary Report – Date _____ | | Where Issued: _____ of 10¢ per side on | |

legal-copies:

PAGE 1 - Committed person completes and sends to counselor who completes counselor response and returns to committed person. Committed person then decides whether or not to forward to Grievance Officer. Grievances on discipline go directly to Grievance Officer.

PAGE 2 - Grievance Officer completes, forwards to CAO; CAO responds and returns to committed person. Committed person then decides whether or not to forward to ARB.

**THIS FORM IS NOT USED FOR PROTECTIVE CUSTODY DENIALS.**

Brief Summary of Grievance:

Since my incarceration at T.C.C. 1-24-01, I have exp.

unprofessional and unethical conduct from Libririan Mr. Droz.  First he

makes it just about mandatory to make me say please when asking for a

legal envelope, many times after I have spent money on many copies.etc..
Second library hours are cut alot with any formal notice to inmates work-
on timely legal-work.  Thirdly, he made some derogatory statement to an
inmate(Jerome Williams of H.U.5A) suggesting that I'm charging him for my
legal assistance, in helping him prepare divorce petition. At time of copy-
ing Droz asked Williams who helped you with this?Williams replied "    "
me more or less cause prior to him getting copies we were working on it
in front of Mr. Droz for atleast a half of hour and plus Mr. Williams
money voucher was typed  by me in the way I make out all my vouchers.
Droz goes "how come you didn't go to the law clerk he would had gave you a
better deal"  Implying that I charge Williams for my help in which I didn't
't.  This clearly indicates Mr. Droz is trying to set me up with out
cause.
     Note; Droz is also aware of the § 1983 Civil Complaint I just filed
with the Central Dist. Ct. against I.D.O.C. that cost me about $50, in
legal-copies. That bring me to the final  complaint at this time, Why am
I and other being charged 10¢ per side when only 1 piece of paper is used.

And when are copies going to go down to 10¢ a copy since I got my first

copy about a month ago per Droz "we are just waiting for the CAO Walter

Groestch Phd to sign off on it".  How long is it going to take for this

signing out on. ‖Library also needs atleast 1 electric typewriter for inmates
              legal preparation work‖

Relief Requested:

R.S. To hire Mr. Droz some help/assistance in Law Lib. To be refunded 1/2
of the amount of money that I was over charged for 2 copies for 1 sheet
of paper. The CAO to sign off of copies reduction. I.D.O.C. to stop the

**COUNSELOR'S RESPONSE**    deliberate indifferen

STATE OF ILLINOIS )
                  ) SS:
COUNTY OF CHRISTIAN)

### AFFIDAVIT

I, Gregory Hale #K-60259, depose and state that as the
matters herein, I am the Affiant in the above entittked
cause; that I have read the foregoing documents; by my
signature and that the statements cbntained therein are true
in substance and in fact.

On 4-19-01, at aproximately 8:30am I reported
to the institution's(Taylorville C.C.) Law Library. Staff
member/Paralegalis Ms. Vanhooser was on duty, prior to leav-
ing I requested legal-copies of a grivience written on Senior
Librarian M. Droz, that dealt with his conduct and the price
of legal copies etc... although Memorandum from Warden's
Bullintin #01-08=Cost Of Photocopy Service dated Marched 26,
2001, Ordered that thec cost of all legal copies are now 10¢
as requested for relief in my grivience, was denied. However
the fact of the matter is that prior to the filing of my Griv.
the cost of lega-copies where 25¢ each for the first five and
10¢ a copy there aftef. Therefore this grivience shåuld'd
been won, the date's on griv also supports this. After I
turned in money voucher nòting the specific type of legal-
copy/M. Droz. I then left library and sent griv to A.R.B.
Discrimitively, when I return to the Law Library on my 12:30pm
call-pass entering law librarȟ and signing in at aprox. 12:15,
that is located in a seperate room to the general library.
I was then told by both staff members, Ms. Vanhooser started
the denial/deliberate indifference by stating "Mr. Hale we
dont open until 12:30pm," Droz added in you know we do have
things to do before opening" Note: I been visiting this
L.L. for the past 3 months and I and other inmates have all
ways been allowed to enter library prior to 12:30, only
problem would be that M. Droz or none of his Clerks wont
do any work signing out typewritters books etc until exactly
12:30pm, so by these staff members actions support Retalitory
actions fȟr me exercising my IL Const. rights.

Subscribed and sworn before me                    GREGORY HAL°3/AFFIANT

this 19th day of April 2001.

NOTARY PUBLIC

OFFICIAL SEAL
MEL E. DROZS
Notary Public — State of Illinois
My Commission Expires May 3, 2003

EXHIBIT A 15

**ILLINOIS DEPARTMENT OF CORRECTIONS**
## COMMITTED PERSON'S GRIEVANCE

R.U. 3 A/12

| ate: JUNE 21, 2002 | Committed Person: (Please Print) Mr. Hale | | ID#: K60259 |
|---|---|---|---|
| resent Facility: IL River C.C. | | Facility where grievance issue occurred: IL River C.C. | |

**ATURE OF GRIEVANCE:**

☐ Personal Property  ☐ Mail Handling  ☐ Restoration of Good Time  ☐ Disability
☐ Staff Conduct  ☐ Dietary  ☐ Medical Treatment  ☒ Other (specify): IMPROPER
☐ Transfer Denial by Facility  ☐ Transfer Denial by Transfer Coordinator  ADJUSTMENT COMMITTEE HEARING:

☒ Disciplinary Report: __6__ / __3__ / __02__    IL RIVER C.C.
Date of Report          Facility where issued

This Multi-lingual Daisy Wheel Electronic Typewriter is des

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

omplete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

ief Summary of Grievance: __I received an IDR on 6-3-02, this IDR should've been thrown__

__ut due to the ticket writer C/O Slater 3-11p.m. & Librarian Fairburn__

__oth lied & conspired to create this bogus ticket. I was also prejudice__

__y receiving an IMPROPER HEARING ON IDR. Hearing Ofc. Lt. Fisher &__

__rs. Slaughter denied me an adquate Hearing inviolation of adm. code__

__ec.tion 504.80 at f 1, h & J. (This violation basicly occurred by them__

__efusing to Honor 5 SWORN AFFIDAVITS from various persons that where at__

__he 5 p.m. library when this entire false ticket was supposely had occurred.__

__I asked chairpersons repeatedly to consider & review 5 affidavits. Lt. Fisher__

__enied me saying no cause you should had sent there names on yellow witness-__

elief Requested: __Counselor to forward griv. to G.O. A prompt review of griv &__

__to be present at the time of answering griv.. All priviledges reinstated__

__A copy of Report Exspunged IDR. My affidavit review and investigated.__

] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Hale /HALE        K60259    6 / 21 / 02
Committed Person's Signature    ID#    Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

ate received: 6 / 24 / 02    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

tesponse: IIM is grieving 6.3.IDR; sanctions recd; & Adjustment Committees failure to call his witnesses; unable to resolve, forwarded to Gr. Chrmn

sheet before this Hearing." I tried to explain repeatedly, that according
to adm code, this documentary evidence must be considered. Basicly, he
handed me them back and said he weren't going to review them.  These
affidavits were important to my innocense.

Adminstrative Code ch I 504.80 at f 1. states, The committed person
may make any revelant statements or produce any revelant documents in his
defense,  at h) states; The adjustment committee shall consider any state-
ments of witnesses with revelant knowledge of the incident who are reason-
ably availuable.  at J) The adjustment committe shall decide whether or not
committed person committed the offense based upon all revelant information
and evidence.  All 5 AFFIDAVITS were from indivuals that where at 5p.m.
library on 6-3-02,and staff was well aware of it cause affidavits were
both copied and notarized by library staff days following issues of this
bogus IDR.  Chairpersons also failed to investigate my AFFIDAVIT properly
by not calling Captain Welch, Major Rains and Librarian Burkhart or as
an alternative review inmate sign in sheet from 6-3-02. Fairburn has lied
both to the Captain on date of this incident and has lied again on her
witness statement on my Final Summary Report, all in retaliation for my
grivïences I've filed against her & library procedure.  But mostly
for my assistance of many indigent inmates in their legal work.  I provide
them with adequate and correct assistance, not like law clerk John
Lanthon that majority of the time turn inmates away or leading em in the
wrong direction.  Upon your request I can prove this claim. Also I was
also charged with INTIDMIDATION OR THREAT, that got exspunged, this offense
is punishable by immedately seg-time, both the Cpt. & Major where both on
sidewalk outside of library intially investigating Slaters lies of what
suppose to had occurred  in library.  Had they believed him I would've
been walked to segregation then.

Finally, the disciplinary actions I received were excess-
ive my first IDR conviction in about 11 months.  The recommendations
and actions taken where: a) 1 months demotion to C Grade,  B) 1 month loss
of commissary priviledges,  C) 14 days loss of library priviledges.

On 6-19-02, I received mail in from the Clerk of the Central
District Court informing me of a court deadline within days(that a visit
or visits to the law library is a must in order to comply to order)

EXHIBIT A 15

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO COMMITTED PERSON'S GRIEVANCE**

3A12

| **Grievance Officer's Report** |
|---|

Date Received: 7 , 15 , 02    Date of Review: 7 , 16 , 02    Grievance # (optional): 02-401

Committed Person: Hale Gregory        Seg        ID#: -K60259

Nature of Grievance: Major IDR of 6-3-02 for Insolence & Disobeying a Direct Order to Leave the Library and grieves Adjustment Committee Hearing 6-10-02

Facts Reviewed: Inmate complaint, IDR Summary and DR504 were reviewed. The inmate pleaded not guilty. The Committee found the inmate guilty and recorded that the inmate did not send any witness statement requests to the adjustment committee. Based on a review of the IDR Summary and DR504 the Grievance Officer is reasonably satisfied that the inmate was guilty.

Recommendation: Recommend the grievance be denied.

DHolah                7-16-02            DHolah
**Print Grievance Officer's Name**            **Grievance Officer's Signature**
(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

| **Chief Administrative Officer's Response** |
|---|

Date Received: 7 , 19 , 02      ☑ I concur    ☐ I do not concur    ☐ Remand

Comments: _____



**ADJUSTMENT COMMITTEE**
**FINAL SUMMARY REPORT**                          **Run Date:** 08/14/2002

**Name:** HALE, GREGORY          **IDOC #:** K60259          **Race:** Black

**Hearing Date/Time:** 08/12/2002   08:55 AM     **Living Unit:** IRI-02-C-12     **Orientation Status:**   N/A

**Incident #:** 200205716/1 - IRI         **Status:** Final

| Date | Ticket # | Incident Officer | Location | Time |
|------|----------|------------------|----------|------|
| 08/06/2002 | 1 | SLATER, DAVID P | HOUSING UNIT 2 COMMON | 7:00 PM |

| Offense | Violation | Final Result |
|---------|-----------|--------------|
| 206 | Intimidation or Threats | Guilty |
| | **Comments:** "I will make them fucking pay" | |
| 304 | Insolence | Guilty |
| | **Comments:** "The MFers in here called the chow line | |

| Witness Type | Witness Id | Witness Name |
|--------------|------------|--------------|
| Witness Status | | Witness Statement |

**Staff**                     ✔STEIN, CRYSTAL
  Witness was called        I do not remember inmate Hale saying the above statement or
                            at any other time cussing.

**Staff**                     ✔SHOWALTER, PAUL
  Witness was called        I heard inmate Hale say something about making some one
                            pay. I didn't hear any cussing.

I attest to the statements as being a correct reflection of the statements provided to me by witnesses.

X _____ _L+ 7·l_ _____
            Hearing Investigator

## RECORD OF PROCEEDINGS

Inmate read charges and states he is not guilty. I have a sworn statement. I have two witnesses, Sgt. Showalter and Ms. Miller. I came out there to pick up my meds and was waiting in line. I missed the chow line and did not hear them call chow. Slater is the core officer and wrote me a bogus ticket before. I told the sergeant the officer wrote me a bogus ticket and I didn't curse. I was talking to the sergeant and I told him I missed the chow line. Inmate presented a one page sworn affidavit.

## BASIS FOR DECISION

Based on staff observing inmate Hale come out at 7:00 p.m. and state, "The mother fuckers in here called the chow line after count checked. I missed it. I will make them fucking pay." Based on staff observation and inmate having knowledge of the offense. Inmate Hale came out approx. (3) hours after chow lines had ran in R1 requesting to eat.   BF

## DISCIPLINARY ACTION  (Consecutive to any priors)
**Recommended:**                                      **Final:**

Loss of Commissary 14 Day(s)            ✔Loss of Commissary 14  Day(s)

## SIGNATURES
### Hearing Committee

X  FISHER, BRUCE R  - Chair Person          _L+ 7·l_          **WHITE**
                                          Signature                    **Race**

    SLAUGHTER, ANITA K                    _Anita Slau_        **BLACK**
                                          Signature                    **Race**

**Recommended Action Approved**

**FINAL COMMENTS:**

EXHIBIT A 16

# STATE OF ILLINOIS - DEPARTMENT OF CORRECTIONS

## ADJUSTMENT COMMITTEE
### FINAL SUMMARY REPORT

**Run Date: 08/14/2002**

**Name:** HALE, GREGORY

**IDOC #:** K60259

**Race:** Black

**Hearing Date/Time:** 08/12/2002  08:55 AM

**Living Unit:** IRI-02-C-12

**Orientation Status:**   N/A

**Incident #:** 200205716/1 - IRI

**Status:** Final

JOHN C BATTLES / JCB

_(signature)_ 08/14/2002

**Chief Administrative Officer**

**Signature**

**Date**

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

_(signature)_

8-14-02

**Employee Serving Copy to Committed Person**

**When Served - - Date and Time**

STATE OF ILLINOIS )
                  )  SS:
COUNTY OF CHRISTIAN )

[EXHIBIT A 17]
1 of 2

## AFFIDAVIT

I Gregory Hale #K-60259, I'm the affiant in the
case at bar, I duly state that the statements contained
herein is true and correct in substance and in fact to
the best of my knowledge.

First I am Pleading NOT GUILTY TO IDR/TICKET
C/O Hager falsely/wrongly imposed on me for charge 307
UNAUTHORIZED MOVEMENT. On 4-26-01, at aproxly 10:20am
only me and inmate Gus#K57122 of H.U. 1A bed 5/4 returned
to unit from Library everyone else had left prior to C/O
Nash, closing announcing library is closed. When I approach
sign in desk Gus was already standing there be talked to
by Hager. As normally I told Hager, (who is normally just
beening sitting on the side chair all week when I had re-
turned from the Law Library, tell either Beaston/Carver both
are regular C/O on H.U. 1 for 5 days) Hager then stated you
guys drop your books and come back out here and go to chow
together. So since we both live in same dorm 2 beds apart
Gus dropped his books on top of his bed and left out. I
locked mines in my Box, and then lefted out immediately.
When I got to the desk I saw Gus on the walkh headed to
chow, while I told Hager I'm going to Chow now. Hager
#10668, Yelled you burnt the fuck up, the other guy lefted
you" I told yall to go together. I said why didn't you tell
him to wait? He said now go back on the fuckin unit. I
said I'm waiting on C/O Carver that was on B side , he said
wait on the unit then. Note: inmates hang out in the hall
by C/O desk all day everyday and its never a problem. 1
minute later Beaston #10614, came from lunch with a brown
lunch bag in his hand. I asked him, Isaid as usually I just
came from the library can I go to Chow? Hager interruptted
I told you to go on the fucking unit and you aint going to
fucking chow I dont care who you ask, I asked Beaston again
he just looked and said nothing, Carver than came out I
then asked Carver the same exact thing he began to walk on
A side saying nothing basicly ignoring my question as if
he was intimidated by Hager unethical and unproffessional
actions. Hager, then ran in my face, with his large mirror
on  sunglasses that he wears indoors all the time. Saying give
him my fuckin I.D. repeatedly, I said I'm getting it, and you
aint got to keep curseing at me. He said, I said(loudly)
Give me your fucking I.D. No I then said I remember you, your
the C/O that wrotd me a bogus ticket before, Hager stated,
thats right I did and I'm going to write you another one today
and I8m going to keep on writing em on you. Witnesses inmates
Berd cell 3/10 & Holms #cell 1/2 #K-68299. I was then denied
by C/O Adams to put my witnesses on ticket before he took em
apart so I would know they received my witnesses. Lt. Hale said
hecouldhad let you,  andas

EXHIBIT A 17

STATE OF ILLINOIS ) SS:     2 of 2
COUNTY OF CHRISTIAN )

## AFFIDAVIT

I @regory Hale #k-60259, I'm the affiant in the
at bar, I duly depose and state that the statements contained
herein is true and correct in substance and in fact to the best
of my knowledge.

he should had let you when I spoke to him that
night at about 8:45pm when he was on H.U. By C/O Adams(ROCK)
denying of this right support a violation of my constitutional
rights of due process, cited in Wolf V. McDonald. Adams did
this in order to deny the proof that I did in fact provided
credible witneess and is conspiring with his Hager trying
to ensure that I'm found guilty on this Falsified IDR/Ticket.
Note: I put witnesses in ticket box on 4-27-01, at about 10:45am
after returning from Law Library making me a copy before hand.
Finally, why did the regular H.U. C/O interveen allowing me to
go to chow as usuually. Why did it take for me to call home
and request that my mother call long distance and inform Warden
A/W of these deliberate indiffirence and Retalitory action being
wrongfully imposed on me possible due to pending Law Suits I've
against I.D.O.C. Note; I next telephoned my attorney and inform
them of these continuously Retalitory action I have been
expirencing.

Gregory Hale/Affiant
4-27-01

Notarized under and by Tittle 28
USC Section 1746 under the penalty
of perjury on this 27th day of
April, 2001.

EXHIBIT A 18

STATE OF ILLINOIS)
                  )  } SS;
COUNTY OF CHRISTIAN)

## AFFIDAVIT

I Gregory Hale #K-60759,  being duly sworn do
and states that the statement contained below is true and
correct in substance and and fact to the best of my knowledge.
On April 26, 2001, I returned from the Libfary at about 10:25am.
to H.U. 1A. When signing in with clerk I notice that inmate Gus
my cell bed 5-4 1A was argueing with C/O Hager #10668(123). As
normally I told C/O Hager the only C/O at desk,"I'm drooping my
books then going to chow". He said ok to both of you but next
time leave the Library at 10 minutes to ten so you can make the
line or you wont be gbing next time.  Gus dropped his books on
bed and left right out, I locked my in my box and came right
out when 0/O Hager said  you burnt the fuck up the other guy left
you already now you can go fuckin eat I told you guys to gb to
gether. Note; it was only a 20 second differnce between me leave
ing back out behind Gus.  I then waited at desk for C/O Carver
#10628 that was on B side, Hager said you've wait on the unit
I did.  Shortly following the regular C/O Beaston #10614
returned for chow.  I ask him could I go to chow explaining that
I just came from lkbrary, he said nothing. Carver Hager then repeat
"you aint going no fucking where and give me your I.D. continue
repeatedly cursing at me all in my face for about 10 minutes. I
Repeated you aint gotta to curse at me" Hagers says I can curse at
you lone as I want to etc... While taking ties from my I.D. and
Slow Walk pass. I told him you wrote a bogus ticket on me before
he says yeah and I'm gbing to keep on writing them on you fucking as.
Note: I telephone my Mother informed her requested that she call
Warden cause they are Retaliating and denying me of a meal etc.
At 12: 00pm  I call my attorney Harold Winston/Gwen Ward Brown
of T.C.C. continous retalitory actions.
Witnesses to the above 1. Mr. Berd cell 3/10. 2. Mr. Holms #K68299
cell 1/2. Mr. Gus      # cell 5-4.  4. Clerk  Mr.        cell 5/3.

Gregory Hale/Affiant

Subscribed and sworn before me
this 26th day of  April  , 2001

Notary Public

OFFICIAL SEAL
MEL E. DROZS
Notary Public — State of Illinois
My Commission Expires May 3, 2003

STATE OF ILLINOIS)
                  ) ) SS;    EXHIBIT A 18
COUNTY OF CHRISTIAN)

## AFFIDAVIT

I Gregory Hale #K-60259, being duly sworn do
and states that the statement contained below is true and
correct in substance and and fact to the best of my knowledge.
On April 26, 2001, I returned from the Libfary at about 10:25am.
to H.U. 1A. When signing in with clerk I notice that inmate Gus
my cell bed 5-4 1A was argueing with C/O Hager #10668(1?3). As
normally I told C/O Hager the only C/O at desk,"I'm dropping my
books then going to chow". He said ok to both of you but next
time leave the Library at 10 minutes to ten so you can make the
line or you wont be gbing next time. Gus dropped his books on
bed and left right out, I locked my in my box and came right
out when C/O Hager said you burnt the fuck up the other guy left
you already now you can go fuckin eat I told ybu guys to gb to
gether. Note; it was only a 20 second differnce between me leav=
ing back out behind Gus. I then waited at desk for C/O Carver
#10628 that was on B side, Hager said you've wait on the unit
I did. Shortly following the regular C/O Beaston #10614
returned for chow. I ask him could I go to chow explaining that
I just came from library, he said nothing. Carver Hager then repeat
"you aint going no fucking where and give me your I.D. continue
repeatedly cursing at me all in my face for about 10 minutes. I
Repeated you aint gotta to curse at me" Hagers says I can curse at
you lone as I want to etc... While taking ties from my I.D. and
Slow Walk pass. I told him you wrote a bogus ticket on me before
he says yeah and I'm gbing to keep on writing them on you fucking as.
Note: I telephone my Mother informed her requested that she call
Warden cause they are Retaliating and denying me of a meal etc.
At 12: 00pm I call my attorney Harold Winston/Gwen Ward Browm
of T.C.C. contjinous retalitory actions.
Witnesses to the above 1. Mr. Berd cell 3/10. 2. Mr. Holms #K68?99
cell 1/2. Mr. Gus    # cell 5-4. 4. Clerk Mr.    cell 5/3.

Gregory Hale/Affiant

Subscribed and sworn before me
this 26th day of April    , 2001

Notary Public

E

OFFICIAL SEAL
MEL E. DROZS
Notary Public — State of Illinois
My Commission Expires May 3, 2003

X                    ⌐EXHIBIT A 19⌐
  STATE OF ILLINOIS  )
                     )  SS:
  COUNTY OF CHRISTIAN)

## **AFFIDAVIT**

I Gregory Hale, I'm the Affiant in the matter
at bar. I duly depose and states that the statement contained
herein is true and correct in substance and in fact to the best
of my knowledge.

Today which is April 26, 2001, I reported to
Taylorville C.C. library, to do some legal work. Prior to
leaving for the morning period at about 10:16a.m. I asked Para-
legalist Ms. Vanhooser to see the sign-up book to receive call
passes. Upon reviewing it I noticed that I'd signed up for a
call pass to visit the Law Library today at 12:30pm, and my
named was highlighted as if M. Drozs had put me in the computer.
I told her I didn't receive one, she than checked her printout
my name w asn't on it. And then we went and checked with C/O
Nash to see if my name appeared on his printout, it wasn't she
then check the other persons on list all were there but mines.
Note: this appears to be another deliberate Indiffernce and
deceptive practice and Retalitory actions being exercised by
Libriarian Drozs since I recently 7-8 days ago send grivience
that I wrote on him about his conduct,price of legal copys
etc.   It's Taylorville Law Library policy if an inmate doesn't
shows up on/for a  call pass that is issued to him he is written
a ticket/IDR.   Note:  Ross of H.U. 2a, Byas of H.U. 5,
and many others have already received Idrs for not showing on
Law Library passes.

Gregory Hale/Affiant

Subscripted and sworn before me

this  27  day of  Cyril   2001.

NOTARY PUBLIC
OFFICIAL SEAL
Paulette M. Mann
Notary Public, State of Illinois
My Commission Expires 3/22/04

Paulett M Mann

Expiration Commission

3A 12

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE**

EXHIBIT A 20

| Date: 11-25-01 | Committed Person: (Please Print)  G. Hale | ID#: K60259 |
|---|---|---|

| Present Facility: I.R.C.C. | Facility where grievance issue occurred: IL River Corr. Center |
|---|---|

**NATURE OF GRIEVANCE:**

| ☒ Personal Property | ☐ Mail Handling | ☐ Restoration of Good Time | ☐ Disability |
|---|---|---|---|
| ☒ Staff Conduct | ☐ Dietary | ☐ Medical Treatment | ☒ Other (specify): 7-3p.m. Super- |
| ☐ Transfer Denial by Facility | ☐ Transfer Denial by Transfer Coordinator | | visory staff/Dir. Synder |

☐ Disciplinary Report: _____/_____/_____
Date of Report  N/N

Facility where Issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** I've complained & requested to I.R.C. Supervisory(Supv).
staff for the past 3 months of being discriminated against by C/O's working
p.p. I've sent in about 26 request slips by placing 99% of em in the H.U. 2
& 3 MAIL Boxes. I've complained and requested relief from C/O's Sgts Cpts.
Majors & Counselors, such as C/O Stenkler,Cpt. McGrew,Lt. Teasar, Major Reins,
CAO Battles,Counselors G. Putman & Warren. On 11-13-01 when I was seen by
Ms. Warren about my Grivs etc. she called personal property where they basicly
denied my complaint in griv, stating"a visitors pick-up send out property
is called weekly for anybody on all H.U.'s " it has been 2 weeks no such
thing has been called as P.P. C/O alleged. This supports I.D.O.C. Director
and Supervisory staff failure to hire and train qualified and nondiscriminitive
employees. I've sought relief thru the 3-11p.m. shift for months as well by
requesting/complaining to Lt's & Captains in the dietary at dinner chow.
I was told today 11-25-01, by a Cpt/Lt to send a request to A/W Burkley, I
did right after returning from chow.
                        personal property C/O's of the 7-3p.m. shift has access
to my file and knows I've an excess legal-mail box, so it can be easily ---

**Relief Requested:** To be sent a call-pass to P.P. A.S.A.P. Disciplinary action taken
against responsible C/O's Supvs of personal property over the past 3 months.
A statute amended to Rule specifying a time limit p.p. must comply to an
inmates request. To be compensated of an unsaid amount.To be present when
this grievance is being answered.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____     _____     ___/___/___
Committed Person's Signature          ID#                Date

(Continue on reverse side if necessary)

| **Counselor's Response (if applicable)** |
|---|

Date Received: 12 / 6 / 01     ☐ Send directly to Grievance Officer     ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: I/m has been sent to personal property on 12/6/01, A.M.
The personal property officers put inmates in a list and call
them over accordingly. Due to other security priorities, the
officers have been pulled frequently from their assignment, therefor

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE** (Continued)

implied that I've little or no room in my  8 x 10 property box for the

storage of food clothing & cosmetics, that amounts to cruel & unusual

punishment that has caused me great lenghts of stress, depression & mental

anguish.  By me being prejudiced against for nearly 4 months by I.D.O.C.

and its employees and have been forbiddden to send out some of my important

excess legal-mail/property. By supervisory staff failure to remedy my

many requests shows that such deceptive practices & deliberate indifference

s  are  promoted.

Finally, the Illinois Dept. Of Corrections are neglient in not

implementing a Statute in its Rules & Policies in Tittle 20 CH I SubCh e

at 535 1:10 thru 535: 140, specifying a time limit for C/O/P.P. employees

to be required to comply to an inmates/Jailhouse Lawyer such as me requests.

Along with other unjustified acts that I.D.O.C et, al have imposed wrong-

fully against me such as an Retalitory transfer, Upgrading my security

level without cause, Unrequested telephone blocks  deliberate delaying of

my mail etc this appears to be nothing other than 1 big conspiracy against

me for my pending Civil Complaints and readily legal Assistance to my

fellow inmates .



# Illinois
Department of
**Corrections**

EXHIBIT A 21

George H. Ryan
Governor

Donald N. Snyder, Jr.
Director

Illinois River Correctional Center / P.O. Box 999 / Route 9 West / Canton, IL 61520 / Telephone: (309) 647-7030
TDD: (800) 526-0844 Fax: (309) 647-0353

**MEMORANDUM**

**DATE:** 12-11-01

**TO:** Hale, G. K60259 R 3A12

**FROM:** IRCC GRIEVANCE OFFICER

**SUBJECT:** Personal Property - Staff Conduct

**Date Received:** 12-10-01

The attached is being returned for the reason(s) listed below:

____ Contact your correctional counselor.

____ Use proper Committed Person's Grievance Report Form (DC 5657).

____ Provide date(s) of disciplinary report(s) and facility where incident(s) occurred.

____ Forward grievance direct to the Administrative Review Board (protective custody, enforced medication, disciplinary reports from other facilities, decisions rendered by the Director, etc.).

____ Not submitted in the timeframe outlined in Department Rule 504; therefore, issue will not be addressed further.

____ Unable to determine nature of grievance/correspondence. Submit additional specific information.

____ Illegible copy submitted – submit legible copy for consideration.

____ Request restoration of GCC, segregation time cut, grade restoration to the Adjustment Committee. If request is denied, utilize the grievance process for further consideration.

X Issue has been previously addressed on 11/27/01 by grievance # 01-584. No justification for further consideration.

____ Contact the Record Office with your request and/or additional information (sentence calculations, jail credits, etc.).

____ Address concerns to Illinois Prisoner Review Board, 319 East Madison St. Suite A, Springfield, Illinois 62706 (executive clemency, parole violation issues, etc.).

____ MGT/SMGT is an administrative issue determined by the Warden and/or Director: Further consideration is not warranted.

____ Other: ____

cc: Master File
Form # Pending

ILLINOIS DEPARTMENT OF CORRECTIONS
## COMMITTED PERSON'S GRIEVANCE

3A12

EXHIBIT A-22

| Date: 11-10-01 | Committed Person: (Please Print) Gregory Hale | ID#: K-60259 |
|---|---|---|

| Present Facility: IL River C.C. | Facility where grievance issue occurred: I.R.C. |
|---|---|

**NATURE OF GRIEVANCE:**

☒☒ Personal Property    ☐ Mail Handling    ☐ Restoration of Good Time    ☐ Disability

☒☒ Staff Conduct    ☐ Dietary    ☐ Medical Treatment    ☐ Other (specify): _____

☐ Transfer Denial by Facility    ☐ Transfer Denial by Transfer Coordinator

☐ Disciplinary Report: ___/ N/A / _____    _____ N/A _____
                              Date of Report               Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

    **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
    **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
    **Chief Administrative Officer,** only if EMERGENCY grievance.
    **Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** _____ Since about 8-24-01, I've been sending request slips to personal property(p.p.) by placing them in the U.S. Mail Boxes on H.U. 2 and H.U. 3. I've also send them oevr in person by inmates that work H.U./R.U. 5B such as inmate Harris that was transfered days later to T.C.C. after handing my request to P.P. Officer.
_____ Today I attempted to go to property again while a line of inmates was called for P.P. I explained the above to the Core Ofc. and said that I'd to wait for the Lt. Tesar to send me over there. At about 2p.m. I spoke to Lt. Tesar and explained my deliberate in difference problem    in sending in many approximately

**Relief Requested:** To be sent over to P.P. upon review of this grivience, to send out my excess property. For I.D.O.C. to stop discriminating against me for IL River to post a schedule weekly for inmates to mail there excess P.P. out.

☐ Check only if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____    _____    ___/___/___
Committed Person's Signature       ID#       Date

**(Continue on reverse side if necessary)**

---

### Counselor's Response (if applicable)

Date Received: 11 /13 /01    ☒ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

**Response:** Ref C/O Blakley, PP, he does not issue call passes for mail outs. He calls the house and tells them to announce it and anyone having mailouts can go. Lt. Teasar states he sends inmates on call passes only, he is unaware of

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE** (Continued)

19 request to P.P. and never even receiving a call pass. Lt. Tesar denied me saying I'd to wait on a call-pass from P.P.; This shows clear discrimination and bias against me due to other inmates have put in requests slips to P.P. and have been called over or sent a pass. Once again my belief is that I.D.,O.C. and its employees are continueing to harrass me and discriminate against me due to my Civil Suits pending against them. Which is a violation of my IL Contitutional Rights as well as a violation of my U.S. Constitutional Rights and is depriving me of a rights secured by the Rules & Regulation of I.D.O.C. and the IL Compiled Statutes.

I'm griving that there is no regular schedule for inmates to send excess personal property out through the P.P. dept. due to the fact inmates are forced to live out of an 8 X 10, box in which to store all of there belonging this amounts to insufficent space being provided by I.D.O.C. due to the over crowdingness. of there prisons.

Final, P.P. knows that I've an excess legal-box so they also can imply that I need more room for food, clothing etc. and by them denying me an opprotunity to send out property is another form of harrassment. etc.

EXHIBIT A 22

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO COMMITTED PERSON'S GRIEVANCE

### Grievance Officer's Report

Date Received: 11 / 14 / 01    Date of Review: 11 / 27 / 01    Grievance # (optional): #01-584

Committed Person: Hale, Gregory    R3A12    ID#: K60259

Nature of Grievance: Inmate alleges staff misconduct in that he has requested to be called to Personal Property to send out excess items, claims Lt. Tosar failed to send him when he requested to go.

Facts Reviewed: Inmate's complaint read and reviewed and staffed with the Personal Property Officer Blakely who indicates that all Housing Units are notified on Saturday mornings about 8:30 Am to announce movement to Personal Property to address this issue, based on staff availability in Personal Property this happens each Saturday, working. Call-Passes are not issued for this purpose per Administrative determination. Staff misconduct is not substantiated. Issue has been forwarded to the Chief of Security for informational purposes and instructional clarification to staff.

Recommendation: Grievance be denied.

J. Holak                    11-27-01                    J. Holak
Print Grievance Officer's Name                         Grievance Officer's Signature
(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)    Co. Major

### Chief Administrative Officer's Response

Date Received: 11/27/01    ☑ I concur    ☐ I do not concur    ☐ Remand

Comments: _____

STATE OF ILLINOIS   }
                    }   SS:   [EXHIBIT A 23]
COUNTY OF FULTON     }

## AFFIDAVIT

I, Gregory Hale, depose and state that as to the matters therein, I am the Affiant in the above entittled cause ; that I have read the foregoing documents, by my signature, and that the statements contained therein are true in substance and in fact.

On 11-28-01, I received answer to a grievence that I'd written on personal property(p.p.) at 3;35p.m. mail delivery. Illinois River C.C. staff contioues to falsify statements in which that are guilty of showing "deliberate Indifference & Discrimination to my 3 months and plus request to send out my excess property/legal-mail. In support of this on 11-22-01, at *a.m. a memo was placed on my H.U. 3A stateing the availuabilty to all inmates that send in requests to P.P. for free 12 cassette tape of the New Testament Bible. Immediately I placed my request for the tapes in the mail box. Ironicly that evening at about 6;35p.m. a C/O and a Lt.  delivered the preengraved tapes to inmates on the H.U.   This prevented me from sending out property when ever they called me to pick up my tapes.                    t----
Furthermore, on 11-27-01, I reported to the Adminstration building to pick-up some legal mail that was from my attorney(J.R). At this time I complained to Lt. Fisher, saying, that which is stated above and the fact that I'd grieved it and when Counselor Walters called P.P. they lied and stated that visitors pick-up and send out property is called every Saturday morning a 8;30a.m. when in fact it has been 2 weeks since then it has not been called yet. At this time he agreed stateing " you are right it hasn't been called for the past 2 weeks". (Note; Prisoner Review Board was on cite).

On 11-25-01, I filed a second grievence on the 7-3p.m. Supv. and Director Synder for failure to hire nondiscrimitive employees etc.  I.R.C.C. staff contioues to be not truthful, and has caused me alot of depression, stress and mental anquish. Other persons that I've complained to and can verify the above are;

Subscribed and sworn to before me this
___day of November, 2001
ROBERTA M. ___BURN
Notary Public, State of Illinois
My Commission Exp. 05/21/2004
Expiration of my commission

Gregory Hale/Affiant

STATE OF ILLINOIS  )
                   ))SS: EXHIBIT 8
COUNTY OF FULTON   )

## AFFIDAVIT

I, Gregory Hale, depose and state that as to the
matter herein, I am the AFFIANT in the above entittled cause; that
I have read the foregoing documents, by my signature, and that
the statements contained therein are true in substance and in fact.

On February 5, 2002, at about 140 p.m. I was seeing the
Counselor  T. Ruhaak, who is the counselor for inmates housed on
housing unit #3 Wings A & B.  At this time I spoke to him concerning
a transfer back to a minimum  security prison.  Asking which ones
could I go to his first suggestion was Taylorville C.C. until he
notived a note on the computer , he stated "no you can't go there
they dont want you there.  At this time I explained to him that I
was transferred to IL River from there out of retaliation for my
legal activities including helping many  needed inmates with there
Post Trial Remedies, Grivences etc.  I then asked him why was I
transferred, and who was responsible. The phome rang while he
checked.  At this time I noticed basisly this inmate was transfer
ed for starking behavior of two senior staff members, 1 was a counselor,
and 2. was aLibrarian, and it furthered stated that transfer was
confirmed or supported by the psycologist.  At this time I sign for
my transfer to be transferred to East-Moline C.C. and stated the
reason, to be closer to home and to becomea member of the chaplan
service.  Prior to me learning the responsible parties for my transfer
on this day (2-5-02) I'd been denied by all personel of the IL River
C.C. staff including, counselor Glenn Putman of H.U. 2A, counselor
Walters, of H.U. 3A and I even requested to Records Dept. Mr. Holak,
that gave me the F.O.I.A. pappers so that I could request this info.
from them that subsequently denied my request as well.  Nevertheless
the senior staff members that are responsible where members that I'd
wrote grivs on or/and I had been discriminated against etc.(Counselor
Barber Murray, Librarian Annette  Vanhoosier, and Phsy. Jean Mahan,

Notarized under and by tittle 2It:
section 1746 under the penalty of perjury
on this  5TH day of  February   ,  2002

Affiaht Gregory Hale

STATE OF ILLINOIS   )
                    }  SS:    [ EXHIBIT 10 ]
COUNTY OF FULTON    )

## AFFIDAVIT

I, Alfredo Garcia, depose and state that as to the
MATTERS HEREIN, I AM THE AFFIANT IN THE ABOVE ENTITTLED CAUSE
; THAT I HAVE READ THE FOREGOING DOCUMENTS, BY MY SIGNATURE
AND THAT THE STATEMENTS CONTAINED THEREIN ARE TRUE IN SUBSTANCE
AND IN FACT.

In THE YEAR OF MARCH, 1998, I WAS HOUSED AT
THE LINCOLN CORRECTIONAL CENTER, LOCATED IN LINCOLN, IL. I
WAS A FREQUENT VISITORT  AT THE PRISON LIBRARY.  ON MAJORITY
OF MY VISITS IN LINCOLN'S PRISON LIBRARY I WOULD ALWAYS MOST
OF THE TIME LIKE 90% OF THE TIME OBSERVE INMATE HALE, AT THE
LIBRARIES RESERVED TYPEWRITER, DURING LEGAL WORK AND HELPING
OTHER INMATES ON A REGULAR BASIS.  Note; Mr. Hale AND I WERE
ALSO HOUSED ON THE SAME HOUSING UNIT SO WE BECAME AQUAINTED
WITH EACH OTHER SINCE THE LIBRARY  LINE NORMAL LEFT ALL AT THE
SAME TIME.  OCCASSIONAL I'VE SEEN HIM HELPING OTHERS  IN THE
UNIT.

AFFIANT ALFREDO GARCIA
I.D.O.C. # K60537
IL RIVER C.C.
P.O. BOX 1900
CANTON, IL 61520

SUBSCRIBED AND SWORN TO BEFORE ME THIS

_6th_ DAY OF _February_ , 2002

_Don a. Burkhart_
NOTARY PUBLIC

_8/22/04_
EXPIRATION OF MY COMMISSION

"OFFICIAL SEAL"
Don A. BURKHART
Notary Public, State of Illinois
My Commission Expires 08/22/2004

STATE OF ILLINOIS    )
                     )  SS:  ⌐ EXHIBIT 15 ¬
COUNTY OF FULTON     )       |              |
                             |              |
                      AFFIDAVIT
                             └──────────────┘  MY PLEA IS NOT GUILTY TO THE
                                               OFFENSE WRITTEN IN IDR DATED
                                               8-6-02 BY C/O SLATER:

      I, Gregory Hale, being duly sworn do depose and state
that I am the Affiant in the above entittled cause; by my signature
,states as to thematter herein is true and correct in substance and
in fact to the best of my knowledge.

      On 8-6-02, at the IL River C.C. in R.U. 2 CORE at 7p.m.
medline, while I was standing in line waiting to pick up my meds.
I asked Sgt. Showalter in a polite tone of voice, "is it anyway
I can get a dinner tray cause chow-line was called right after
count and I didn't hear the call. and besides we were scheduled
for yard at 4:30p.m. and count cleared about 4;15."   The Sgt.
said no in a low tone voice.   I said "alright" and then continued
to wait in medication line.    After receiving my meds I'd to
walk pass C/O Slater that was the CORE Officer for that day only.
When I walked by him he looked at me in a intimidating manner and
said "you did have an opportunity to go to chow  because 66 people
went'  I said sure, and continued to go back on mywing 2C after I
got buzzed in.    Note; the Sgt. was present at all times whi e I
was in the core for med-line at 7p.m.  and if I had made this
Isolent statement I would had been immediately walked to segregation,
further C/O Slater would had put Sgt. Showalters name on ticket
as a witness.

      On  8-7-02, at about 3:15p.m.  I was served this ticket
falsely written by C/O Slater for Isolence & Intimidation Of
Threats listed as a MAJOR signed off by Captain Welch.   In
ticket Slater has lied again for a second time in hope of
me receiving unjust disciplinary action.  I never stated to him
or anybody  "the mother fuckers where called" etc. as Slater has
written in ticket".   This is the 2nd ticket Slater has falsely
imposed on me cause he knows from when he was assigned as library
/multi purpose bldg. C/O and other ways also that I've Law Suits
in pending against I.D.O.C./State Of IL, that is why he continues
to  harrass, and retaliate against me by writeing false tickets
 and his disrespecting behavior.  On 8-7-02. in front of the
Dietary, I seen Sgt. Showalter and inform him of the bogus ticket
and what it said that Slater had written; I then asked him did
he hear me say "mother fucker" etc. during med-line, he said no I
didn't hear that." I then told him that I would put him down
for a witness for adjustment committee to call in my defense.
Note on 8-7-02, I sent in witness yellow slip bottom part of ticket
to adjustment commitee with both Sgt. Showalters & LPN Miller
that was the on duty medline nurse on 8-6-02, to be called as
witnesses or any other inmate that received meds on that date.

Chairpersons,  keep in mind this is a sworn statement I've made
oppose to a bunch of lies a staff person have written in a
ticket.   AGAIN I AM NOT GULITY OF THE CHARGES  FALSELY WRITTEN
IN TICKET/IDR ON 8-6-02, BY C/O SLATER:

                                         _Krry Hll_

Subscribed and sworn to before me
on this 9th day of Aug 2004       "OFFICIAL SEAL"       AFFIANY GREGORY HALE
        Dona Burkhart        DONA BURKHART
                     Notary Public State of Illinois

[ EXHIBIT 16 ]

**AFFIDAVIT**

2 of 2

Upon returning to pre-start I informed the speaker and C/O Hillford
what had just occurred in the H.C.U.

Although there where 2-3 other inmates that left pre-start and
received health care treatment, and 1 was not required to return
to pre-start.

Note; on 8-29-02, I received another H.C.U. call pass per
H.C.U.A. to see her at 8:10 a,m, my scheduled time for pre-start
attendance again.  I didn't not go on it do to it conflicted with
my mandatory pre-start 1 week schedule.  I wrote her another request
slip during class asking for another appointment do to it conflicted
with my pre-start schedule.  Unusually, at mail delivery at 3p.m.
I received a memo from Alma Holms stating she schedule inmates
appointments around her schedule  etc.  Normally, I receive memos
from her the following day from dated memo, this memo was dated
8-28-02, I received it 8-29-02.  Next, on 8-29-02, at around 4-5pm
I received 1 call pass from core C/O R.U. 2, for library I signed
for it asking him where's the other 1 he says that it".  I said the
sheet says 2 I should have 1 for H.C.U. he then handed it to me.
After reviewing them I  notice 1 library was for 2p.m. on 8-30-02
and the other one H.C.U. was for 1:30p.m. Dr.          . pshy
Dr. that I didn't put in to see.  Note also on prior occassions
after I have had dispute with women employee in H.C.U. such as
medical reords J. Norris and 2 dental employees that I was told
by H.C.U.A. Holms I'd to get them by writing J. Holher F.O.I.A.
forms.  The last few (2) I was e seen by Dr.          , he stated
his self he didn't know why I was here w  either.

/s/ _____

AFFIANT/GREGORY HALE

SUBSCRIBED AND SWORN TO BEFORE   ME

ON THIS _____ DAY _____ , 20___

_____

Notary Public

Expiration of my commission

STATE OF ILLINOIS

EXHIBIT 18

## AFFIDAVIT

I, **Gregory Hale**, do duly depose, that I am the AFFIANT in the matter herein and that the statements containe therein are true and correct in substance and in fact to the best of my knowledge.

On 7-16-02, R.U. 3 reported to 10:05 library at the Illinois River C.C. The line enter building at about 10:03a.m. C/O Hand took our call-passes and allowed us to proceed to the library. After we entered library, we were asked to leave cause librarian Burkhart hadn't went and escorted his inmate workers out of R.U. 2. At about 10:15 a.m. we were allowed to enter library. and sign in. Immediately, Burkhart stated, "I wont be able to make any copies today and no checking out books". He stated I've to do all the call passes he alleged. I then informed him I'd a Court deadline for a petition I needed copies for to be filed in Federal Court. He said, well I'll try but I dont think so". I wont be able to make any copies today". While I was sitting right in front of Burkhart all period I notice at least 3 times he stopped as law clerk Lanthon          , had 3-5 minutes conversations with him.( Note: it was only about 7 inmates visiting library period that morning) At 11:05 I asked Burkhart again for to obtain legal-copies. He stated, "I'm sorry I dont know what to tell you but I can't stop doing what I'm working on now. I then asked, could I stay until he was done or could he call me back over later today ? He said rudely, "no you're lucky you've 2 call-passes for tommorrow". I questioned why do I've to be luckly? He said, because of all that gone on(the retalitory IDRS and harrassment I've been receiving from other staff               ). I stated 1 pass is for my access to my excess legal box and the other is for law library to work on my multi pending Civil cases against I.D.O.C./State Of IL. He said, yeah, "you can wait and get your copies then". Not wanting tto be bothered. During this period I observed librarian Burkhart and he was in fact extremely busy working on two of the 3 computers in library office simultanously. I sure he was working on something other than call-passes. Upon leaving, I told him to have a good day. Note there were about 2-3 other inmates that kept requesting copies as well.

On 7-18-02, I was finnally able to obtain legal-copies, and did in fact mail it out on this day. Next "deliberate indifference" after making about 50 legal-copies. I complete a Legal Supplies Form to obtain legal envelopes for the mailing of my  Petition. I was denied by Burkhart, he said, I need to see your Court deadline " I explained I just made about 50 copies etc. and you just verified that I was minus 27 dollars in debt my trust fund account. So I should be entittled to receive these supplies? He stated I can't give them to you without seeing your court deadline". I stated you'll have always given them to me in the pass. I requested to speak to his boss/supv. he pointed at Lib. Fairburn she's not my boss but you can ask her, Fairburn agreed with Burkhart.

/s/ _____
AFFIANT/Gregory Hale

Subscribed and sworn before me
on this _19+h_ day of _____, 20 _02_:

_____
Notary Public

Expiration Of my commission

"OFFICIAL SEAL"
DEBBIE SUE HAMM
Notary Public, State of Illinois
My Commission Exp. 03/01/2005

STATE OF ILLINOIS  )
                   )  SS:                1  of  2
COUNTY OF FULTON   )

EXHIBIT 16

AFFIDAVIT

I, Gregory Hale, do depose and states that I am the AFFIANT, in
the above entittled cause, and that I have read the foregoing statement
by my signature states that it is true in substance and in fact to
the best of my knowledge:

On 8-24-02, I received a memoradum from IL River
personal informing me of the start of pre-start on 8-26-02.  At the
same time/day I also received a letter/response from H.C.U.A. Alma
Holms informing me that my/I had an appointment to see the Hygenist
for this week as well not giving me a specific date.  I then send H.C.U.A.
a  request slip asking her to answer the other issues in my letter I
sent her and could she also contact the denist office and have my dental
appointment canceled, due to it conflicted with pre-start.  On 8-28-02,
I had a call pass to see the hygenist at 10:a.m.  that conflictedwith
manadatory pre-start for soon to be Parolees.  I reported to pre-start
at normal time *8;15-20am thru 11:15-30:.  Upon arriving I explained the
conflict to the inmate worker, he referred me to the speaker for the
day  counselor Sheopard.  The counselor  gave me all the necesary
material for the day and said I could be dismissed at 15 minutes before
10:00a.m.  At the proximate time of 9:40am I signed out of multi-purpose
bldg. with C/O Hillford, explaining the above.  He said I didn't have to
return.  After arriving to H.C.U. I signed in and waited for about 20 minutes.
The C/O then call me up to sign a refusal I advised him that I didn't say
that I was refusing he said I know but the hygenist brought this up and
said you'll refusing[b] but you'll next, sorry you just missed your turn.
C/O Munson returned from lunch at this time he ORDERED me to sign refusal
due to Hygenist refused to see me today stating that it was requested
to be cancelled thru request you sent to H.C.U.A. etc.  I explained I've
been waiting almost 1 year and I'm done with pre-start today and I want
to be seen she replied well I'll re-scedule you in 2-3 weeks cause you
made a mistake and put down cancel instead of reschedule.  I requested to
speak to H.C.U.A. Munson says shes not here that's why you can't talk to
her.  I continued to explain saying I feel I'm being discriminated against.
C/O Munson, then stated, "you'll 10 seconds away froman Isolent ticket
and 30 seconds away from me waking Lt. Fisher up to take you to seg.
I did sign refusal, Munson did and hygenist. I told him God Bless You and
he noted on call pass that I was to go back to pre-start.

**STATE OF ILLINOIS** )
                      ) SS:
**COUNTY OF FULTON**  )      **AFFIDAVIT**

        I, Hoyle Levi, being duly sworn depose and state that I am the Affiant in the above entittled cause, by my signature states as to the matter therein is true and correct in substance and in fact to the best of my knowledge.

        I was looking in the Large dictionary on 6-7-02, which is found in the library right in front of table where Mrs Ham was standing that appeared she was confusing the gentleman that was awaiting for legal-copies. When inmate Hale was walking by with a stapler in his hand that he pick up for front desk. He then stopped for a brief movement and stated to inmate at copier desk "dont forget to send a copy to your lawyer" in a low voice. Mrs. Ham then stated, "Hale dont talk to people when I'm waiting on them". Hale shook his head saying alright, not saying a word. Later that day on the R.U. about 8:00 Hale told me he had received a bogus IDR. written by Mrs. Ham. He asked would I witness for him that this ticket is all lies. I said yeah, and I'll even write a sworn statement for you. Let it also be noted, I visit the library regularly and so does Mr. Hale. I've observed how the librarians at the library mistreats Hale provoking harrassment, and talking to him in very disrespectful manner. I believe that this is retaliation for Mr. Hale assisting many inmates in the law library with there legal work. (Note: At 12:15 library librarian Burkhart denied me NotARY of this AFFIDAVIT as well as denied me photo-copies after he read it).

NOTARIZED UNDER AND BY TITTLE 28                   AFFIANT  Hoyle Levi
SECTION 1746, UNDER THE PENALTY OF PERJURST. B46445
ON THIS 17TH DAY OF JUNE, 2002.

_____ day of _____ , 20_____

EXHIBIT 30

STATE OF ILLINOIS    )
                     ) SS:
COUNTY OF FULTON     )

Notarized under tittle 28
U.S.C. Section 1746 under
the penalty of perjury. On
this __9TH__ day of June ,
2002.

### AFFIDAVIT

I, Donald Sheehy , being duly sworn do depose
and state that I am the Affiant in the above entittled cause;
that I have read the foregoing and by my signature, states
as to the matter herein is true and correct in substance and in
fact to the best of my knowledge.

On 6-7-02, I was visiting the IL River library at about
5p.m. For the first 20 minutes inmate Hale had helped me
prepare some legal pappers. Eventually, I was called for
notary and legal-copies by librarian Ham. She then began reading
the affidavit asking me what was the affidavit for and where was
it going, she appeared a little confusing to me by the fast
speed she spoke in. I responded they're going to the Court &
my lawyer. While Mrs. Ham continued reading my papers Mr.
Hale walked by coming from the sign in desk with a black stapler
in his hand and quietly stated dont forget the copy for your lawyer.
I said alright. Librarian Ham then looked up at Mr. Hale
giving him a not so pleasant look, and said, " Mr. Hale when I'm
waiting on people dont talk to them". Hale never, said anything
and return to the table where he had been working, and began to
staple his legal papers together that he had just gotton copied
and notarized by librarian Ham. After she finished my copies
Ham stated,, " now you are getting involved with the wrong
person," referring to Mr. Hale. Let it also be made know
at the time when I was receiving my copies/notary by librarian
Ham.Mr. Hale never did say "it's a fucken affidavit" as Ham has
stated in his ticket.

Donald Sheehy AFFIANT

STATE OF ILLINOIS    )
                     )  SS:    |EXHIBIT 32|
COUNTY OF CHRISTIAN )

## AFFIDAVIT

I, __Gregory Hale__ , depose and state that as to the matters herein, I am the ___AFFIANT___ in the above entitled cause; that I have read the foregoing document, by my signature, and that the statements contained therein are true in substance and in fact.

On 5-2-01, I received a call-pass/I.D.O.C. program committe, to go hear IDR/ticket at 8:45a.m. Upon arriving to Clinical Service my IDR was heard by Counselor Tom Patterson. He read off the charge #307 and then asked how do you plead? I handed him an Affidatvit dated 4-27-01, in which I pleaded NOT GUILTY. After reading it I asked did he get my witnesses, he said no I explained that, at the time IDR was served by C/O Adams, he refused to let me put witneses names on ticket before giving me my copy. I was then found not guilty. At aproximately 12:25p.m. I was told to report to central control and bring a money voucher. I did. At that time , Lt. Sulcer, show me money voucher that I had written out on 4-27-01, stated Legal-Copies /Bogus Idr C/O Hager #10668 written by . Lt. said this is not allowed, you just need to put Legal-copies only, Iexplained the many M.V. that I accumulate etc. he then showed and explained money voucher what it read and that it wasn't acceptable to, i plain clothes older man, A/W Jones as he stated to Jones he already showed it to th Warden and they'll say its not acceptable, and Lt. refused to give me a copy of original money voucher, and I was forced to rewrite money voucher excluding facts.

                                        AFFIANT

Subscribed and sworn to before me this
__2ND__ day of __MAY__ , __200!__

NOTARY PUBLIC

```
OFFICIAL SEAL
MEL E. DROZS
Notary Public — State of Illinois
My Commission Expires May 3, 2003
```

EXPIRATION OF COMMISSION

IN THE UNITED STATES DISTRICT COURT

FOR THE

CENTRAL DISTRICT, ILLINOIS

| | | |
|---|---|---|
| GREGORY HALE | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | Case No. 01-3052 |
| | ) | |
| AUGUST SCOTT et, al. | ) | |
| Defendants, | ) | |
| | ) | |

## MOTION FOR ACCESS TO THE COURTS

### FOR ADEQUATE LAW LIBRARY  VISITATION HOURS

Now comes Gregory Hale Plaintiff, pro se pursue to the
Rules of F.R.C.P. and respectfully requests that this Court grants
its Motion For Access To The Courts For Adequate Law Library
Visitation Hours.  In support of his Motion the Plaintiff states
the following;

1.  He is presently incarcerated at the IL River C.C. located
in Canton, IL.

2.  Plaintiffwas transferred here from Taylorville minimum
security prison in retaliation for his litigation activities.

3.  Since plaintiff has arrived at the IL River C.C.  he has
been and continues to be harrassed and discriminated against by
the IL River  C.C. staff/Library  staff includes Mrs. Fairburn.
Ms. Debbie Sue Ham, & Mr. Don Burkhart.   Library staff has succ-
fully denied me access to the courts by allowing me a three visits
per week most of the time to the law library for a 1 hour visiting
period which is actually shorter do to the line being call to      .
R.U. late and C/O and staff dismissing library periods early.
However, most recent this past week from 3-9-02 thru 3-15-02, my
request has been totally ignored by staff dispite the requests I've
intially turn in to staff in person and the many I've sent to them
by placing them in the R.U. Mail Box pursuant to prison procedure.

4.  I've multi criminal actions pending in both Cook County
Circuit Court (Post Conviction) and a case pending in the IL S.C.T.
Also I've multi civil cases pending in this Court as well as the
CT. Of CL./IL. On 2-14-02, I filed my most recent grievence on
Libarian Fairburn due to her denying me of photo-copies I needed
to include in filing my Motion For Summary Judgement in the CT. CL.

Also prior to this grivience I filed my intial griv. on Librarian Ham/Lib. procedure and she threat me that it's going to cost me"revocation of my libray priviledges"(this was filed about 11-23-02) and ironiclly since that aproximate date I've been denied weekend Library call pass, when prior to threat I'd been receiving them regularly. Staff knows this successfully hinders and denies me access to the courts due to the fact that on week ends(Sat. & Sun.) are the only schedule days for inmates to have two (2) bours vists to prepare there legal work, in which inmates are only given 1 of the 2 days to visit the library. In other words I've not re-ceived a week-end call-pass in nearly four months in which I've always and continues to requested to libray staff and Assistant Warden of Programs Birley. One of the many inmates that can attest to this denial is Mr. Dale Miller #C-01939, that visits the library regularly and that is housed in R.U. #3 D. This is clear reprisal that the I.D.O.C. has conpired to maliciously hinder my litigation activities and to deny me my right of access to the courts(See copy of most recent filed griv./library with staff reply on other side).
5. Since plaintiff has been visiting the IL River library it has never be filled to its capacity or even close.
6. Plaintiff has a Court deadlines drawing near in the case at bar and he has deadlines for filing documents to the Court Of Claims for a recently schedule hearing set for May 1, 2002, 10a.m. in the James R.Thompson Center, CHGO, IL & the IL River C.C. video conf. pursuant to Court Commissioner Rochford.
7. Plaintiff will not beable to effective prepare and participate in upcoming conference etc. without adequate Law Libray ORDER serve on the Defendants(Resdent Units are usually noise and inmates most of them have little or no respect or disregard for one who is attempting to prepare legal work/study.

WHEREFORE, Gregory Hale, Plaintiff respectfully prays that this Court grants his Motion For Access To The Court, for an indefinite period of time or until these pro-ceedings has been deposed of, regardless of where what prison the plaintiff is housed in presiding C.A.O. must honor this Court ORDER. That such ORDER states, "The Plaintiff is to be given 5 days per week with 1 weekend to have access to the prison Law Library. AND THAT A COPY OF SAID ORDER BE SENT TO THE PLAINTIFF.

Respectfully submitted,

Gregory Hale Pro Se
Reg. No. K60259
P.O. Box 999 Canton II

[EXHIBIT 35]

STATE OF ILLINOIS )
                  ) SS:
COUNTY OF CHRISTIAN)

### AFFIDAVIT

I Gregory Hale #K-60259, being duly sworn do depose and state, that the statement below is true in substance and in fact.

On April 23, 2001, at Aproxiamately 1:30pm, I requested a legal envelope from Paralegalist Ms. Vanhooser. At this time she refused to give me one stating if I didn't fit the 3 reasons. 1. INDENGIENT. 2. IN NO SHOPAND VERIFY THE DEADLINE BEFORE NEXT TIME YOU SHOPP. Cause envelopes are being provide from inmates benefit funds. Refusing to give me an legal envelope. Note: Just this morning at about 10:15am, when I was assisting inmate Benjamin Oduntan in reveiwing some sheopardised cases (3) Librarian M. Drozs had just given him. I noticed 1 of the case of the 3 that had no citing, I'd recently sheopardised that case and it had many citing/references. So I pulled my sheopard of the case and I was right. We then brought this to the attention of Drozs that gave no explanation, him or Paralegalist Vanhossier. As I explained to Bejamin this appears to be nothing then another clear example of deceptive practices on behalf of Taylorville C.C./I.D.O.C. staff. We then requested them to resheopardise the cases (3 of 6) in which they later did.

_____
GREGORY HALE/AFFIANT

Subscribed and sworn before me
this *** 23RD day of  April  2001

Notary Public_____

Expiration Of My Commission _____

OFFICIAL SEAL
MEL E. DROZS
Notary Public — State of Illinois
My Commission Expires May 3, 2003

[EXHIBIT 6]                                          IR1

**George H. Ryan**                                   4
Governor

# Illinois
### Department of
# Corrections

**Donald N. Snyder, Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

April 30, 2002

Gregory Hale
Register No. K60259
Illinois River Correctional Center

Dear Mr. Hale:

This is in response to your grievance received on March 7, 2002, regarding a transfer to East Moline Correctional Center. This office has determined the issue will be addressed without a formal hearing.

Your transfer was denied by the Transfer Coordinator on February 19, 2002, with the rationale appropriately placed.

Based on a review of information submitted, this office recommends the grievance be denied. The transfer has been reviewed in accordance with established Department rules and procedures.

FOR THE BOARD: _____
Sheila M. Love
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Donald N. Snyder, Jr.
Director

cc:   Warden John C. Battles, Illinois River Correctional Center
      Gregory Hale, Register No. K60259
      Chron. File





[EXHIBIT 62]



**George H. Ryan**
Governor

## Illinois
### Department of
## Corrections

**Donald N. Snyder, Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL  62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

October 10, 2002

Gregory Hale
Register No. K60259
Illinois River Correctional Center

Dear Mr. Hale:

This is in response to your grievance received on October 2, 2002, regarding mail handling (Court of Claims notice - 7/5/02), which was alleged to have occurred at Illinois River Correctional Center.  This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report and subsequent recommendation dated September 20, 2002 and approval by the Chief Administrative Officer on September 23, 2002 have been reviewed.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration.  It is, therefore, recommended the grievance be denied.

FOR THE BOARD: _____
Nancy S. Tucker
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Donald N. Snyder, Jr.
Director

cc:  Warden John C. Battles, Illinois River Correctional Center
Gregory Hale, Register No. K60259
Chron. File



[EXHIBIT 63]



# Illinois
**Department of**
# Corrections

**George H. Ryan**
Governor

**Donald N. Snyder, Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL  62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

October 10, 2002

Gregory Hale
Register No. K60259
Illinois River Correctional Center

Dear Mr. Hale:

This is in response to your grievance received on October 2, 2002, regarding a disciplinary report dated August 6, 2002, which was alleged to have occurred at Illinois River Correctional Center.  This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report and subsequent recommendation dated September 11, 2002 and approval by the Chief Administrative Officer on September 11, 2002 have been reviewed.

Based on a review of all available information and a compliance check of the procedural due process safeguards outlined in Department Rule 504, this office is reasonably satisfied you committed the offense and recommends the grievance be denied.

FOR THE BOARD: _____

Nancy S. Tucker
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____

Donald N. Snyder, Jr.
Director

cc:   Warden John C. Battles, Illinois River Correctional Center
      Gregory Hale, Register No. K60259
      Chron. File



[EXHIBIT 64]



**Rod R. Blagojevich**
Governor

**Illinois**
**Department of**
**Corrections**

**Donald N. Snyder, Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

January 15, 2003

Gregory Hale
Register No. K60259
Illinois River Correctional Center

Dear Mr. Hale:

This is in response to your grievance received on December 5, 2002, regarding staff conduct (request cellie change), which was alleged to have occurred at Illinois River Correctional Center. This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report and subsequent recommendation dated November 6, 2002 and approval by the Chief Administrative Officer on November 8, 2002 have been reviewed.

Department records indicate you no longer cell with Castaneda B56233. Additionally, this office notes you have no declared enemies at the Illinois River facility.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration. It is, therefore, recommended the grievance be denied.

FOR THE BOARD:  _____
Nancy S. Tucker
Administrative Review Board
Office of Inmate Issues

CONCURRED:  _____
Donald N. Snyder, Jr.
Director

cc:  Warden, Illinois River Correctional Center
     Gregory Hale, Register No. K60259
     Chron. File

[ EXHIBIT 65 ]



**George H. Ryan**
Governor

## Illinois
### Department of
## Corrections

**Donald N. Snyder, Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

August 23, 2001

SEP 2001
Received
Records Office

Gregory Hale
Register No. K60259
Illinois River Correctional Center

Dear Mr. Hale:

This is in response to your grievance received on August 21, 2001, regarding Mailroom (mail delivery at Taylorville Correctional) Center), which was alleged to have occurred at Taylorville Correctional Center. This office has determined the issue will be addressed without a formal hearing.

In accordance with Department Rule 504.850, this office has determined that the grievance is without merit; therefore, no action will be taken.

FOR THE BOARD: _____
Sheila M. Love
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Donald N. Snyder, Jr.
Director

cc:   Warden John C. Battles, Illinois River Correctional Center
Gregory Hale, Register No. K60259
Chron. File
Warden Groesch, Taylorville Correctional Center

SEP 2001
RECEIVED
T.C.C.
WARDEN



**Illinois**
Department of
**Corrections**

George H. Ryan
Governor

Donald N. Snyder, Jr.
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

December 16, 2002

Gregory Hale
Register No. K60259
Illinois River Correctional Center

Dear Mr. Hale:

This is in response to your grievance received on November 12, 2002, regarding medical treatment (10/3/02 - Naprosyn, Benzoyl Peroxide, and analgesic balm), which was alleged to have occurred at Illinois River Correctional Center. This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report and subsequent recommendation dated October 23, 2002 and approval by the Chief Administrative Officer on October 23, 2002 have been reviewed. The Illinois River Health Care Unit Administrator was also contacted and indicated you were scheduled for Nurse Sick Call on October 30, 2002, but were a no show.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration. It is, therefore, recommended the grievance be denied.

FOR THE BOARD: _____
Nancy S. Tucker
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Donald N. Snyder, Jr.
Director

cc:   Warden John C. Battles, Illinois River Correctional Center
      Gregory Hale, Register No. K60259
      Chron. File

JAN 2003
Received
IRCC
Records Office

# Illinois
## Department of
# Corrections

**Rod R. Blagojevich**
Governor

**Donald N. Snyder, Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

February 21, 2003

Gregory Hale
Register No. K60259
Illinois River Correctional Center

Dear Mr. Hale:

This is in response to your grievance received on January 8, 2003, regarding staff conduct, (damaged TV – November 27, 2002) at Illinois River Correctional Center. This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report and subsequent recommendation dated December 19, 2002 and approval by the Chief Administrative Officer on December 11, 2002 have been reviewed.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration. It is, therefore, recommended the grievance be denied.

FOR THE BOARD: _____
Jackie Miller
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Donald N. Snyder, Jr.
Director

cc:     Warden, Illinois River Correctional Center
        Gregory Hale, Register No. K60259
        Chron. File






**Illinois** [EXHIBIT 68]
Department of
**Corrections**

**Rod R. Blagojevich**
Governor

**Ernesto Velasco**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

February 27, 2003

Gregory Hale
9937 S. Merrill
Chicago, Illinois 60617

Dear Mr. Hale:

This is in response to your grievance received on January 22, 2003, regarding sentence calculation (Mandatory Supervised Release), which was alleged to have occurred at Illinois River Correctional Center. This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report and subsequent recommendation dated January 8, 2003 and approval by the Chief Administrative Officer on January 8, 2003 have been reviewed.

In accordance with Department Rule 504.850, this office has determined that the grievance is without merit; therefore, no action will be taken.

FOR THE BOARD: _____

Terri Anderson
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____

Ernesto Velasco
Director

cc: ✓ Warden John C. Battles, Illinois River Correctional Center
Gregory Hale, Register No. K60259
Chron. File





MAR 2003
RECEIVED
IRCC-Warden's
Office

**EXHIBIT**
I



[ExHIBIT 69]

**George H. Ryan**
Governor

**Illinois**
Department of
**Corrections**

**Donald N. Snyder, Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

September 20, 2002

Gregory Hale
Register No. K60259
Illinois River Correctional Center

Dear Mr. Hale:

This is in response to your grievance received on August 26, 2002, regarding 2 disciplinary reports dated June 3, 2002, and June 7, 2002, which was alleged to have occurred at Illinois River Correctional Center. This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report and subsequent recommendation dated August 19, 2002 and approval by the Chief Administrative Officer on August 19, 2002 have been reviewed.

This office reviewed the June 3, 2002, disciplinary report and subsequent Adjustment Committee Summary report dated June 10, 2002, was reviewed. Additionally, the June 7, 2002, disciplinary report and subsequent June 17, 2002, Adjustment Committee Summary report was reviewed.

Based on a review of all available information and a compliance check of the procedural due process safeguards outlined in Department Rule 504, this office is reasonably satisfied you committed the offense and recommends the grievance be denied.

FOR THE BOARD: _____
Nancy S. Tucker
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Donald N. Snyder, Jr.
Director

cc:    Warden John C. Battles, Illinois River Correctional Center
       Gregory Hale, Register No. K60259
       Chron. File

FR1



**Illinois**
**Department of**
**Corrections**

[EXHIBIT 70]

**George H. Ryan**
Governor

4

**Donald N. Snyder, Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

April 30, 2002

Gregory Hale
Register No. K60259
Illinois River Correctional Center

Dear Mr. Hale:

This is in response to your grievance received on March 7, 2002, regarding Staff Conduct (Alma Holm and Dr. Korman on January 8, 2002) and Medical (pain medication), which was alleged to have occurred at Illinois River Correctional Center. This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report and subsequent recommendation dated February 22, 2002 and approval by the Chief Administrative Officer on February 25, 2002 have been reviewed.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration. It is, therefore, recommended the grievance be denied.

FOR THE BOARD: _____
Sheila M. Love
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Donald N. Snyder, Jr.
Director

cc:    Warden John C. Battles, Illinois River Correctional Center
       Gregory Hale, Register No. K60259
       Chron. File



FR I

**George H. Ryan**
Governor

4

# Illinois [EXHIBIT 7I]
### Department of
# Corrections

**Donald N. Snyder, Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

April 30, 2002

Gregory Hale
Register No. K60259
Illinois River Correctional Center

Dear Mr. Hale:

This is in response to your grievance received on March 7, 2002, regarding Staff Conduct (Alma Holm and Dr. Korman on January 8, 2002) and Medical (pain medication), which was alleged to have occurred at Illinois River Correctional Center. This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report and subsequent recommendation dated February 22, 2002 and approval by the Chief Administrative Officer on February 25, 2002 have been reviewed.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration. It is, therefore, recommended the grievance be denied.

FOR THE BOARD: _____
Sheila M. Love
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Donald N. Snyder, Jr.
Director

cc:    Warden John C. Battles, Illinois River Correctional Center
       Gregory Hale, Register No. K60259
       Chron. File





Illinois
Department of
**Corrections**

[EXHIBIT 72]

**George H. Ryan**
Governor

**Donald N. Snyder, Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

October 10, 2002

Gregory Hale
Register No. K60259
Illinois River Correctional Center

Dear Mr. Hale:

This is in response to your grievance received on October 2, 2002, regarding a disciplinary report dated August 6, 2002, which was alleged to have occurred at Illinois River Correctional Center. This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report and subsequent recommendation dated September 11, 2002 and approval by the Chief Administrative Officer on September 11, 2002 have been reviewed.

Based on a review of all available information and a compliance check of the procedural due process safeguards outlined in Department Rule 504, this office is reasonably satisfied you committed the offense and recommends the grievance be denied.

FOR THE BOARD:

Nancy S. Tucker
Administrative Review Board
Office of Inmate Issues

CONCURRED:

Donald N. Snyder, Jr.
Director

cc:     Warden John C. Battles, Illinois River Correctional Center
        Gregory Hale, Register No. K60259
        Chron. File



