[EXHIBIT 75]

George H. Ryan
Governor



**Illinois**
**Department of**
**Corrections**

Donald N. Snyder, Jr.
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL  62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

September 20, 2002

RECEIVED
OCT 2002
IRCC—Warden's Office

Gregory Hale
Register No. K60259
Illinois River Correctional Center

Dear Mr. Hale:

This is in response to your grievance received on August 26, 2002, regarding 2 disciplinary reports dated June 3, 2002, and June 7, 2002, which was alleged to have occurred at Illinois River Correctional Center.  This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report and subsequent recommendation dated August 19, 2002 and approval by the Chief Administrative Officer on August 19, 2002 have been reviewed.

This office reviewed the June 3, 2002, disciplinary report and subsequent Adjustment Committee Summary report dated June 10, 2002, was reviewed.  Additionally, the June 7, 2002, disciplinary report and subsequent June 17, 2002, Adjustment Committee Summary report was reviewed.

Based on a review of all available information and a compliance check of the procedural due process safeguards outlined in Department Rule 504, this office is reasonably satisfied you committed the offense and recommends the grievance be denied.

FOR THE BOARD: _____
Nancy S. Tucker
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Donald N. Snyder, Jr.
Director

cc:   Warden John C. Battles, Illinois River Correctional Center
      Gregory Hale, Register No. K60259
      Chron. File

[EXHIBIT 74]    IR 1    4

**George H. Ryan**
Governor

**Illinois**
**Department of**
**Corrections**

**Donald N. Snyder, Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

April 30, 2002

Gregory Hale
Register No. K60259
Illinois River Correctional Center

Dear Mr. Hale:

This is in response to your grievance received on March 7, 2002, regarding a transfer to East Moline Correctional Center. This office has determined the issue will be addressed without a formal hearing.

Your transfer was denied by the Transfer Coordinator on February 19, 2002, with the rationale appropriately placed.

Based on a review of information submitted, this office recommends the grievance be denied. The transfer has been reviewed in accordance with established Department rules and procedures.

FOR THE BOARD: _____
Sheila M. Love
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Donald N. Snyder, Jr.
Director

cc:    Warden John C. Battles, Illinois River Correctional Center
       Gregory Hale, Register No. K60259
       Chron. File





**Illinois**
**Department of**
**Corrections**

[ EXHIBIT 75 ]

**George H. Ryan**
Governor

**Donald N. Snyder, Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL  62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

September 25, 2001

Gregory Hale
Register No. K60259
Illinois River Correctional Center

Dear Mr. Hale:

This is in response to your grievance received on August 20, 2001, regarding Staff Conduct (Taylorville Correctional Center staff, B. Murray, J. Mahan, A. Vanhooser, M. Drozs), which was alleged to have occurred at Taylorville Correctional Center. This office has determined the issue will be addressed without a formal hearing.

It is noted that your transfer to Illinois River Correctional Center occurred on August 8, 2001 was approved by the Transfer Coordinator's Office with the rationale, "bedspace needs."

In accordance with Department Rule 504.850, this office has determined that the grievance is without merit; therefore, no action will be taken.

FOR THE BOARD:  _____
Sheila M. Love
Administrative Review Board
Office of Inmate Issues

CONCURRED:  _____
Donald N. Snyder, Jr.
Director

cc:    Warden John C. Battles, Illinois River Correctional Center
       Gregory Hale, Register No. K60259
       Chron. File

OCT 2001
Received
IRCC
Records Office



EXHIBIT 76

George H. Ryan
Governor

**Illinois**
Department of
**Corrections**

Donald N. Snyder, Jr.
Director

Illinois River Correctional Center / P.O. Box 999 / Rt. 9 West / Canton, IL 61520 / Telephone: (309) 647-7030
FAX: (309) 647-0353 / TDD: (800) 526-0844

**MEMORANDUM**

**DATE:** December 28, 2001

**TO:** Hale, Gregory, K-60259
R3-A-12

**FROM:** John Holak, Grievance Officer
Illinois River Correctional Center

Received
IRCC
Records Office

**SUBJECT: Grievance # 01-641, Addendum**

This addendum is written to finalize Grievance # 01-641 regarding Librarian Hamm and the Law Library. The grievance was referred to Library Supervisor, Ola Brown for review ad response. The Library Supervisor indicates the following:

1. Library staff is required to scan all material, legal and educational, prior to photocopying to verify the content.

2. Call Passes were not issued for Dec. 2 and Dec. 3, 2001 because the request did not come in until Dec. 3rd. Inmate Hale is recorded as being in the Library on Dec. 5, 6, & 7th, 2001, which allowed ample time according to the court and Library guidelines.

3. Photocopies are made for inmates on both weekends and weekdays if the inmate requests them on time, and can show a need for them. These copies are on loan to the inmates for a period of two weeks.

4. Library staff does monitor the law clerks to the extent of their responsibilities.

5. Typewriters are furnished to the inmates as a privilege. Two typewriters are available for use in the Library and correction tape is available.

It appears that staff misconduct is not substantiated and that the Library Supervisor confirms that Library services are being appropriately provided. It is recommended that the grievance be denied.

Concur, John C. Battles, Warden                 Do Not Concur, John C. Battles, Warden
JH/jrm

MF  K60259

K 60259     4

# Illinois
### Department of
# Corrections

[EXHIBIT 77]

**George H. Ryan**
Governor

**Donald N. Snyder, Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL  62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

March 28, 2002

Gregory Hale
Register No. K60259
Illinois River Correctional Center

Dear Mr. Hale:

This is in response to your grievance received on January 25, 2002, regarding Staff Conduct (Ms. Hamm on December 1, 2001) and Library (access, equipment, copies and law clerks), which was alleged to have occurred at Illinois River Correctional Center.  This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report and subsequent recommendation dated December 28, 2001 and approval by the Chief Administrative Officer on December 28, 2001 have been reviewed.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration.  It is, therefore, recommended the grievance be denied.

FOR THE BOARD: _____

Sheila M. Love
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____

Donald N. Snyder, Jr.
Director

cc:   Warden John C. Battles, Illinois River Correctional Center
      Gregory Hale, Register No. K60259
      Chron. File

[EXHIBIT 78]

**Illinois**
**Department of**
**Corrections**

Here

**George H. Ryan**
Governor

**Donald N. Snyder, Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

September 25, 2001

Gregory Hale
Register No. K60259
Illinois River Correctional Center

Dear Mr. Hale:

This is in response to your grievance received on August 17, 2001, regarding Staff Conduct (Counselor Murray at Taylorville Correctional Center on August 6, 2001), Classification (security level raised at Illinois River Correctional Center), and Transfer (allegedly based on staff retaliation), which was alleged to have occurred at Taylorville Correctional Center. This office has determined the issue will be addressed without a formal hearing.

It is noted that your transfer to Illinois River Correctional Center occurred on August 8, 2001 was approved by the Transfer Coordinator's Office with the rationale, "bedspace needs."

In accordance with Department Rule 504.850, this office has determined that the grievance is without merit; therefore, no action will be taken.

FOR THE BOARD: _____
Sheila M. Love
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Donald N. Snyder, Jr.
Director

cc:    Warden John C. Battles, Illinois River Correctional Center
       Gregory Hale, Register No. K60259
       Chron. File

OCT 2001
Received
IRCC
Records Office

**Illinois Department of Corrections**

[ EXHIBIT 79 ]

**George H. Ryan**
Governor

**Donald N. Snyder, Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

September 25, 2001



RECEIVED
OCT 0 9 2001
OFFICE OF
INMATE ISSUES

Gregory Hale
Register No. K60259
Illinois River Correctional Center

Dear Mr. Hale:

This is in response to your grievance received on August 20, 2001, regarding Staff Conduct (Taylorville Correctional Center staff, B. Murray, J. Mahan, A. Vanhooser, M. Drozs), which was alleged to have occurred at Taylorville Correctional Center. This office has determined the issue will be addressed without a formal hearing.

It is noted that your transfer to Illinois River Correctional Center occurred on August 8, 2001 was approved by the Transfer Coordinator's Office with the rationale, "bedspace needs."

In accordance with Department Rule 504.850, this office has determined that the grievance is without merit; therefore, no action will be taken.

FOR THE BOARD: _____
Sheila M. Love
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Donald N. Snyder, Jr.
Director

cc:   Warden John C. Battles, Illinois River Correctional Center
      Gregory Hale, Register No. K60259
      Chron. File

$I R | 4$

 **Illinois** [EXHIBIT 80]
Department of
**Corrections**

**George H. Ryan**
Governor

**Donald N. Snyder Jr.**
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

December 11, 2001

Mr. Gregory Hale
Register No K60259
Illinois River Correctional Center

*Received*
*IRCC*
*Records Office*

Dear Mr. Hale:

This will acknowledge receipt of your grievance to the Administrative Review Board received November 1, 2001, regarding the following issues: staff conduct (retaliation transfer), at Taylorville Correctional Center and classification (increase in security classification), sentence credit (jail credit/calculation) at the Illinois River Correctional Center.

Your written grievance dated September 21, 2001, regarding the above referenced issues was reviewed. You request appropriate administrative action be initiated.

The counselor's response dated October 2, 2001, was reviewed. The Grievance Officer's report dated October 8, 2001, regarding these issues was reviewed. It was the recommendation of the Grievance Officer your grievance be denied and the Warden concurred on October 10, 2001.

Department records indicate your transfer from Taylorville to Illinois River was administrative, therefore, will not be addressed further.

Your security classification was designated as medium on August 3, 2001, citing additional information needed. This office notes you are serving 10 years for Aggravated Criminal Sexual Assault, 6 years (consecutive) for Aggravated Criminal Sexual Abuse and 3 years (concurrent) for Unlawful Restraint.

Your sentence calculation (arrest date) has been amended by the Illinois River Record Office upon receipt of the corrected mittimus from the sentencing court.

Recommendation: With regard to the staff conduct issue and sentence credit, based upon a total review of all available information, this office considers these issues moot.

With regard to the classification, based upon a total review of all available information this Chairperson recommends the grievance be denied as the inmate's classification has been reviewed in accordance with established Department policy and procedure.

For the Board:

Nancy S. Tucker, Chairperson
Administrative Review Board
Office of Inmate Issues

Concurred.

Donald N. Snyder, Jr., Director

Cc:    Warden John Battles, Illinois River CC
       Gregory Hale, Register No. K60259
       Chron. File

**Illinois**
**Department of**
**Corrections**

EXHIBIT 6

**George H. Ryan**
Governor

**Donald N. Snyder, Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

January 9, 2002

Gregory Hale
Register No. K60259
Illinois River Correctional Center

Dear Mr. Hale:

This is in response to your grievance received on December 21, 2001, regarding personal property (excess mail out), which was alleged to have occurred at Illinois River Correctional Center. This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report and subsequent recommendation dated November 27, 2001 and approval by the Chief Administrative Officer on November 27, 2001 have been reviewed. This office verified with Illinois River property office your excess property was processed for mailing on November 30, 2001.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration. It is, therefore, recommended the grievance be denied.

FOR THE BOARD:

Nancy S. Tucker
Administrative Review Board
Office of Inmate Issues

CONCURRED:

Donald N. Snyder, Jr.
Director

cc:   Warden John C. Battles, Illinois River Correctional Center
      Gregory Hale, Register No. K60259
      Chron. File

**Illinois** ⌐EXHIBIT *R2* ⌐
**Department of**
**Corrections**

**George H. Ryan**
Governor

**Donald N. Snyder, Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL  62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

July 26, 2002

Gregory Hale
Register No. K60259
Illinois River Correctional Center

Dear Mr. Hale:

This is in response to your grievance received on July 24, 2002, regarding a disciplinary report dated June 3, 2002, which was alleged to have occurred at Illinois River Correctional Center.  This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report and subsequent recommendation dated July 16, 2002 and approval by the Chief Administrative Officer on July 17, 2002 have been reviewed.

The June 3, 2002, disciplinary report and subsequent June 10, 2002, Adjustment Committee Summary Report were reviewed.

Based on a review of all available information and a compliance check of the procedural due process safeguards outlined in Department Rule 504, this office is reasonably satisfied you committed the offense and recommends the grievance be denied.

FOR THE BOARD:

Nancy S. Tucker
Administrative Review Board
Office of Inmate Issues

CONCURRED:

Donald N. Snyder, Jr.
Director

cc:    Warden John C. Battles, Illinois River Correctional Center
Gregory Hale, Register No. K60259
Chron. File

**Rod R. Blagojevich**
Governor

**Illinois**
**Department of**
**Corrections** ЕХНІВІТ 85

**Donald N. Snyder, Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

February 21, 2003

Gregory Hale
Register No. K60259
Illinois River Correctional Center

Dear Mr. Hale:

This is in response to your grievance received on January 8, 2003, regarding staff conduct, (damaged TV – November 27, 2002) at Illinois River Correctional Center. This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report and subsequent recommendation dated December 19, 2002 and approval by the Chief Administrative Officer on December 11, 2002 have been reviewed.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration. It is, therefore, recommended the grievance be denied.

FOR THE BOARD: _____

Jackie Miller
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Donald N. Snyder, Jr.
Director

cc:   Warden, Illinois River Correctional Center
      Gregory Hale, Register No. K60259
      Chron. File



**Illinois** [ EXHIBIT 84 ]
Department of
**Corrections** F

George H. Ryan
Governor

Donald N. Snyder Jr.
Director

Illinois River Correctional Center / Rt. 9 West / P.O. Box 999 / Canton, IL 61520 / Telephone: (309) 647-7030 / TDD: (800) 526-0844

## M E M O R A N D U M

**DATE:**        April 3, 2002

**TO:**          Trust Fund

**FROM:**        Alma Holm, Health Care Unit Administrator

**SUBJECT:**     Inmate Gregory Hale, K60259, 03 A12

After research it was found that the above referenced inmate was inadvertently charged $2.00 for medical services on December 16, 2001. Please see that the inmate has the $2.00 returned to his Trust Fund account. Thank you for your help in this matter.

AH/ps

Cc:    Medical Record
       Inmate Gregory Hale, K60259, 03 A12
       File

**MAHAN, JEAN**

## EXHIBIT 85

| | |
|---|---|
| **From:** | ROSS, JENNIFER |
| **Sent:** | Monday, July 30, 2001 7:51 AM |
| **To:** | MAHAN, JEAN |
| **Subject:** | RE: Hale K60259 |

We'll take care of it.

-----Original Message-----
| | |
|---|---|
| **From:** | MAHAN, JEAN |
| **Sent:** | Friday, July 27, 2001 3:41 PM |
| **To:** | ROSS, JENNIFER |
| **Cc:** | JONES, DARRELL; STEVENS, JIM |
| **Subject:** | FW: Hale K60259 |

 Jennifer, this is the same guy that is stalking the librarian. I think you should do an administrative transfer to a Medium prison. I forgot when we discussed this case that I would be in Marion for the first three days of next week. He needs to go and with a cloud over his head. He is one bad dude! And this makes two female staff that he makes very uneasy, time to cut off his ***** Jean

-----Original Message-----
| | |
|---|---|
| **From:** | MURRAY, BARBARA |
| **Sent:** | Friday, July 27, 2001 12:20 PM |
| **To:** | MAHAN, JEAN |
| **Subject:** | Hale K60259 |

**Jean,**
**Hey, is there anything can be done to get Hale out of this camp?**  Remember, I talked to you about him when I first started and you advised me just to confront him. I did and for a while he stayed away.  Now he is back to coming in for all kinds of little things and always filing asinine grievances.  He makes me VERY uneasy!!
**Like I said, I can't understand why someone like him should even be here.**
**Appreciate your response.  Thanks!**
**Barb**

1

EXHIBIT

_H_

EXHIBIT # 17

Here 4

R2-A17

Illinois Department of Corrections
COMMITTED PERSON'S GRIEVANCE REPORT

| Date: Sept 21, 2001 | Committed Person: (Please Print) Gregory Hale | | ID #: K-60259 |
|---|---|---|---|
| Present Facility: Illinois River C.C. | | Facility where grievance issue occurred: Illinois River C.C. | |

**NATURE OF GRIEVANCE:**

☐ Personal Property    ☐ Mail Handling    ☐ Transfer Denial:    ☐ Disability

☒ Staff Conduct    ☐ Dietary    ☐ By Transfer Coordinator    ☒ Other

☐ Restoration of Good Time    ☐ Medical Treatment    ☐ By Institution    Security/Arrest

☐ Disciplinary Report – Date _____    Where Issued: Date unjustly altered etc.

PAGE 1 – Committed person completes and sends to counselor who completes counselor response and returns to committed person. Committed person then decides whether or not to forward to Grievance Officer. Grievances on discipline go directly to Grievance Officer.

PAGE 2 – Grievance Officer completes, forwards to CAO; CAO responds and returns to committed person. Committed person then decides whether or not to forward to ARB.

THIS FORM IS NOT USED FOR PROTECTIVE CUSTODY DENIALS.

Brief Summary of Grievance:

I'm grieving that, 1. I was transferred from a MIN. prison(T.C.C) to I.R.C.C. in retaliation for filing a Civil Rights Complaint & my daily assisting many inmates challenging their condition of confinement & Post Trial Remedies. The transfer occurred on 8-8-01. In which I was never given an answer from the Counselor B. Murray, many C/O's Carver, Lt's personal property Officer B Of I Lt's etc. to why and where I'm being transferred until I actually got on the bus(this is unusual and all other transfers on that day and any given day always no there place of transfer). After arriving at I.R C.C. 3 weeks after waiting to see a counselor than I was informed by Counselor Glenn Putman of H.U #2 that the reason for my transfer was Starking Behavior. I explained that this is a cover-up for the RETALITORY TRANSFER, basicly he agreed after leraning that I never received any IDR or any other disciplary actions(this in itself is in violation of I.D.O.C. Adm Code 504 F). Next I learn my security level was raised from 3 A 1L to 2 A L & 2 M, this was also retalitory cause on 8-7-01, while visiting the T.C.C. Law Lib. my security level was 3 A L which is the lowest level possible. Today on 9-21-01, I was visiting the counselor Putman and we learn that it had been partially lower to 2 AL, he also advised me that the only way to get back into my rightfully level was to file a griv. due to again never where you disciplined for anything to lead you to be housed at a Medium Max. prison that is weird etc. Next, deprivation I unjustly suffered, I received a Blue I.D.=A escape risk according to staff accidently due to a pending case I've in Christian County which is a Petiton Of Habeas Corpus due to they're the defendants and that I personally served a copy of Petition to Warden Groesch my file should had showed that. The I.D. was issued on 8-30-01, from B Of I altho it incorrectly states issued on 8-20-01/I.R.C.G. Final, my Arrest date has been alter by 1 year after arriving at I.R.C.C. in which it has been the same incorrect date that out my entire incarceration. Prior to my transfer I was told by counselor Murray and others that on 10-19-01, that that they could put me in for my first 90 days of Meritous Good-time, due to this intentional alter I'll have to wait an additional year unless I get it correceted thru the courts before then. To verify this all that is needed is a review of my Sentence Calculation Sheets. Due, to these many injustices I've suffered many immeasureable damages, physical, mental anquish, embarrassment, harrassment and stress and have lost many hours of need slepp, wondering what kind of stunt/discriminatory action is I.D.O.C. et, al staff is going to pull next ?

Relief Requested: My arrest date to be correct in I.D.O.C. computer as it indicate prior to transfer on 8-8-01. To be placed back in # 3A L. 3. An interview with Records Office Supv. Julie Bohler. 4. To be put in for my first 90 days of M.G.T. on time less then 1 month from today. Know the names of I.D.O.C that place false charges on me from T.C.C. To be transferred to East Moline Min. C.C. A.S.AP. No more Retaliation from staff. To be present when this grievence is being answered.

**COUNSELOR'S RESPONSE**

Date Received: 9-27-01

Response: Inmate Hale - We are not in "basic" agreement in regard to your transfer from Taylorville to ICI. It is accurate to state that your conduct at Taylorville prompted your transfer to an increased security facility. 2nd The records etc. is awaiting an alternate response from the court in reference to your sentence calc. 3.

| Counselor Glen Putman | Glenn Putman | 10-2-01 |
|---|---|---|
| Signature | Print Name | Date of Response |

☐ Outside jurisdiction of this facility: grievances which arose from a facility other than the committed person's present location and denials of transfers from the Transfer Coordinator's Office forward directly to the Administrative Review Board, 1301 Concordia Court, P.O. Box 19277, Springfield, IL 62794-9277.

"1 you will be submittul for 90d mgt review side 1 at 30mos to ask 4th year escape risk reevaluation has been reevaluated and designated how. Your security level can be re-

Side 2

## GRIEVANCE OFFICER'S REPORT

Date Received: _10-4-1_    Date of Review: _10/8/1_    #01-499

Committed Person: _Hale, Greg_    R2A17    Number: _K60259_

Nature of Grievance: _Inmate grieves transfer to IRSC from Taylorville CC 8/8/1._
_Escape Risk Status, Security Status, Sentence calculation (arrest_
_date, alleges staff misconduct in all of this._

_Inmate's complaint read and reviewed. The Transfer of the_
_inmate was made at the prerogative of the IDOC. The_
_Record Office staff have officially inquired regarding a_
_verification of the arrest date. The inmate will be advised_
_by that staff upon final determination. MGT awards are_
_made at the descretion of the Agency and should it_
_be determined that the inmate is an appropriate_
_candidate for review, such review will occur at a time_
_decided by the Agency. The inmate's Escape Risk designation_
_is now Low and he may request a Security review in_
_Feb. 2002._                                    Received
_Staff misconduct is not substantiated._        IRCC
                                                Records Office

Recommendations: _Grievance be denied._

Grievance Officer    [signature]    _10/8/01_    _J. Holate_
                     Signature                    Print Name

## CHIEF ADMINISTRATIVE OFFICER'S RESPONSE

Date Received: _10/10/01_    ☑ I concur    ☐ I do not concur    ☐ Remand

Comments:

[signature]    _10/10/01_
Chief Administrative Officer    Date

## COMMITTED PERSON'S APPEAL TO THE DIRECTOR

I am appealing the Chief Administrative Officer's decision to the Director, via the Administrative Review Board. I understand this appeal must be submitted within 30 days of receipt of the Chief Administrative Officer's decision.

_____    -    _____
Committed Person's Signature/Number         Date

Copy: Original to Master File        A/W Security    Other: _____
CC:    Inmate    Date Received    A/W Programs    _____
       Warden                      Inquiry Board

DC 5657    _10-10-1_    ADMINISTRATIVE REVIEW BOARD
IL 426-17343                        1301 Concordia Court, P.O. Box 19277
                                    Springfield, IL 62794-9277

 

EXHIBIT 87

**HOLAK, JOHN**

| | |
|---|---|
| From: | BROWN, OLA |
| Sent: | Thursday, December 27, 2001 12:48 PM |
| To: | BATTLES, JOHN; HOLAK, JOHN |
| Cc: | SNOWDEN, RICHARD |
| Subject: | Response to I/M Hale's K60259 grievance dated 12/3/2001     Grievance officer report 12/19/2001 |

A response was requested by Jan. 4, 2002r

1st complaint: Ms. Hamm read his legal work
Library staff is required to scan all material, legal and educational, before copying to verify the content.

2nd complaint: Didn't call pass for 12/2 and 12/3
I checked the call passes to see what had happened. The library didn't receive Mr. Hale's request to come to the library until 12/3. The library stamps all call passes. However, the week of 12/2 Mr. Hale came to the library on 12/5, 12/6 and 12/7. Ample time according to the court and library guidelines.

3rd complaint: I/Ms are not allowed to make copies from law books (ILCS, NE) on weekends but are on weekdays.
Copies are run for inmates on both weekends and weekdays, if the inmates request them on time and can show a need for them. These copies are on loan to the inmates for a period of two weeks.

4th complaint: The library staff is not monitoring law clerks
Library staff does monitor the law clerks as to what they are working on, however staff are not paralegals and are not allowed to give legal opinion as to whether it is right or wrong. Inmates are aware that these are inmate law clerks and so far we haven't had any complaints from inmate patrons.

5th complaint: typewriters are broken
Typewriters are furnished to the inmates as a privilege and not a right. The courts prefer that it is typed but it is not mandatory. Two typewriters are available for use in the library and correction tape is available.

I do believe that Ms. Hamm followed library rules and procedure in all of the above inmate complaints.

If you have any questions, you may call me Jan. 2, 2002 at Hanna City Work Camp at extension #248

Ola Brown
Library Supervisor

***************************************************************************

|                          |                          |         |          | HOUSE | GAL | CELL |
| IDOC #:  K60259  NAME:  HALE, GREGORY |            |         | LIVING UNIT:  1A | 05 | 02 |

| INST | ASSIGNMENT/JOB DESCRIPTION | P | STARTING DATE | ENDING DATE | TERMINATION REASON | DATE |
| --- | --- | --- | --- | --- | --- | --- |
| TAY | MEDICAL UNASSIGNED, PARTICIPANT | Y | 02/05/01 | 09/08/01 | CMPL | 09/08/01 |
| TAY | UNASSIGNED, TAYLORVILLE | Y | 09/09/01 | | ACTIVE | |
| TAY | LOSS PRIV, COMMISSARY | N | 07/02/01 | 07/08/01 | CMPL | 07/08/01 |
| TAY | EDUCATION, PARTICIPANT | N | 02/26/01 | | CMPL | 04/03/01 |
| TAY | LOSS PRIV, YARD | N | 03/05/01 | 03/11/01 | CMPL | 03/11/01 |
| TAY | MEDICAL UNASSIGNED, PARTICIPANT | N | 01/29/01 | 05/29/01 | CHNG | 02/05/01 |
| TAY | ORIENTATION, PARTICIPANT | Y | 01/24/01 | | CMPL | 02/04/01 |
| LOG | SANITATION CREW, MAINTENANCE MAN | Y | 12/08/00 | | TRAN | 01/24/01 |
| LOG | BIBLE CLASS, PARTICIPANT | N | 10/20/00 | | TRAN | 01/24/01 |
| LOG | MAJORS OFFICE, MAINTENANCE MAN | Y | 12/08/00 | | CHNG | 12/08/00 |
| LOG | H.U. 9, JANITOR | Y | 10/29/00 | | CHNG | 12/07/00 |
| LOG | H.U. 6, JANITOR | Y | 10/05/00 | | CHNG | 10/28/00 |
| LOG | ORIENTATION, PARTICIPANT | Y | 09/20/00 | | CHNG | 10/04/00 |
| LIN | H U 1A, JANITOR | Y | 06/28/00 | | TRAN | 09/20/00 |
| LIN | LOSS PRIV, YARD | N | 08/17/00 | 08/23/00 | CMPL | 08/23/00 |
| LIN | H U 1A, JANITOR | Y | 05/27/00 | | CHNG | 06/27/00 |
| LIN | LOSS PRIV, COMMISSARY | N | 05/24/00 | 06/07/00 | CMPL | 06/07/00 |
| LIN | H U 1A, JANITOR | Y | 05/19/00 | | CHNG | 05/26/00 |
| LIN | VOC-COOP WORK TRNG, STUDENT | N | 12/19/99 | | CHNG | 05/20/00 |
| LIN | H U 1A, JANITOR | Y | 05/13/00 | | CHNG | 05/18/00 |
| LIN | H U 1B, JANITOR | Y | 07/18/99 | | CHNG | 05/12/00 |
| LIN | LOSS PRIV, CATALOG RESTRIC | N | 01/21/00 | 02/21/00 | CMPL | 02/21/00 |
| LIN | H U 2A, JANITOR | Y | 07/14/99 | | CHNG | 01/14/00 |
| LIN | H U 2A, JANITOR | Y | 07/14/99 | | CHNG | 12/18/99 |
| LIN | VOC-COOP WORK TRNG, STUDENT | N | 11/15/99 | | CHNG | 12/13/99 |
| LIN | LOSS PRIV, VISITING | N | 10/21/99 | 10/25/99 | CMPL | 10/25/99 |
| LIN | TEMP CONFINEMENT, LOCKUP | Y | 07/07/99 | | CHNG | 07/13/99 |
| LIN | LAUNDRY, LABORER | Y | 06/25/99 | | CHNG | 07/06/99 |
| LIN | H U 5B, JANITOR | Y | 06/04/99 | | CHNG | 06/24/99 |
| LIN | H U 5B, JANITOR | Y | 06/02/99 | | CHNG | 06/03/99 |
| LIN | H U 4B, JANITOR | Y | 04/01/99 | | CHNG | 06/01/99 |
| LIN | HOUSING WAIT LIST, PARTICIPANT | N | 12/16/98 | | CMPL | 05/10/99 |
| LIN | VISITING ROOM, JANITOR | Y | 03/31/99 | | CHNG | 03/31/99 |
| LIN | H U 4B, JANITOR | Y | 12/18/98 | | CHNG | 03/30/99 |
| BMR | H.U. 3, JANITOR | Y | 10/01/98 | | TRAN | 12/16/98 |
| BMR | METHODIST, PARTICIPANT | N | 06/05/98 | | TRAN | 12/16/98 |
| BMR | BAPTIST, PARTICIPANT | N | 06/05/98 | | TRAN | 12/16/98 |
| BMR | BIBLE CLASS, PARTICIPANT | N | 06/04/98 | | NCMP | 11/18/98 |
| BMR | BIBLE CLASS, PARTICIPANT | N | 08/07/98 | | NCMP | 11/18/98 |
| BMR | BIBLE CLASS, PARTICIPANT | N | 06/05/98 | | NCMP | 11/18/98 |
| BMR | LOSS PRIV, COMMISSARY | N | 10/03/98 | 10/18/98 | CMPL | 10/18/98 |
| BMR | EDUCATION, ASSISTANT | Y | 09/21/98 | | CHNG | 09/30/98 |
| BMR | H.U. 3, JANITOR | Y | 09/03/98 | | CHNG | 09/20/98 |
| BMR | ABE-MAND, STUDENT | Y | 07/08/98 | | CHNG | 09/02/98 |
| BMR | PAY RESTRICTED, PARTICIPANT | N | 02/27/98 | | CMPL | 08/29/98 |
| BMR | TEMP CONFINEMENT, LOCKUP | Y | 07/01/98 | | CHNG | 07/08/98 |

EXHIBIT 89

DERCR104                    ILLINOIS DEPARTMENT OF CORRECTION           PAGE:        2
                            OFFENDER TRACKING SYSTEM:    CR       RUN DATE: 08/02/01
08/02/01                SECURITY RECLASSIFICATION/ESCAPE RISK     RUN TIME: 14.44.57
NAME: HALE, GREGORY                      CURRENT LOCATION:   TAYLORVILLE
IDOC #: K60259                           CURRENT SECURITY:   MINIMUM        SEX:  MALE
LIVING UNIT: TAY-1A-05-02
SUPERVISION LEVEL:
*************************************************************************
5. RATIONALE FOR SECURITY/ESCAPE RISK VOTES:
    1. THREAT TO INST SECURITY         11. RECENT POSITIVE ADJUSTMENT
    2. ESCAPE RISK DESIGNATION         12. RECENT NEGATIVE ADJUSTMENT
    3. ADDITIONAL OBSERVATION NEEDED   13. PAST FAILURE IN REDUCED SECURITY
    4. TIME TO MSR/MAX RELEASE DATE    14. SCORED SECURITY DESIGNATION
    5. ADDITIONAL INFORMATION          15. MAJOR CRIMINAL CHARGES PENDING
    6. FELONY/IMMIGRATION WARRANTS     16. SERIOUS NATURE OF INCIDENT
    7. SERIOUS NATURE OF OFFENSE       17. OTHER_____
    8. NATURE OF OFFENSE               18. OTHER_____
    9. OVERALL POSITIVE ADJUSTMENT     19. REDUCED SECURITY APPROPRIATE
   10. OVERALL NEGATIVE ADJUSTMENT     20. INCREASED SECURITY APPROPRIATE
*************************************************************************
7.   FACILITY REVIEW:                            ESCAPE RISK    SECURITY
              RECOMMENDED ESCAPE RISK DESIGNATION: LOW
              ASSESSED SECURITY DESIGNATION:                    MINIMUM
         SIGNATURE        TITLE  CODE   DATE      VOTE   RTN     VOTE    RTN
PREPARING
COUNSELOR  _____      CC II  2633  8/2/01  (L) M  H    2   MN (MD) MX 3
CWS/CSS    _____      LSS   1257  8/2/01  (L) M  H    2   MN (MD) MX 3
STAFF REVIEW:

SECR SPEC  _____      ___   ___   ___    L  M  H  E  __
AW/PROG    Jennifer Moore  AWP  ___  8/3/01  (L) M  H  E  2   MN (MD) MX 3
AW/OPS     _____      AWP   ___  8-3-01  (L) M  H  E  2   MN (MD) MX 3
*************************************************************************
8.   WARDEN'S ACTION:                            ESCAPE RISK    SECURITY
              WARDEN'S DESIGNATION  (L) M  H  E   MN (MD) MX

   IF DIFFERENT FROM ASSESSED SECURITY DESIGNATION, RATIONALE: _____

   _____              8-3-01
            WARDEN'S SIGNATURE                     DATE
*************************************************************************
9. TRANSFER COORDINATOR'S ACTION:                    FINAL SECURITY

                                               MN (MD) MX

     THIS IS AN OVERRIDE OF THE ASSESSED SECURITY DESIGNATION:  YES ____

                                                                NO ____

                                          RATIONALE:  3

   _____              8/3/01
        TRANSFER COORDINATOR'S SIGNATURE            DATE
*************************************************************************

EXHIBIT 90

NAME:HALE, GREGORY          CURRENT LOCATION: TAYLORVILLE
IDOC #:K60259              CURRENT SECURITY: MINIMUM         SEX:    MALE
TRANSFER ID #: 006
*********************************************************************
11. RATIONALE FOR TRANSFER: ·              14. PREV NEG ADJ AT REQ FACILITY
    1. THREAT TO INST SECURITY             15. CRITICAL MENTAL HEALTH NEEDS
    2. ESCAPE RISK DESIGNATION             16. CRITICAL MEDICAL NEEDS
    3. ADDITIONAL OBSERVATION NEEDED       17. SUBSTANCE ABUSE
    4. TIME TO MSR/MAX RELEASE DATE        18. PROXIMITY TO INMATE'S NEEDS
    5. ADDITIONAL INFORMATION              19. PC/SAFEKEEPING
    6. FELONY/IMMIGRATION WARRANTS         20. CRIMINAL HISTORY
    7. SERIOUS NATURE OF OFFENSE           21. INSUFFICIENT REASON FOR TRANSFER
    8. NATURE OF OFFENSE                   22. BEDSPACE NEEDS
    9. OVERALL POSITIVE ADJUSTMENT         23. APPROPRIATELY PLACED
   10. OVERALL NEGATIVE ADJUSTMENT         24. TRANSFER REASONS CITED ON PAGE 1
   11. RECENT POSITIVE ADJUSTMENT          25. OTHER_____
   12. RECENT NEGATIVE ADJUSTMENT          26. INMATE REQUEST WITHDRAWN
   13. PAST FAILURE IN REDUCED SECURITY    27. DENIED CCC/REVIEW ED
*********************************************************************
12. STAFF REVIEW
    REQ / REC/ PLACEMENT(NAME/CODE) >>>>>  _Western IL CC_ / _WIL_

|                     | SIGNATURE | TITLE | CODE | DATE | PLACEMENT | RTN |
|---------------------|-----------|-------|------|------|-----------|-----|
| PREPARING COUNSELOR | _Thomas L. Patton_ | CCII | 2638 | 8/2/01 | WIL | 24 |
| SUPERVISOR          | _(signature)_ | CSS | 1457 | 8/4/01 | WIL | 24 |
| ASN OFF/CHM         | | | | | | |
| ASN COM             | | | | | | |
| ASN COM             | | | | | | |
| UNIT SUPT           | | | | | | |
| AW/PROG             | _(signature)_ | AWP | | 8/3/01 | WIL | 24 |
| AW/OPS              | _(signature)_ | AWO | | 8-3-01 | WIC | 24 |

*********************************************************************
13. WARDEN  ACTION:
         TRANSFER:   APPROVED   1    DENIED _____   PLACEMENT  _Wil_

    IF TRANSFER IS DENIED, RATIONALE: _____

  IF APPROVED AND PLACEMENT DIFFERS FROM RECOMMENDED, RATIONALE : _____
        _____   _8-3-01_
              WARDEN  SIGNATURE                 DATE
*********************************************************************
14. TRANSFER COORDINATOR  ACTION:
                                                    FINAL
         TRANSFER:   APPROVED  _V_   DENIED _____   PLACEMENT  _/R/_

    IF TRANSFER IS DENIED, RATIONALE: _____

  IF APPROVED AND PLACEMENT DIFFERS FROM WARDEN , RATIONALE : _W_
        _____   _8/3/01_
          TRANSFER COORDINATOR SIGNATURE        DATE

STATE OF ILLINOIS ) BEFORE THE COMMISSIONER
COUNTY OF COOK ) OF THE COURT OF CLAIMS
) OF ILLINOIS
)
Gregory Hale )
vs. # R-60259 Claimant, )
) No. 99 CC 4565
)
THE STATE OF ILLINOIS )
Respondent. )

## ORDER

THIS CAUSE coming before the Commissioner on:
___ pre-trial conference; X status call; ___ hearing on motions; ___ trial; and
___ Claimant ___ Respondent having appeared and the Court being
fully advised on the premises:

The following orders are entered of record:

___ This cause is continued to _____, 20___ at _____ a.m.
at the Court of Claims, James R. Thompson Center, 100 W. Randolph St.,
Suite 10-400, Chicago, Illinois 60601 for ___ pre-trial conference;
___ status call; ___ hearing on motions; ___ other_____.

___ This cause is set for trial on *October 16* _____, 2002 at *1:00* a.m. p.m

___ All motions shall be on file by _____.

___ All discovery shall be completed by _____.

___ This cause is continued generally pursuant to Rules 6 and 7.

___ The evidence and/or motions are taken under advisement pending a decision
by the Court thereon.

X Other: *Claimant Claimed notice of
hearing was nat received. Claimant's
motion to continue granted. Case continued
for trial to October 16, 2002 at
1:00 p.m*

Date: *8-8-02*                    *elizabeth m roefor*
Commissioner Elizabeth M. Rochford
Illinois Court of Claims

STATE OF ILLINOIS } SS: [EXHIBIT O]
COUNTY OF FULTON  }      2 of 2

### AFFIDAVIT

in which Placement personel basicly ignored. 14.  Sent mutlti
request to Assitant Warden Birkey, and CAO John C. Battles in
months of Nov. & Dec 2002. I have also complained to R.U. 2-C
C/O E. Woodcoxen et, al.  And Major Reins in which I spoke
to on Thanksgiving morning at %:30a.m. where he took my name
and number and stated if placement was open today he would
get Castanada moved due to the sabotage of my t.v. problems
et, al.

AFFIANT/GREGORY HALE

Subscribed and sworn to before me this

6th day of December , 2002 .

Notary Public

8/22/04

Expiration Of my commission


"OFFICIAL SEAL"
DON A. BURKHART
Notary Public, State of Illinois
My Commission Exp. 08/22/2004

STATE OF ILLINOIS    )
                     )  SS:
COUNTY OF FULTON     )

## AFFIDAVIT

       I, Gregory Hale being duly sworn do depose and
state that I am the AFFIANT in the above enttiled cause; that I
have read the foregoing and by my signature, states as to the matter
herein is true and correct in substance and in fact to the best of
my knowledge.

       FIRST MY PLEA IS NOT GUILTY, TO THE ALLEGED
ISOLENCE IDR/TICKET that I received written by Librarian Debbie
Sue Ham.  First, I never said the words "FUCKEN AFFIDAVIT" to
inmate Donald Sheehy #A92017, that I'd assisted in preparing some
legal papers prior to him getting notary & copies.  On 6-7-02,
at 5p.m. lbrary, I had just finished getting copies and notary
fromm Mrs. Ham.  After returning from front desk getting stapler
inorder to staple legal-material together, I spoke to Donald Sheehy,
that was waiting for Ham to finish reading his papers for notary.
I reminded him in a quit tone voice saying " dont forget the
copy for your lawyer".  Mrs. Ham then responded looking at me in
a  unpleasant way, " Mr. Hale when I'm waiting on people dont
talk to them".  I never said anything I just shook my head.  Let
it also be noted one of the papers Sheehy was getting Notariaed
was an AFFIDAVIT in support of my innocence in another IDR I'd
unjustly received at % 5:p.m. library per C/O Slater.
And to explain for me walking back and foward is as follows;
1.  I went to get a legal-material, form to receive legal supplies
do to I'd no funds on the books, 3 envelopes were provided to me
by Mrs Ham.  Next, I went to get stapler to staple my legal papers.
Final, I went and picked up some Sheopardizing forms and after
picking them up I turn them back in to clerk and received them
today 6-12-02.  Also for aproximately, 9 months I've been receiving
harrassment and  deliberate indifference from library staff.(In support
of this Please call my requested witnesses a. Donald Sheehy 3 A/21 &
Hoyle Levi 3 A/53.

                                           AFFIANT GREGORY HALE
                                           3 A 12 6-12-02
                                           Reg. no. K60259

Subscribed and sworn before me this
12th day of June , 20 02.
Don A. Burkhart
Notary Public

"OFFICIAL SEAL"
DON A. BURKHART
Notary Public, State of Illinois
My Commission Exp. 08/22/2004

EXHIBIT # 1

STATE OF ILLINOIS     )
                       ) SS:
COUNTY OF FULTON    )

## AFFIDAVIT

I, Leroy Corburn, depose and state that as to the matters
herein, I am the Affiant in the above enttitled cause and that the foregoing
document I have read, by my signature andthat the statements contained
therein are true in substance and in fact.

On 6-3-02 while inmate Hale was typeing a grievance for me on C/O Slater
from the 7-3p..m. shift The on duty library C/O Slater interrupted Hale 2 times
asking him "why did you sign out and come over here so early?" Hale said,
"I told you when I handed you my pass, I should've got 2 call passes but 1 the
55 p.m. pass never reached and he had this verified  earlier today." I was
in line behind Hale when we entered the  C/O desk and I did and fact hear him
explain this to 3-11p.m. shift C/O Slater.

C/O Slater left out of the library and 10 minutes later came
back to Hale at the typewriter with Hale's call-pass in his hand again. He
said, I have checked on my green sheet and the only time I've for you for a
call pass is at 6:30. Hale told him he could ask Librarian Fairburn to prove
this.  Slater said, well I'll tell you what  when library close you will not
be allowed to stay and get in your excess legal box. Shortly following library
 was called by Slater. At this time Hale was standing at the desk by copier
talking to Fairburn. When Slater yelled loudly  Hale get out.XX   Librarian
Fairburn said something to Slater referring to a white inmate and Hale.
Slater yelled loudly at Hale and Hale picked up his legal folder and left
saying something referering to his 2 call ½ pass. Hale was never loud nor
did he ever make any threating looks or geistures at C/O Slater,but Slater
was clearly disrespecting Hale in his voice tone and looks on his face.

                                         LEROY CORBURN  AFFIANT
                                         INST. #K56658

Subscribed and sworn to before me this

6th day of ___June___ , 2002

___Don a. Burkhart___
Notary Public

___8/22/04___
Expiration of my Commission

"OFFICIAL SEAL"
DON A. BURKHART
Notary Public, State of Illinois
My Commission Exp. 08/22/2004

EXHIBIT # 4

1  of  2

STATE OF ILLINOIS )
                  )  SS:
COUNTY OF FULTON  )

## AFFIDAVIT

   I, Donald Sheehy, depose and state as to the matter herein, I am the AFFIANT in the above entittled cause; that I have read the foregoing documents, by my signature, and that the statements contained therein are true in substance and in fact.

   On Monday 6-3-02, at 5p.m. library I was sitting at table in the library near inmate Hale, when I seen C/O Slater of the 3 to 11p.m. shift approach Hale numerous times when Hale was at the typewriter preparing a grievence. This C/O on both visits to speak to Hale he had a call pass in his hand and I could hear them disscussioning about a second pass Hale should had received but didn't.  This C/O actions reflected as being extremely hosile while standing over Hale speaking very loud and acted as if he wanted Hale to leave the law library immediately.

   When library was called over  by C/O Slater, I was standing at desk waiting on Librarian Fairburn to finish my legal copies and inmate Hale was standing behind me for atleast 10 minutes waiting for Fairburn to check on his 2nd call pass authorization.  Fairburn refused to stop and check computer or were every until she had completed everybodies copies, in which I was the last one.  Instantly after library was called over Fairburn stated to the C/O " I've to finish his copies and I've to check on his second call pass or something.  Slater, started to yell at Hale  forceing him to leave Hale said in a low tone that she going to check on the other call pass, Slater then said in a intimidating tone  where you'll going you aren't gonna need nothing.  Hale went and picked up his folder and left out quietly as Slater continued slandering to Hale.  After my copies was done I left and when I reached the sidewalk I seen Hale and the Major and a Captain and C/O Slater talking again with what look like a call pass that the Major hand in his hand showing Slater as he spoke.

EXHIBIT # 4

STATE OF ILLINOIS )
)           2  of  2
COUNTY OF FULTON  )

## AFFIDAVIT

Final, let it me noted that on June 4, 2002, I was in the core
of R.U. 3 when I spoke to Hale prior to him receiving his ticket
and he asked do you recall the incident in the library yesterday
basicly, I said, yeah and he asked if he could put me on his
IDR/ticket for a witness in his defense? I said, yeah, when
Hale stared writeing my name on ticket C/O Lane then snatched the
IDR out of his hand and stated sign it on the yellow copy only.
Hale said he wanted it to be signed so his witnesses appear on
all 3 copies of IDR Lane said take this ticket and get the hell
out of here.  Hale then went back on R.U. 3A.  Seconds later
after I had my legal paper together in big envelope I asked
C/O Lane could I use the stapler.  He said hell no, in a unpro-
fessional and Isolent manner.

Mr Donald Sheehy A92017
AFFIANT DONALD SHEEHY
I.D.O.C.#A92017

Subscribed and sworn to before me this
17th   day of   June, , 20 02 .

Notary Public

3-1-02

Expiration of my commission

"OFFICIAL SEAL"
DEBBIE SUE HAMM
Notary Public, State of Illinois
My Commission Exp. 03/01/2005

STATE OF ILLINOIS   }   SS:   [EXHIBIT 30]

COUNTY OF FULTON   )

## AFFIDAVIT

    I, Gregory Hale, being duly sworn do depose and state that I am the AFFIANT in the above entittled cause; that I've read the fllregking documents and by my signature, states as tk the matter herein, in in true and correct in substance and in fact tk the best kf my knllwledge;

    ON 6-4-02, I NOTICED MY LIBRARY CALL PASS WAS AUTHORIZED BY R. FAIRBURN. THE DATE WAS FOR 6-5-02=TIME AT 2:OOP.M. THE NEXT DAY I ASKED OTHER INMATES ON H.U. 3A "WHAT TIME WERE THERE CALL-PASSES FOR? everybody else call-passes WERE FOR 12:15P.M. AT ABOUT 9:40 A.M. I PHONED MY ATTORNEY (G.W.B.). AND LEFT A RECORDED MESSAGE OF LIBRARY STAFF AND SECURITY PERSONEL ARE CONTINUEING TO HARRASS AND CONSPIRER TO GIVE ME FALSE IDR'S ETC. AT 10:15a.m. I BROUGHT MY CALL-PASS FOR LIBRARY TO CORE R.U. C/O SIMMONS. I REQUESTED THAT HE CALL LIBRARY TO VERIFY THE TIME ON MY PASS FOR TODAY 6-5-02, WAS INCORRECT. HE DID AND SPOKE LIBRARIAN BURKHART AND ASKED, "IS THERE ANY REASON WHY HALES LIBRARY CALL-PASS IS FOR @.P.M. AND EVERYBODY ELSES IS FOR 12:15.p.m.? HE SAID, BURKHART STATED "IT'S A COMPUTER ERROR". NOTE: I'VE 2 COURT DATES/DEADLINES THIS MONTHS !. A Case MANAGEMENT PER CENTRAL DISTRICT COURT FOR 6-18-02. 2. A VIDEO CONFERENCE PER COURT OF CLAIMS OF IL FOR 6-27-02. THIS IS A CLEAR EXAMPLE OF STAFF AT ILLINOIS RIVER PRACTICING RETALIATION BY DECEPTIVE PRACTICES, THAT HAVE BEEN IMPOSED ON ME SINCE MY ARRIVAL AT IL RIVER C.C. NOTE: I ALSO RECEIVED A SECOND ACCESS TO EXCESS LEGAL BOX CALL-PASS TO DAY, DUE TO I WAS DELIBERATELY DENIED ACCESS ON 6-3-02, PER LIBRARIAN FAIRBURN AND C/O SLATER.

    ON 6-12-02, AT 10a.m. LIBRARY, I RECEIVED LEGAL=COPIES AND A NOTARY OF AFFIDAVIT PURSUE TO AN IDR WRITTEN ON 6-7-02, I asked BURKHART DID HE HAVE TO READ IT HE STATED YEAH CAUSE IF MY NAME IS MENTIONED IN IT I'M NOT SUPPOSE TO NOTARIZE IT. NOTARY AND COPIES WAS DONE. I THEN ASKED HIM LAST WED YOU PUT ME IN FOR AN WEEKEND CALL PASS (AN EXTRA 1) DUE TO MY COURT DEADLINE THAT I PROVIDED YOU PROOF OF PER COMMISSIONER OF THE COURT OF CLAIMS OF ILLINOIS. I THEN ASKED WHY DIDN'T I GET IT? HE EXPLAINED      SEEN YOU HELPING OTHER INMATES, SO THEY HAD TO TAKE YOU OUT FOR THAT PASS. I EXPLAINED THAT WAS AFTER I HAD COMPLETED SO MUCH OF MY LEGAL WORK FOR THAT DAY" HE STATED YEAH BUT I DONT KNOW WHAT TO TELL YOU THAT'S WHAT THEY DID. I THEN THANKED HIM FOR INFORMING ME OF THE REASON WHY I DIDN'T RECEIVED CALL-PASS AND THAT IT KINDA OF MESSED ME UP IN PREPARATION FOR UP COMING HEARING. NOTE: THERE IS NO SIGN NOR MEMO POSTED IN LIBRARY ON IN INSTITUTION THAT STATES IF AN INMATE IS FOUND HELPING ANOTHER INMATE PRIOR TO HIS COURT DEADLINE HE WILL BE DEIED ACCESS TO LAW LIBRARY.

                /s/ _____
                        GREGORY HALE/AFFIANT

Subscribed and sworn before me on this 14th day of June , 20 02 .

_____
NOTARY PUBLIC

EXP. 3-1-05

EXPIRATION OF MY COMMISSION

"OFFICIAL SEAL"
DEBBIE SUE HAMM
Notary Public, State of Illinois
My Commission Exp. 03/01/2005

EXHIBIT # 2

STATE OF ILLINOIS.  )
                    )  SS: [ EXHIBIT 22 ]
COUNTY OF FULTON    )

## AFFIDAVIT

I, ___GEORGE R. TUTTLE___ , depose and state that as to
the matters herein, I amf the Affiant in the above entittled cause; that I
have read the foregoing document, bymy signature and the statements contained
therein are true in substance and in fact to the best of my knowledge.

On 6-3-02, at 5p.m. library I was preparing some legal work. I observed
library C/o Slater stop at typewriter by inmate Hale of 3 A on two occassions
with a call pass in his hand. When I looked over at Hale he was typeing a
grivence. On both vists to Hale the C/O was speaking extremely loud at Hale
whop all during conversation remain seated.

When C/O Slater called libray's over, I saw Hale standing
at foont desk by copier, speaking to libaryan Fairburn. Fairburn then said
to Hale , "when I finish copying this guys papers I'll check on your call
passes, I haven't had a chance to do so yet". Slater then yelled again
extremely loud Library's close Hale leave out." Hale said she asked him to
wait cause she is going to verify my second call pass, but I need to pick up
mylegal folder from over there first. Slater then scream, no you dont have
to get it cause where you're going you aint going to need nothing. Hale then
signed out and left library. Note: the other white male inmate remain at
desk with librarian Fairburn. This C/O Slater action were extremely hostile
toward inmate Hale for no reason. HALE All during this entire ordeal it
was clear that Slater was harrassing and threating Hale and making facial
geisture at him/in his face in an intimidatating manner. Hale said,
nothing other then the mention of a 2 call pass for 5 p.m. library and
never did he show any disrespect to C/O Slater. After library I over
heard Slater speaking to the Sgt. on the sidewalk tell lies on Hale, that
he refused to leave library and he signed out on his 6:30p.m. call pass
to early. Next, the Sgt. had Slater call Major Reins and 1 Captain over
that they'll was already outside on the sidewalk by the Dietary, they began
talking to Hale and Slater with a call pass in Major Reins Hand. The library
line left but staff made Hale stay.

Subscribed and sworn to before me this
___6___ DAY OF __June__ , 2002

AFFIANT / GEORGE R. TUTTLE
INST.#B23085
Notarized under and by tittle 17
Section 1746 under the penalty of Perjury
U.S.C.
on this 6Th day of June 2002.

State of Illinois )
                  ) SS
County of Fulton )

Notorized Under and By title 17
U.S.C. Section 1746, Under the
Penalty of Perjury, on this
6th day of June 2002.

(EXHIBIT 29)         **EXHIBIT # 23**
                     AFFiDavit

I, LaDon Young R07859, depose and state that
as to the matters herein, I am the AFFIANT in
the above entitled cause; that I have read
the fore going document, by my Signature, and
that the Statements contained therein are true
in Substance and in fact.

While walking into the library for my 5pm call
Pass on 6-3-02, I overheard inmate Hale explaining
to the officer he was suppose to have two call
Passes, And that was one for 5pm and the other for
6:30pm. The officer told him to enter into the library.
Approximately 40 minutes later the officer came into the
library. and told inmate Hale that he had to leave when
the 5pm line left, Inmate Hale tried to explain to him
again that he had two call passes one for 5p and the other
for 6:30p. I heard him also state he was suppose to
Stay in the library to go into the excess legal box. As I
left with the line, inmate Hale was right behind me,
while inmate Hale was trying to talk to a sergeant,
the officer yelled at him Saying, "Shit you can tell on
me later on". During this entire situation inmate Hale
remained calm and in a respectful manner. Inmate Hale never
Said anything disrespectful nor was he hostile, in the library
or any other time. This officer was basically harassing
Hale for no reason.

LaDon Young R07859          AFFIANT

~~EXHIBIT~~

[EXHIBIT # 3]

STATE OF ILLINOIS )
                  ) SS
COUNTY OF FULTON )

## AFFIDAVIT

AFTER BEING DULY SWORN UPON OATH, I DEPOSE AND STATE THE FOLLOWING:

1. THAT MY NAME IS WILLIAM ISAAC, REG. NO. A81624, HOUSED AT THE ILLINOIS RIVER FACILITY, UNIT R3 WING AND ROOM D38.

2. THAT ON JUNE 3, 2002, I ATTENDED THE EVENING LIBRARY PERIOD WITH MY UNIT.

3. THAT I HAD CAUSE TO HEAR AND OBSERVE A CONVERSATION BETWEEN OFFICER D. SLATER AND INMATE HALE OF R3A-WING.

4. THAT EVIDENTLY THERE HAD BEEN SOME SORT OF MIX-UP WITH HALE'S CALL PASS (S); AND HE WAS RESPECTFULLY ATTEMPTING TO GET IT STRAIGHTENED OUT. HE REQUESTED THAT SLATER CHECK WITH MS. FAIRBAIRN, (LIBRARY SUPV. PRESENT) TO ASCERTAIN THE MIX-UP. SLATER REFUSED THIS SUGGESTION.

5. THAT I HEARD SLATER BECOME VERBALLY ABUSIVE, USING THREATENING AND INTIMIDATING WORDS/ACTIONS/AND LANGUAGE TO INMATE HALE AT SEVERAL TIMES DURING AND AFTER THE LIBRARY PERIOD.

6. THAT I HEARD SLATER 'SPECIFICALLY' FABRICATE INTENTIONAL LIES TO SUPERVISORY STAFF, (SGT. SHOWALTER, LT. MASSEY, MAJ. RAINS); CONCERNING INMATE HALE'S WORDS/ACTIONS TOWARD HIM. SUPPOSEDLY IN AN ATTEMPT TO HAVE HALE 'WAVED' TO SEGREGATION.

7. THAT AT NO TIME DID I HEAR OR OBSERVE HALE BE DISRESPECTFUL, INTIMIDATING, THREATENING, OR INSOLENT TO SLATER. HE SPOKE IN A RESPECTFUL MANNER, (SAYING 'SIR' WHENEVER HE ADDRESSED SLATER, AND NOT RAISING HIS VOICE OR WILDLY GESTURING.

8. THAT SEVERAL OTHER INMATES ALSO HEARD SLATER FABRICATE LIES TO THE SUPERVISORY STAFF.

9. THAT IF NEEDED TO TESTIFY IN THIS MATTER I AGREE TO BE CALLED/INTERVIEWED ON/IN INMATES HALE'S BEHALF.

STATE OF ILLINOIS    } SS: [ EXHIBIT 13 ]

COUNTY OF FULTON    )

## AFFIDAVIT

I, Gregory Hale, being duly sworn do depose and state that I am the AFFIANT in the above entittled cause; that I've read the fllregtting documents and by my signature, states as tft the matter herein, fln in true and correct fln substance and fln fact tft the best ftf my knllwledge;

ON 6-4-02, I NOTICED MY LIBRARY CALL PASS WAS AUTHORIZED BY R. FAIRBURN. THE DATE WAS FOR 6-5-02=TIME AT 2:OOP.M. THE NEXT DAY I ASKED OTHER INMATES ON H.U. 3A "WHAT TIME WERE THERE CALL-PASSES FOR? everybody else call-passes WERE FOR 12:15P.M. AT ABOUT 9:40 A.M. I PHONED MY ATTORNEY (G.W.B.). AND LEFT A RECORDED MESSAGE OF LIBRARY STAFF AND SECUIRTY PERSONEL ARE CONTINUEING TO HARRASS AND CONSPIRER TO GIVE ME FALSE IDR'S ETC. AT 10:15a.m. I BROUGHT MY CALL-PASS FOR LIBRARY TO CORE R.U. C/O SIMMONS. I REQUESTED THAT HE CALL LIBRARY TO VERIFY THE TIME ON MY PASS FOR TODAY 6-5-02, WAS INCORRECT. HE DID AND SPOKE LIBRARIAN BURKHART AND ASKED, "IS THERE ANY REASON WHY HALES LIBRARY CALL-PASS IS FOR @.P.M. AND EVERYBODY ELSES IS FOR 12:15.p.m.? HE SAID, BURKHART STATED "IT'S A COMPUTER ERROR". NOTE: I'VE 2 COURT DATES/DEADLINES THIS MONTHS !. A Case MANAGEMENT PER CENTRAL DISTRICT COURT FOR 6-18-02. 2. A VIDEO CONFERENCE PER COURT OF CLAIMS OF IL FOR 6-27-02. THIS IS A CLEAR EXAMPLE OF STAFF AT ILLINOIS RIVER PRACTICING RETALIATION BY DECEPTIVE PRACTICES, THAT HAVE BEEN IMPOSED ON ME SINCE MY ARRIVAL AT IL RIVER C.C. NOTE: I ALSO RECEIVED A SECOND ACCESS TO EXCESS LEGAL BOX CALL-PASS TO DAY, DUE TO I WAS DELIBERATELY DENIED ACCESS ON 6-3-02, PER LIBRARIAN FAIRBURN AND C/O SLATER.

ON 6-12-02, AT 10a.m. LIBRARY, I RECEIVED LEGAL=COPIES AND A NOTARY OF AFFIDAVIT PURSUE TO AN IDR WRITTEN ON 6-7-02, I asked BURKHART DID HE HAVE TO READ IT HE STATED YEAH CAUSE IF MY NAME IS MENTIONED IN IT I'M NOT SUPPOSE TO NOTARIZE IT. NOTARY AND COPIES WAS DONE. I THEN ASKED HIM LAST WED YOU PUT ME IN FOR AN WEEKEND CALL PASS (AN EXTRA 1) DUE TO MY COURT DEADLINE THAT I PROVIDED YOU PROOF OF PER COMMISSIONER OF THE COURT OF CLAIMS OF ILLINOIS. I THEN ASKED WHY DIDN'T I GET IT? HE EXPLAINED        SEEN YOU HELPING OTHER INMATES, SO THEY HAD TO TAKE YOU OUT FOR THAT PASS. I EXPLAINED THAT WAS AFTER I HAD COMPLETED SO MUCH OF MY LEGAL WORK FOR THAT DAY" HE STATED YEAH BUT I DONT KNOW WHAT TO TELL YOU THAT'S WHAT THEY DID. I THEN THANKED HIM FOR INFORMING ME OF THE REASON WHY I DIDN'T RECEIVED CALL-PASS AND THAT IT KINDA OF MESSED ME UP IN PREPARATION FOR UP COMING HEARING. NOTE: THERE IS NO SIGN NOR MEMO POSTED IN LIBRARY ON IN INSTITUTION THAT STATES IF AN INMATE IS FOUND HELPING ANOTHER INMATE PRIOR TO HIS COURT DEADLINE HE WILL BE DEIED ACCESS TO LAW LIBRARY.

/s/ _____
GREGORY HALE/AFFIANT

Subscribed and sworn before me on this _14th_ day of _June_ , 20 _02_ .

_____
NOTARY PUBLIC

~~tt~~ 3-1-05
EXPIRATION OF MY COMMISSION

{ "OFFICIAL SEAL"
DEBBIE SUE HAMM
Notary Public, State of Illinois
My Commission Exp. 03/01/2005 }

STATE OF ILLINOIS    )
                     )  SS:    [    EXHIBIT 21
COUNTY OF FULTON     )            1  of  2

## AFFIDAVIT

               I, Gregory Hale, depose and state that as to the matters herein, I am the Affiant in the above entittled cause; that I have read the foregoing document, by my signature, and that the statements contained therein are true in substance and in fact to the best of my knowledge.

### FIRST MY PLEAD IS NOT GUILTY TO ALL 3 OFFENSES
### OF INSOLENCE 304/INTIMIDATION THREATS 206/DISOBEYING AN DIR. ORDER.

          On 6-3-02, I was written a false IDR by C/O Slater of the 3±o 11p.m. shift, while he was assigned to the multi purpose bldg. includeing library. Upon entering library floor I handed Slater my call pass that read 6:30p.m. I explain in advance the time on pass and that I should had received 2 call passes for library but some w I only was delivered this one for 6:30, but the R.U. 3 core Ofc. was aware of this so he sign me out and sent me cause he attempted to call library  but says he didn't get an answer. Slater waved me by with his hand telling me to go on to library. After about 35 minutes in library Slater came to me with call pass in his hand saying why did you sign out so early this isn't for until 6:30p.m. I explained I told you already and reexplained the above. Slater then left , at the time when he came to talk to me in library I was typeing a grievence for inmate Corburn that was written on C/O Slater of the 7±o 3 shift. Slater return 10 minutes later, saying he had checked his green sheet and could not find no info on 2 pass. I asked him to talk to Librarian Fairburn she can verify it.  At this time Slater said loudly and in an intidmidating way, I not asking her nothing when library is call you'll not staying to go in your excess legal box. All during these 2 visits by Slater I remain seated and spoke in a low voice altho he was clearly harrassing me for no reason that I knew of.  Shortly following, I reported to Fairburn and asked her could she check computer and verify to Slater that I did in fact have 2 library.  She said yeah when I finish making these copies. I stood in line.  While I remain in line Slater called library is closed, Fairburn then said to Slater, I have to finish his copies(inmate Don Sheehy 3A #21) and I have to check on his 2nd call pass. I stood, there, then Slater yelled standing in my face  leave Hale library is closed, I said she just told you I could stay cause she had to check on my 2nd pass.(in a low tone) Slater then became more Insolent saying "were you're going you're not going to need nothing". I picked up my legal folder and signed out and then left on my own never was I walked out by this C/O. Inmate Sheehy was allowed to stay and nor was he ever told that he had to leave. I asked Slater for my call pass he stated where you'll going you'll not need no fucken pass, were're going to talk to the commanding Officer. Upon reaching the side walk he began lieing on me to the Sgt. I told the Sgt. he is lieing

**STATE OF ILLINOIS** )
                     )  SS:
**COUNTY OF FULTON**  )

[EXHIBIT 2]

2 of 2

## AFFIDAVIT

Slater then interupted saying you can tell on me later.

the Sgt. then told him to talk to the Major(reins) that was
on the walk in front of Dietary. The Major and Cpt. came and
talked to by Slater.  Slater first stated he's over here on a
6:30 call pass with the 5:00 line he's unauthorized. The Major
then said was he signed out of the R.U. looking at my call pass
Slater said yeah.  The Major then stated, well I'm not going to
hold him responsible because a Ofc. signed him out to early.
Slater began to get excited stating louding lieing but he was
real Insolent and Threaten to me bumping into me and  he wouldn't
leave the libary after I asked him twice.  When I spoke after
he was done I told the Major that he just lied about everything.
Next, the Major told the Captain, take him back up to the library
and see if what he is saying about the 2 call passes true if it is
let him  stay. (also it was noted by C/O Slater that I had the
only 6:30 pass for that day). When we went to library the Cpt.
asked Fairburn about the  two call pass for me, and asked to see
the sign in sheet she refused to show it to him saying its put up
already. Fairburn further stated, Cpt. I checked and the computer
only stated the 6:30 pass.  I then explained that for the atleast
the past 4-5 months havent I been getting 5 days a week passes only
Mon thru Fri. she stated I'm not going to go on edge for you but
I no you usually get 3-5 call passes a week.  At this time I
asked her arn't I'm down for a call pass for the rest of the week(til Fri)
she said, yeah starting tommorow(I then knew she had set me up
again).  The Captain and I went back to my R.U.

          Final, let it be noted that on 6-4-02, I recive a
call pass for the library for 2p.m. when everybody else in the R.U.
A Wing received there's for 12:15p.m.  I brought this to the ATTN.
of C/O Simmons he phoned library and asked was there any particular
reason why my pass was written for 2 p.m., they claim no a computer
error.  More discrimination.  I'm sure staff was aware of my 2
up coming Court dates and to be held at IL River Adm. bldg in June.
On 6-5-02, I reported to the library and asked Librarian Burlhart
could I copy and see sign in sheet from 6-3-02, he said you can
see it but I can't let you copy it.  By my name it was 2(TWO)
letters 1 A 2 was J, meaning 1 pass was for between 8:30 & 9:45a.m.
2 J was for 5: to 6:15p.m.  So all of this support that I was
clearly  set-up by 1 of the library staff member and that Mrs.
Fairburn had not been truthful to the Captain, in hope that
disciplinary actions might be taken against me, in retaliation
for previous griviences I've filed on her/the library

AFFIANT   Gregory Hale

Subscribed and sworn to before me
this _7th_ day of ___June___ 2002.

Notary Public

"OFFICIAL SEAL"
DEBBIE SUE HAMM
Notary Public, State of Illinois
My Commission Exp. 03/01/2005

EXHIBIT 34

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
--

GREGORY HALE ,

Plaintiff/Petitioner

vs.

AUGUSTA SCOTT, et, al ,

Defendant/Respondent.

Case No.: 01-3052

## NOTICE OF FILING

Ast.

TO: JOHN WATERS/DEPUTY CLERK
U.S. CENTRAL DIST. CTHSE
600 E. Monoroe ST.
151 U.S. CTHSE, Springfield
62701

TO: Attorney General Michael McGree
500 S. Second St. Springfield,
IL 62706

PLEASE TAKE NOTICE that on 3-17- 02 the attached
MOTION FOR ACCESS TO THE COURTS/ ADEQUATE LAW LIB. VISITATION.
was filed with the Clerk of the United States District Court for
the CENTRAL District of Illinois.

GREGORY HALE PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned, being first duly sworn upon oath, deposes
and states that a copy of the above mentioned document was served
upon the above-named party(ies) on the date stamped hereon by the
below signed Notary Public, by depositing such copy in the hands
of the penal officer at the Illinois River Correctional Center,
P.O. Box 1900, Canton, Illinois, in an envelope with the required
request for the Illinois Department of Corrections to attach
sufficient postage.

GREGORY HALE    PRO SE
Reg. No K60259
P.O. Box 1900
Canton, Illinois 61520

Subscribed and Sworn Before Me This
12th Day of March, 2002.

Notary Public

"OFFICIAL SEAL"
ROBERTA M FAIRBURN
Notary Public, State of Illinois
My Commission Exp. 03/21/2004

| 11-28-02 | Committed Person: (Please Print)  Mr. Hale | | ID#: K60259 |

**ant Facility:**  IL River C.C.

**Facility where grievance issue occurred:**  IL River C.C.

**URE OF GRIEVANCE:**

Personal Property ☐    ☐ Mail Handling    ☐ Restoration of Good Time    ☐ Disability
Staff Conduct ☐    ☐ Dietary    ☐ Medical Treatment    ☐ Other (specify): ___
Transfer Denial by Facility    ☐ Transfer Denial by Transfer Coordinator

Disciplinary Report: _____ / _____ / _____
           Date of Report                               Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

plete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance: _____ On 11-13-02, my Zenith television went out while me

d inmate Wallace-53 was about to watch a program at 7p.m. Note: I never

d any problems with my t.v. of this sort, also in Sept. before Electronic

hool closed they had just did some minor repairs on my t.v. it had

en working find since. However on 10-27-02, me and my cellee Canstanada

d altercation, where I notified C/O FiFe and she notified Lt. Keithley.

sicly nothing was done. Next I inform Counselor Slaughter of cellee

tercation etc.. Immediately, she call Lt. Keithley and told him the

stituions criterias for cell change,. The next Monday Slaughter was re-

signed from R.U.2 C & D. Next on 10-29-02, I had another altercation--

**f Requested:** _____ I would like for inmates Canstanda and Black to be put in

nvestigation status to find out which one of them sabatage my t.v. set

nd make them pay for repairs. Canstanada to be reassigned to another

cell at the time of answering this griv.

Check only if this is an EMERGENCY grievance due to a substantial risk or imminent personal injury or other serious or irreparable harm to self.

_____   _____   _____ / _____ / _____
Committed Person's Signature         ID#            Date
(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

eived: 12 / 03 / 02    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

ponse: THE ISSUE WAS Discussed WITH I/M

nd THE ISSUE could Not be Resolved. THE

rievance WAS forward To Grievance officer.

to Major.

Ron AusTiFt
Print Counselor's Name

Ron Hunt     12, 03, 02
Counselor's Signature     Date of Response

with inmate Black/Deoan of 2 C 29, that was in my cell visiting my cellee when I informed him not to be changeing the channels on my t.v. he got up set and started to provke a fight, I knew this had something to do with my previous altercation with my cellee 2 days ago that involved me tellling him not to press my button on my t.v. every 30 seconds when he's was on etc. I reported inmate Blacks  disrespecting actions to C/O FIFE at this time she stated" Hale I aint gonna call a Lt. every time you have a problem with some one about your t.v.   C/O Simmons was also present working the Core at this time of complaint.  Next, on 11-27-02, me and inmate BURTON of 2 C-28 at about 7p.m. shook about 14 staples and a spring out of my t.v.  It is clear that either Canstanda or Black is responsible for my t.v. going out.  It plays the sound but the picture is out.

Other, staff that I've complained to about this problem is Cpt. McGrew, Cpt. Ward, Ast. Warden Birkey, Warden Batlles, and other C/O's that work R.U. 2 C such as Woodfield. and Lt. Bradley of 3-11p.m. shift. et,al

EXHIBIT 42

## RESPONSE TO COMMITTED PERSON'S GRIEVANCE

| Grievance Officer's Report |
|---|

**Date Received**: December 10, 2002          **Date of Review**: December 10, 2002          **Grievance #** (optional): 02-878

**Committed Person:** Hale  2-C-12                                                    **ID#:** K60259

**Nature of Grievance:**  Property / Staff Misconduct (C/O Fife, Lt. Kiethley) - Inmate grieves staff misconduct due to his TV being broken by another inmate.

**Facts Reviewed:**  The complaint was reviewed.. An Inmate Grievance Fact Sheet was received and reviewed.  Based on a review of all available information the grievance officer is reasonably satisfied that staff misconduct is not substantiated and this is not a personal property issue..

**Recommendation:**  Grievance be denied.

Drew Just
_____                                    _____
Print Grievance Officer's Name                                    Grievance Officer's Signature
**(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)**

| Chief Administrative Officer's Response |
|---|

Date Received: ___12/11/02___          ☑ I concur          ☐ I do not concur          ☐ Remand

Comments:

c.c. filed:

EXHIBIT **B2**

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE**

3 A/12

| Date: 7-1-02 | Committed Person: (Please Print)  Mr. Hale | ID#: K60259 |
| --- | --- | --- |

| Present Facility: IL River C.C. | Facility where grievance issue occurred: IL River C.C. |
| --- | --- |

**NATURE OF GRIEVANCE**

- [ ] Personal Property
- [X] Staff Conduct
- [ ] Transfer Denial by Facility
- [X] Disciplinary Report:

- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator

- [ ] Restoration of Good Time
- [ ] Medical Treatment

- [ ] Disability
- [X] Other (specify) LIBRARIAN DEBBIE SUE HAM

6 / 7 / 02        IL River C.C./Library
Date of Report                    Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: ___ On 6-7-02, I attended 5p.m. library after getting
legal-copies & notary from Ham, I reminded inmate Sheehy not to forget
to get a copy for his lawyer. Ham rudely, interupted saying. "Mr. Hale
when I'm waiting on people dont talk to them." I shook my head saying
nothing. That evening I received a IDR from Ham, for Isolence. The
IDR read that I supposely stated"its a fucken affidavit". Ham lied &
repeated this word "fucken" cause she had just read it in my affidavit
of IDR.
she notarized in my defense that was written boqusly by library C/O Slater
at 5p.m. library on 6-3-02, when I stated his statement in which he used
the word "fucken" to me being Isolent. Furthermore, when I heard this

Relief Requested: __ Counselor T. Ruhaak to send this griv. to griv. ofc. A prompt
response. If any disciplinary actions taken against me due to this IDR to
be reinstated. IDR exspunged from my record. Disciplinary actions taken
against Lib.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

HALE / [signature]        K60259    7 / 1 / 02
Committed Person's Signature            ID#            Date

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

| Date Received: 7 / 8 / 02 | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
| --- | --- | --- |

Response: Grieving IDR of 6.7.02 recd from library staff.
Unable to resolve; forwarded to Gr. Chrmn.

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE** (Continued)

was heard

~~The~~ IDR ~~my~~ 2 "affidavits " where not accepted by Hearing Officers Lt.
Fisher & A. Slaughter. In violation of adm. code 504.80 at f1,h & J.
Let it be noted Lt. Fisher stated he also where going to call my witnesses
over in 2-3 days its has been 3 weeks they have not been called over yet
nor have I received my Final Summary Report.

This ticket was falsely imposed by Ham due to my grivs
I've filed on her & the library prior to this.  Ham as well as others
library staff harrasses, discriminates against me daily due to my
litigation activities.

## Grievance Officer's Report

**Date Received:** August 19, 2002     **Date of Review:** August 19, 2002     **Grievance #** (optional): 02-472

**Committed Person:** Hale      **ID#:** K60259

**Nature of Grievance:** IDR - Inmate grieves IDR's issued on 6-7-02 for 304 Insolence and on 6-3-02 for 206 (Not guilty) , 304 Insolence and 403 Disobeying a Direct Order, and grieves staff misconduct by Ms. Hamm (verbal).

**Facts Reviewed:** The complaint, IDR's written on 6-3-02 and 6-7-02, IDR summaries for both IDR's written, and the Inmate Grievance Fact Sheet received form Ms. Hamm were reviewed. A review of the information available reflects the inmate was found Not Guilty of 206, but gulty of 304 and 403 on the IDR written 6-3-02. Inmate Hale did not submit a request for any witnesses and the affidavits presented were not accepted by the Adjustment Committee when the IDR was heard, however the Adjustment Committee did retain the 2 page notarized statement presented by inmate Hale to the committee. On the IDR written 6-7-02 for insolence, per the statement received from Ms. Hamm,  the use of the term "fucking" was in context of a direct quote of what was said by the inmate.

Allegations of staff misconduct could not be substantiated.

**Recommendation:** Grievance be denied.

Drew Just
_____      _____
Print Grievance Officer's Name      Grievance Officer's Signature

(Attach a copy of Committed Person's Grievance, Including counselor's response if applicable)

## Chief Administrative Officer's Response

**Date Received:** 8/19/02     ☑ I concur     ☐ I do not concur     ☐ Remand

**Comments:**

EXHIBIT

3A12

State of Illinois - - Department of Corrections
**DISCIPLINARY REPORT**

Page ___ of ___

☐ Disciplinary Report  6-3-02
Date

☐ Investigative Report _____
Date

Committed Person: HAle    No. K60259    Facility: INCC

Observation Date: 6-3-00 Time: 615 p  ☐am ☑pm Location: LIBRARY

SLATER
**PRINT Employee's Name**

6-3-02  700
**Employee's Signature/Date/Time**

Offense: 504 B 309 insolence/206 intimidation Threats/403 Disobeying a direct order

Observation: On the above date And Appx time inmate Hale was given a ourder by this R/O to leave The Library with the returning inmates to R3 inmate Hale Became very loud And said I do not half to leave inmate Hale was give a second order to leave This R/O Then walk inmate Hale to the exit door

Witnesses, if any: I.T.A R FAnburn

**NOTE:** Use continuation page if necessary to describe observation and/or list witnesses.

☐ Temporary Confinement  ☐ Investigative Status  Reasons: _____

**PRINT Name**

**Shift Supervisor's Signature and Date**
(For Community Correctional Centers, Chief Adm. Off.)

☐ Confinement Reviewed by Reviewing Officer  Comment: _____

**PRINT Name**

**Signature/Date**

☑ **MAJOR,** submitted to Adjustment Committee  ☐ **MINOR,** submitted to Program Unit

Capt E WELCH
**PRINT Name**

6-3-02
**Reviewing Officer's Signature and Date**

☐ Reviewed by Hearing Investigator: _____
(Adult Division Major Reports Only)  **PRINT Name**  **Signature and Date**

PROCEDURES APPLICABLE TO ALL HEARINGS ON INVESTIGATIVE AND DISCIPLINARY REPORTS

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

PROCEDURES APPLICABLE TO HEARINGS CONDUCTED BY THE ADJUSTMENT COMMITTEE ON DISCIPLINARY REPORTS

You may ask that witnesses be interviewed and, if necessary, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing. If you are found guilty of a serious rule violation, you may be placed in confinement and/or lose privileges, and/or be required to make restitution. In addition, juveniles may receive a delay in recommended parole.

**Committed Person's Signature and Number**

Committed Person Refused to Sign ☑

6-4-02  645  ☐am ☑pm
A.A.F.
**PRINT Serving Employee's Name**  **Serving Employee's Signature**  **Date and Time Served**

I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

EXHIBIT 93a,

Illinois Department of Corrections
COMMITTED PERSON'S GRIEVANCE REPORT

R3A12

| Date: Dec. 3, 2001 | Committed Person: (Please Print) Mr. Hale | ID #: K60259 |
| --- | --- | --- |

| Present Facility: Illinois River C.C. | Facility where grievance issue occurred: I.R.C.C. |
| --- | --- |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [XX] Staff Conduct
- [ ] Restoration of Good Time
- [ ] Disciplinary Report - Date: N/A
- [ ] Mail Handling
- [ ] Dietary
- [ ] Medical Treatment
- Transfer Denial:
  - [ ] By Transfer Coordinator
  - [ ] By Institution
- Where issued:
- [ ] Disability
- [X] Other Librarian Ham. Library procedure.

PAGE 1.- Committed person completes and sends to counselor who completes counselor response and returns to committed person. Committed person then decides whether or not to forward to Grievance Officer. Grievances on discipline go directly to Grievance Officer.

PAGE 2.- Grievance Officer completes, forwards to CAO; CAO responds and returns to committed person. Committed person then decides whether or not to forward to ARB.

THIS FORM IS NOT USED FOR PROTECTIVE CUSTODY DENIALS.

Brief Summary of Grievance: On Sat. 12-01-01, I'd requested some legal-copies from librarian Ms. Ham. I handed her the 1 paige IL Dept Of Proffessional Regulns complaint-form requesting 2 copies. She began reading the contents for about 30 seconds I interupted asking, "do you have to read it it's legal papers'? Ham yelled "yes I do I have to see if your name is on it. (it doesn't takes 30 seconds to read the first line on the form). Ham became upset cause in the past I've addressed her about reading my legal work. This particular Complaint involved I.R.C. staff denying me to send out my excess legal-mail/p.p. going on 4 months of requesting to p.p. & Supervisory personel. At this time Ham says, "you do have to ask me that all the time mr. Hale, when I copying your legal papers'. I stated. "from by understanding Libarians are not suppose to read an inmates legal material unless he requests it". Ham then screamed, "Mr. Hale you know this is going to cost you some of your library privledges taken away for awhile"? On 11-29-01, I'd put in the mail box for my weekly law lib. call-pass. On Sun. 12-2-01 or 12-3-01, I didn't get a pass as other inmates idd for 3nd 5p.m. 4th 2;05p.m. This is harrasment, retaliation & discrimination being unjustly imposed on me do to my ltigation activities of being a JailHouse Lawyer assisting many inmates. This delay has costed me a lack of preparation for a court deadline I've drawing near in the IL S.CT.

Next I'm grieving why arent inmate allowed to make copys out of law books such as ILCS N.E. etc on weekends cause these books aren't consider legal papers by staff. What show prejudice & "deliberate indifferences" copies out of these books can be made for inmates on week ends but they must be return to staff in 1 week.

Finally, why arn't IL River C.C. monitoring the work of its law clerks that have been giving inmates on many occassion misleading, or no information more-than-often (such as Law Clerk Lanthon) Grievant Mr. Hale is also requesting that a law/library schedule be availuable to inmates or placed on all housing units. And that the defective typewritter #1 be repaired or replaced due to it doesn't type out many letters when a inmate is preparing his legal-work for the Courts etc. There is only 2 typewriter availuable for inmates and staff has alleged for about 3 months that they're going to or are working on getting them replaced although they're fairly new, but has no correction tape on it.

Relief Requested: Disciplinary actions taken against Librarian Ham for her unethical and unprofessional conduct, depriving me of many need library hours. Unlimited photo-copying priviledges to inmates on weekends or to be able to receive copies to keep from the law books ILC N.E. etc. A library schedule posted in all H.'s (5) of libray hours. I.D.O.C. et, al to stop retaliating/conspiring against me for my pending Civil claims (Attach additional pages, if necessary.) in the Courts against them.

## GRIEVANCE OFFICER'S REPORT

Date Received: 12-19-01          Date of Review: 12-20-01   #01-691

Committed Person: Hale                    R3A12      Number: K60259

Nature of Grievance: Inmate alleges staff misconduct by Librarian Ham on 12-1-01 and feels he is being discriminated against; that Library Typewriters need repair; that he believes the inmate Law Clerks are not performing up to his standards and feels that there needs to be unlimited photocopying privileges on weekends.

Facts Reviewed: Wants Library schedule posted.
Inmate's complaint read and reviewed. Librarian Ham denies the allegations of misconduct. It is noted that Hours are already posted and occasionally printed in the institutional newspaper. Based on the nature of the complaints, the issues contained within are referred to the Library Staff Supervisor for review and response.

Recommendation: Refer these issues to Ola Brown for review and response to the CAO and G.O. by January 4, 2002.

Grievance Officer: _(signature)_  12/20/01         _(signature)_ J. Holok
cc: R. Snowden    Signature    cc: Ola Brown        Print Name

---

### CHIEF ADMINISTRATIVE OFFICER'S RESPONSE

Date Received: 12/21/01   ☑ I concur   ☐ I do not concur   ☐ Remand

Comments: _____

EXHIBIT 96

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**COMMITTED PERSON'S GRIEVANCE**

3 A/12

| Date: JUNE 21, 2002 | Committed Person: (Please Print)  Mr. Hale | ID#: K60259 |
|---|---|---|

| Present Facility: IL RIVER C.C. | Facility where grievance issue occurred: IL RIVER C.C. |
|---|---|

**NATURE OF GRIEVANCE:**

☐ Personal Property    ☐ Mail Handling    ☐ Restoration of Good Time    ☐ Disability
☐ Staff Conduct    ☐ Dietary    ☐ Medical Treatment    ☒ Other (specify): IMPROPER
☐ Transfer Denial by Facility    ☐ Transfer Denial by Transfer Coordinator      ADJUSTMENT COMMITTEE HEARING

☒ Disciplinary Report: 6 / 3 / 02      IL RIVER C.C.
         Date of Report          Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

     Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
     Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
     Chief Administrative Officer, only if EMERGENCY grievance.
     Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** I received a IDR on 6-3-02, this IDR should've been thrown out due to the ticket writer C/O Slater of 3-11p.m. & Librarian Fairburn both lied & conspired to create this bogus ticket. I was also prejudice by receiving an IMPROPER HEARING on IDR. Hearing OFc's Lt. Fisher & Mrs. Slaughter denied me an adquate Hearing in violation of adm. code section 504.80 at f 1, h, & J. (This violation basicly occurred by them refusing to Honor, 5 SWORN AFFIDAVITS from various person that where at the 5p.m. library when this entire false ticket was supposely had occurred. I asked chairpersons repeatly to consider & review 5 affidavits. Lt. Fisher denied me saying no cause you should had sent there name on yellow witness-

**Relief Requested:** Counselor to foward griv. to G.O. A prompt review of this griv. & to be present at time of reviewal. All privledges reinstated, a copy of notice of exspungment. For persons named in griv. to be interviewed.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____      _____      ___ / ___ / ___
Committed Person's Signature      ID#      Date

(Continue on reverse side if necessary)

| **Counselor's Response (if applicable)** | |
|---|---|
| Date Received: ___ / ___ / ___    ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _____
_____
_____
_____

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**COMMITTED PERSON'S GRIEVANCE** (Continued)

sheet before this Hearing I tried to explained repeatedly, that according to adm code, this documentary evidence must be considered. Basicly, he handed me them back and said he weren't going to review them.  These affidavits were important to my innocences.

Adminstrative Code ch I 504.80 states: at f 1. The committed person may make any revelant statement or produce any revelant documents in his defense.  at h) states: The adjustment committee shall consider any statement of witnesses with revelant knowledge of the incident who are reasonably available.  at J) The adjustment committee shall decide whether or not committed person committed the offense based upon all revelant information and evidence.  All 5 AFFIDAVITS were from indivuals that where at 5p.m. library on 6-3-02, and staff was well aware of it cause affidavits were both copied and notarized by library staff days following issue of this bogus IDR.  Chairperson also failed to investigate my AFFIDAVIT properly by not calling Captain Welch, Major Rains and Librarian Burkhart or as an alternative review sign in sheet from 6-3-02.  Fairburn have lied both to the Captain on date of this incident and has lied again on her witness statement on my Final Summary Report, all in retaliation for my griviences I've filed prior against her & library procedure.  But mostly for my assistance of many indigent inmates in there legal work.  I provide them with adequate and correct assistance, not like the law clerk John Lanthon that majority of the time turn inmates away or leading in the wrong direction.  Upon your request I can prove this claim. Also I was also charged with INTIMIDATION OR THREAT, that got expunged, this offense is punishable by immediately seg-time, both the Cpt. & Major where both on intialing investigating Slaters lies of what I suppose to had did & said in library had they believed him I would had been walked then to seg.

Finally, the disciplinary action I received were to harsh for my first IDR conviction in about 11 months.  The recommedation and actions where: 1. 1 months demotion to C grade. 2. 1 months loss of commissary priviledges. 3) 14 days loss of library restrictions. On 6-19-02, I received mail in from the clerk of the Central Dist. Court, informing me of a Court deadline within days. On 6-20-02, Warden Battles signed off on Final Summary. On 6-21-02, I received Final Summary with 3p.m. mail delivery.  My Court deadline is near so I'm requesting that

ILLINOIS DEPARTMENT OF CORRECTIONS
## COMMITTED PERSON'S GRIEVANCE

| EXHIBIT 99 | | | |
|---|---|---|---|
| **Date:** 7-1-02 | **Committed Person:** (Please Print) Mr. Hale | | **ID#:** K60259 |
| **Present Facility:** ILLRRiverCCCC.. | **Facility where grievance issue occurred:** IL River C.C. | | |

**NATURE OF GRIEVANCE:**

☐ Personal Property ☐ Mail Handling ☐ Restoration of Good Time ☐ Disability
☒ Staff Conduct ☐ Dietary ☐ Medical Treatment ☒ Other (specify): Librian Debbie
☐ Transfer Denial by Facility ☐ Transfer Denial by Transfer Coordinator          Sue Ham;

☒ Disciplinary Report: __6__ / __7__ / __02__          IL River C.C./Library
                        Date of Report                          Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   Chief Administrative Officer, only if EMERGENCY grievance.
   Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:**      On 6-7-02. I attended the 5p.m. library after getting

legal-copies & notary from Ham. I reminded inmate Sheehy not forget

to get a copy for his lawyer. Ham rudely, interupted saying, "Mr. Hale

when I'm waiting on people dont talk to them:. I shook my head saying

nothing.    That evening I received a IDR from Ham, for Isolence.    The

IDR read I said "its a fucken affidavit", Ham lied and repeated this

word "fucken" cause she had just read it in my affidavit she notarized

in my defense that was written bogusly by Library C/O Slater at 5p.m.

library on 6-3-02, and I quoted his statement in which the word fucken

was stated by Slater being Isolent to me.   Futhermore, when I heard this

**Relief Requested:** Counselor T. Ruhaak to send this griv. to griv. Ofc. A propmt

response. If any disciplinary actions taken against me due to this IDR

to be reinstated. IDR Exspunged from my record. Disciplinary action taken
                                                                    against Lib. Ham

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____HALE /_____          k60259          7 / 1 / 02
      Committed Person's Signature                  ID#                Date

*(Continue on reverse side if necessary)*

| **Counselor's Response (If applicable)** | |
|---|---|
| **Date Received:** ___ / ___ / ___    ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
| **Response:** _____ | |

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE** (Continued)

IDR my 2 "affidavits" where not accepted by Hearing Officers Lt. Fisher
& A. Slaughter. In violation of adm. code 504.80 at f1, h & J.
Let it be noted Lt. Fisher stated he was going to call my witnesses
over in 2-3 days its been 3 weeks they have not been called yet nor
have I received my Final Summary Report.

This ticket was falsely imposed by Ham due to my grivs.
I've filed on her & the library prior to this. Ham as well as other
library staff harras, discriminates against me daily due to my
litigation activities.

## STATE OF ILLINOIS — DEPARTMENT OF CORRECTIONS

[ EXHIBIT 98 ]

### ADJUSTMENT COMMITTEE
### FINAL SUMMARY REPORT

Run Date: 05/02

**Name:** HALE, GREGORY

**Hearing Date/Time:** 04/22/2002 / 09:35 AM

**Incident #:** 200203124 / 2

**IDOC #:** K60259

**Living Unit:** IRI-03-A-12

**Status:** Expunged Final

**Race:** Black

**Orientation Status:** N/A

| Date | Ticket # | Incident Officer | Location | Ti |
|------|----------|------------------|----------|-----|
| 04/18/2002 | 1 | ATCHLEY,ROBERT E | GYMNASIUM | 1:00 |

| Offense | Violation | Final Result |
|---------|-----------|--------------|
| 307 | Unauthorized Movement | |
| 403 | Disobeying a Direct Order | |

| Witness Type | Witness Id | Witness Name |
|--------------|------------|--------------|
| Witness Status | | Witness Statement |

Staff
Witness was called

HAND, JERRY
I did send him down the hallway to the chapel. The gym was closed and there wasn't an officer at the gym doors. He was sent back and I sent him a second time through VoTech with C/O Storck.

I attest to the statements as being a correct reflection of the statements provided to me by witnesses.

_____ Lt 7·l _____
Hearing Investigator

## RECORD OF PROCEEDINGS

Inmate read charges and states he is not guilty. I had a 12:15 library pass and 1:00 chapel pass. This was a conflict. C Hand signed me out to the chapel. I showed C/O Storck the pass. Inmate Robison signed me in on my call pass. C/O Atchley came in and told me to return to my housing unit.

## BASIS FOR DECISION

Based on statement provide by C/O Hand, this IDR is being dismissed. BF

## DISCIPLINARY ACTION  (Consecutive to any priors)

Recommended:                                          Final:

— E X P U N G E D —

## SIGNATURES

### Hearing Committee

FISHER, BRUCE R - Chair Person          _____ Lt 7·l _____          WHITE
                                         Signature                    Race

SLAUGHTER, ANITA K                       _Anita Slau_               BLACK
                                         Signature                    Race

**Recommended Action Approved**

## FINAL COMMENTS:

JOHN C BATTLES / VDT          _signature_          05/01/2002
**Chief Administrative Officer**          Signature          Date



Master File



**George H. Ryan**
Governor

**Illinois**
Department of
**Corrections**

**Donald N. Snyder Jr.**
Director

1301 Concordia Court / P.O.Box 19277 / Springfield , IL. 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

## MEMORANDUM

DATE: _10-16-01_ -2004

TO: _Gregory Hale_   K60259 R3A12
_Rep. Perier_ C.C.

FROM: Administrative Review Board, Office of Inmate Issues _RST_

Nature of Grievance/Correspondence: _Transfer Placement_

Date Received: _10-9-01_ -2004

The attached is being returned for the reason(s) listed below:

_____ MGT/SMGT is an administrative decision; therefore, issue will not be addressed further.

_____ Personal property issues are to be reviewed at your current facility prior to review by the ARB.

_____ Contact your correctional counselor.

_____ Need to provide Grievance Officer's report and/or send G.O.'s final report.

_____ Use proper Committed Person's Grievance Report form (DC 5657).

OCT 2001
Received
IRCC
Records Office

_____ Provide date(s) of disciplinary report (s) and institution where incident(s) occurred.

_____ Not submitted in the timeframe outlined in Department Rule 504; therefore, issue will not be addressed further.

_____ Request restoration of GCC to Adjustment Committee. If request is denied, utilize the inmate grievance process for further consideration.

_____ Unable to determine nature of grievance/correspondence. Submit additional specific information.

_____ Contact the Record Office with your request and/or additional information.

__✓__ No justification for additional consideration.

_____ Address concerns to Illinois Prisoner Review Board, 319 E. Madison St., Suite A, Springfield, IL 62706.

__✓__ Other: _This issue (issue) addressed_
_9-25-01._

DC710-1274
IL426-23188
Eff. 2/99

EXHIBIT 100

| Inmate/Resident/Release Name | | | | | Register Number | Current Classification |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | | K60259 | |

Counselor/Agent Name
BARBARA MURRAY

| Date/Time | Location | Type | Method | Staff | Comments |
| --- | --- | --- | --- | --- | --- |
| 07/23/2001 02:27 P | 1A | Personal | Face-to-Face | BARBARA M | Have federal express legal mail that he hasn't received.. Called mailroom. It never arrived. Told him I would answer his grievance through the mail. |
| 07/23/2001 02:33 P | 1A | Personal | Face-to-Face | BARBARA M | Told him that I had given Ed the T-shirt grievance and that I was looking into his mail room grievance. Told him he files TOO many grievances. |
| 07/30/2001 11:30 A | 1A | Personal | Face-to-Face | BARBARA M | Told him that I had given Ed the T-shirt grievance and that I was looking into his mail room grievance. Told him he files TOO many grievances. |
| 08/03/2001 02:12 P | 1A | Collateral | Other | BARBARA M | Had personal confrontation with Hale in my office yesterday afternoon. He was insistent that his mittimus was wrong and that his outdate would change, so he needed social security disability application. Told him I only go by what the computer says and outdate too far away to consider this. He was very insistent and I told him to leave my office and not come back. At the time I had a guard standing in the hall outside my office as he makes me VERY UNEASY. After I wallked him out of my office, he insisted that he had to explain his mittimus problems to C/O Jarrett, wing officer in HU 1. I told them to send him back to his wing as I needed to speak to C/O Jarrett. I told him not to even talk to Hale, as he just insists on being a control freak. Jean Mahan, psychologist, had told me last spring that Hale is a rapist and since he can't physically do this, that he will verbally and mentally try to control. Afer I finished speaking with C/O Jarrett and C/O Beaston I contacted Jean Mahan again, to see where the transfer stood that was supposedly being done to get Hale to a medium security, due to threat to female staff. Female librarian feels very threatened by him also. |
| 08/03/2001 02:23 P | 1A | Collateral | Other | BARBARA M | Jim Stevens told me that the transfer was in Springfield for their approval for administrative transfer, due to threat to female staff. I then spoke to librarian and she was also very relieved that this would soon be history. |
| 08/06/2001 02:42 P | 1A | Personal | Face-to-Face | BARBARA M | Wanted to check outdate. Had heard he was going o Ill. River. Told him I didn't know. Had C/O Carrver out in hall for me. |

# STATE OF ILLINOIS - DEPARTMENT OF CORRECTIONS

## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

**Run Date:** 08/14/2002

[EXHIBIT (6)]

**Name:** HALE, GREGORY

**IDOC #:** K60259

**Race:** Black

**Hearing Date/Time:** 08/12/2002   08:55 AM

**Living Unit:** IRI-02-C-12

**Orientation Status:**   N/A

**Incident #:** 200205716/1 - IRI

**Status:** Final

| Date | Ticket # | Incident Officer | Location | Time |
|------|----------|------------------|----------|------|
| 08/06/2002 | 1 | SLATER, DAVID P | HOUSING UNIT 2 COMMON | 7:00 PM |

| Offense | Violation | Final Result |
|---------|-----------|--------------|
| 206 | Intimidation or Threats | Guilty |
| | **Comments:** "I will make them fucking pay" | |
| 304 | Insolence | Guilty |
| | **Comments:** "The MFers in here called the chow line | |

| Witness Type | Witness Id | Witness Name |
|--------------|------------|--------------|
| **Witness Status** | | **Witness Statement** |
| Staff | | STEIN, CRYSTAL |
| Witness was called | | I do not remember inmate Hale saying the above statement or at any other time cussing. |
| Staff | | SHOWALTER, PAUL |
| Witness was called | | I heard inmate Hale say something about making some one pay. I didn't hear any cussing. |

I attest to the statements as being a correct reflection of the statements provided to me by witnesses.

_____
Hearing Investigator

## RECORD OF PROCEEDINGS

Inmate read charges and states he is not guilty. I have a sworn statement. I have two witnesses, Sgt. Showalter and Ms. Miller. I came out there to pick up my meds and was waiting in line. I missed the chow line and did not hear them call chow. Slater is the core officer and wrote me a bogus ticket before. I told the sergeant the officer wrote me a bogus ticket and I didn't curse. I was talking to the sergeant and I told him I missed the chow line. Inmate presented a one page sworn affidavit.

## BASIS FOR DECISION

Based on staff observing inmate Hale come out at 7:00 p.m. and state, "The mother fuckers in here called the chow line after count checked. I missed it. I will make them fucking pay." Based on staff observation and inmate having knowledge of the offense. Inmate Hale came out approx. (3) hours after chow lines had ran in R1 requesting to eat.  BF

## DISCIPLINARY ACTION  (Consecutive to any priors)

**Recommended:**

**Final:**

Loss of Commissary 14 Day(s)

Loss of Commissary 14 Day(s)

## SIGNATURES

### Hearing Committee

| FISHER, BRUCE R - Chair Person | | WHITE |
|---|---|---|
| | Signature | Race |
| SLAUGHTER, ANITA K | | BLACK |
| | Signature | Race |

**Recommended Action Approved**

## FINAL COMMENTS:

# STATE OF ILLINOIS — DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE EXHIBIT 101
## FINAL SUMMARY REPORT

Run Date: 08/14/2002

**Name:** HALE, GREGORY

**IDOC #:** K60259

**Race:** Black

**Hearing Date/Time:** 08/12/2002   08:55 AM

**Living Unit:** IRI-02-C-12

**Orientation Status:** N/A

**Incident #:** 200205716/1 - IRI

**Status:** Final

---

JOHN C BATTLES / JCB

*Chief Administrative Officer*

Signature

08/14/2002

Date

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

**Employee Serving Copy to Committed Person**

8-14-02

**When Served - - Date and Time**

**Date:** 2/11/2003

**Time:** 10:03am

d_list_inmate_trans_statement_composite

# Illinois River Correctional Center
## Inmate Trust Fund

Page 2

Inmate Transaction Statement

EXHIBIT 102

REPORT CRITERIA - Date: 08/01/2002 thru End;    Inmate: K60259;    Active Status Only ? : No;    Print
Restrictions ? : Yes;    Transaction Type: All Transaction Types;    Print Furloughs / Restitutions ? : Yes;    Include
Inmate Totals ? : Yes;    Print Balance Errors Only ? : No

**Inmate: K60259 Hale, Gregory**                          **Housing Unit: IRI-02-C -12**

| Date | Source | User | Transaction Type | Batch | Reference # | Description | Amount | Balance |
|------|--------|------|------------------|-------|-------------|-------------|--------|---------|
| 11/18/2002 | Disbursements | 12 | 81 Legal Postage | 322312 | Chk #77366 | 102502 - DOC: Postage | -2.21 | 54.22 |
| 11/18/2002 | Disbursements | 12 | 81 Legal Postage | 322312 | Chk #77366 | 110402 - DOC: Postage | -.37 | 53.85 |
| 11/26/2002 | Point of Sale | 49 | 60 Commissary | 330749 | 202996 | Commissary | -23.42 | 30.43 |
| 11/27/2002 | Disbursements | 12 | 84 Library | 331312 | Chk #77665 | 102502 - DOC: Library Copies | -2.90 | 27.53 |
| 11/27/2002 | Disbursements | 12 | 84 Library | 331312 | Chk #77665 | 110402 - DOC: Library Copies | -.10 | 27.43 |
| 11/27/2002 | Disbursements | 12 | 84 Library | 331312 | Chk #77665 | 110802 - DOC: Library Copies | -.85 | 26.58 |
| 11/27/2002 | Disbursements | 12 | 81 Legal Postage | 331312 | Chk #77666 | 112602 - DOC: Postage | -.37 | 26.21 |
| 12/03/2002 | Point of Sale | 52 | 60 Commissary | 337752 | 203446 | Commissary | -13.34 | 12.87 |
| 12/10/2002 | Point of Sale | 2 | 60 Commissary | 344702 | 204625 | Commissary | -1.88 | 10.99 |
| 12/11/2002 | Payroll | 12 | 20 Payroll Adjustment | 345112 | | P/R month of 11/2002 | 6.00 | 16.99 |
| 12/16/2002 | Disbursements | 12 | 84 Library | 350312 | Chk #77967 | 120502 - DOC: Library Copies | -.55 | 16.44 |
| 12/16/2002 | Disbursements | 12 | 84 Library | 350312 | Chk #77967 | 120302 - DOC: Library Copies | -3.75 | 12.69 |
| 12/16/2002 | Disbursements | 12 | 80 Postage | 350312 | Chk #77968 | 120502 - DOC: Postage | -.23 | 12.46 |
| 12/16/2002 | Disbursements | 12 | 81 Legal Postage | 350312 | Chk #77968 | 121102 - DOC: Postage | -.37 | 12.09 |
| 12/16/2002 | Disbursements | 12 | 81 Legal Postage | 350312 | Chk #77968 | 121102 - DOC: Postage | -.37 | 11.72 |
| 12/16/2002 | Disbursements | 12 | 81 Legal Postage | 350312 | Chk #77968 | 81120202 - DOC: Postage | -.23 | 11.49 |
| 12/16/2002 | Disbursements | 12 | 81 Legal Postage | 350312 | Chk #77968 | 81120202 - DOC: Postage | -2.90 | 8.59 |
| 12/18/2002 | Point of Sale | 58 | 60 Commissary | 352758 | 206164 | Commissary | -4.57 | 4.02 |
| 12/31/2002 | Disbursements | 12 | 84 Library | 365312 | Chk #78317 | 84122302 - DOC: Library Copies | -.10 | 3.92 |
| 12/31/2002 | Disbursements | 12 | 81 Legal Postage | 365312 | Chk #78318 | 121702 - DOC: Postage | -.37 | 3.55 |
| 12/31/2002 | Disbursements | 12 | 83 Copies | 365312 | Chk #78320 | 120502 - DOC: Medical Copies | -3.25 | .30 |
| 01/16/2003 | Payroll | 12 | 20 Payroll Adjustment | 016112 | | P/R month of 12/2002 | 6.00 | 6.30 |
| 01/21/2003 | Disbursements | 12 | 81 Legal Postage | 021312 | Chk #78610 | 010802 - DOC: Postage | -.37 | 5.93 |
| 01/21/2003 | Disbursements | 12 | 81 Legal Postage | 021312 | Chk #78610 | 010703 - DOC: Postage | -.37 | 5.56 |
| 01/21/2003 | Disbursements | 12 | 81 Legal Postage | 021312 | Chk #78610 | 81121902 - DOC: Postage | -.46 | 5.10 |
| 01/21/2003 | Disbursements | 12 | 81 Legal Postage | 021312 | Chk #78610 | 81121902 - DOC: Postage | -.83 | 4.27 |
| 01/21/2003 | Point of Sale | 2 | 60 Commissary | 021702 | 210126 | Commissary | -3.16 | 1.11 |
| 01/31/2003 | Disbursements | 12 | 84 Library | 031312 | Chk #78899 | 010803 - DOC: Library Copies | -.60 | .51 |
| 01/31/2003 | Disbursements | 12 | 84 Library | 031312 | Chk #78899 | 012002 - DOC: Library Copies | -.45 | .06 |
| 02/10/2003 | Mail Room | 32 | 01 Money Order, Cert or CO | 041232 | 242204 | Hale, M | 25.00 | 25.06 |

| | |
|---|---|
| **Total Inmate Funds:** | 25.06 |
| **Less Funds Held For Orders:** | .00 |
| **Less Funds Restricted:** | 2.40 |
| **Funds Available:** | 22.66 |
| **Total Furloughs:** | .00 |
| **Total Voluntary Restitutions:** | .00 |

Time: 10:03am
**Inmate Trust Fund**

d_list_furlough_restitution

Furlough/Restitution Report

[EXHIBIT 103]

REPORT CRITERIA - Inmate: K60259;    New page for each inmate ? : No;    Include Zero Balances ? : Yes;
Furlough / Restitution Type: All Types;    Report Type: Detail Line;    Sort Order: Inmate Number;    Status: All

| Inmate | ID# | Vendor | Transaction Type | Date | Amount | Balance |
|---|---|---|---|---|---|---|
| **K60259    Hale, Gregory** | | | | | | |
| Housing Unit: IRI-02-C -12 | 1569  159 | **Clerk,U.S.District Court** | **73 Court Ordered Fees** | **09/17/2002** | **130.13** | **124.13** |
| | | Detailed History:  1 | Beginning Balance | 09/17/2002 | 130.13 | 130.13 |
| | | 3 | Payment | 11/14/2002 | 2.00 | 128.13 |
| | | 3 | Payment | 12/11/2002 | 2.00 | 126.13 |
| | | 3 | Payment | 01/16/2003 | 2.00 | 124.13 |
| | Payment Instructions: 20.00 % with 0.00 minimum balance. | | | | | |
| | 1592  77 | **Clerk-U.S. District Court** | **73 Court Ordered Fees** | **10/10/2002** | **28.50** | **23.87** |
| | | Detailed History:  1 | Beginning Balance | 10/10/2002 | 28.50 | 28.50 |
| | | 3 | Payment | 11/14/2002 | .63 | 27.87 |
| | | 3 | Payment | 12/11/2002 | 2.00 | 25.87 |
| | | 3 | Payment | 01/16/2003 | 2.00 | 23.87 |
| | Payment Instructions: 20.00 % with 0.00 minimum balance. | | | | | |

Total Court Ordered Fees    148.00

Final Total    148.00

Time:    10:03am

d_list_inmate_trans_statement_composite

**Correctional Center**
**Inmate Trust Fund**

Inmate Transaction Statement

EXHIBIT 104

REPORT CRITERIA - Date: 08/01/2002 thru End;    Inmate: K60259;    Active Status Only ? : No;    Print
Restrictions ? : Yes;    Transaction Type: All Transaction Types;    Print Furloughs / Restitutions ? : Yes;    Include
Inmate Totals ? : Yes;    Print Balance Errors Only ? : No

**Inmate: K60259 Hale, Gregory**                    **Housing Unit: IRI-02-C -12**

| Date | Source | User | Transaction Type | Batch | Reference # | Description | Amount | Balance |
|------|--------|------|------------------|-------|-------------|-------------|--------|---------|
| | | | | | | **Beginning Balance:** | | 0.21 |
| 08/06/2002 | Mail Room | 32 | 01 Money Order, Cert or C | 218232 | 1309612 | Hale, M | 50.00 | 50.21 |
| 08/12/2002 | Disbursements | 12 | 84 Library | 224312 | Chk #75419 | 84080902 - DOC: Library Copies | -.30 | 49.91 |
| 08/12/2002 | Disbursements | 12 | 84 Library | 224312 | Chk #75419 | 072202 - DOC: Library Copies | -2.05 | 47.86 |
| 08/12/2002 | Disbursements | 12 | 84 Library | 224312 | Chk #75419 | 070902 - DOC: Library Copies | -12.80 | 35.06 |
| 08/12/2002 | Disbursements | 12 | 84 Library | 224312 | Chk #75419 | 072302 - DOC: Library Copies | -.80 | 34.26 |
| 08/12/2002 | Disbursements | 12 | 81 Legal Postage | 224312 | Chk #75420 | 072302 - DOC: Postage | -.37 | 33.89 |
| 08/12/2002 | Disbursements | 12 | 81 Legal Postage | 224312 | Chk #75420 | 072302 - DOC: Postage | -.37 | 33.52 |
| 08/12/2002 | Disbursements | 12 | 81 Legal Postage | 224312 | Chk #75420 | 071902 - DOC: Postage | -1.75 | 31.77 |
| 08/12/2002 | Disbursements | 12 | 81 Legal Postage | 224312 | Chk #75420 | 060602 - DOC: Postage | -3.50 | 28.27 |
| 08/12/2002 | Disbursements | 12 | 81 Legal Postage | 224312 | Chk #75420 | 070502 - DOC: Postage | -3.95 | 24.32 |
| 08/12/2002 | Disbursements | 12 | 81 Legal Postage | 224312 | Chk #75420 | 070502 - DOC: Postage | -3.95 | 20.37 |
| 08/12/2002 | Disbursements | 12 | 81 Legal Postage | 224312 | Chk #75420 | 81080202 - DOC: Postage | -.37 | 20.00 |
| 08/12/2002 | Disbursements | 12 | 81 Legal Postage | 224312 | Chk #75420 | 060602 - DOC: Postage | -3.50 | 16.50 |
| 08/12/2002 | Disbursements | 12 | 81 Legal Postage | 224312 | Chk #75420 | 072302 - DOC: Postage | -.37 | 16.13 |
| 08/12/2002 | Disbursements | 12 | 90 Medical Co-Pay | 224312 | Chk #75422 | 080202 - DOC: Medical Services | -2.00 | 14.13 |
| 08/13/2002 | Point of Sale | 2 | 60 Commissary | 225702 | 186174 | Commissary | -11.10 | 3.03 |
| 08/15/2002 | Payroll | 12 | 20 Payroll Adjustment | 227112 | | P/R month of 07/2002 | 7.07 | 10.10 |
| 08/19/2002 | Disbursements | 12 | 84 Library | 231312 | Chk #75579 | 081202 - DOC: Library Copies | -.10 | 10.00 |
| 08/19/2002 | Disbursements | 12 | 81 Legal Postage | 231312 | Chk #75580 | 81081602 - DOC: Postage | -.83 | 9.17 |
| 08/30/2002 | Disbursements | 12 | 84 Library | 242312 | Chk #75920 | 84082302 - DOC: Library Copies | -.60 | 8.57 |
| 08/30/2002 | Disbursements | 12 | 84 Library | 242312 | Chk #75920 | 84082702 - DOC: Library Copies | -1.35 | 7.22 |
| 08/30/2002 | Disbursements | 12 | 84 Library | 242312 | Chk #75920 | 081902 - DOC: Library Copies | -1.15 | 6.07 |
| 08/30/2002 | Disbursements | 12 | 84 Library | 242312 | Chk #75920 | 082202 - DOC: Library Copies | -.90 | 5.17 |
| 08/30/2002 | Disbursements | 12 | 81 Legal Postage | 242312 | Chk #75927 | 082302 - DOC: Postage | -.37 | 4.80 |
| 08/30/2002 | Disbursements | 12 | 81 Legal Postage | 242312 | Chk #75927 | 81082902 - DOC: Postage | -.03 | 4.77 |
| 08/30/2002 | Disbursements | 12 | 80 Postage | 242312 | Chk #75927 | 082002 - DOC: Postage | -4.65 | .12 |
| 09/06/2002 | Payroll | 12 | 20 Payroll Adjustment | 249112 | | P/R - COF Invoice Deleted | .00 | .12 |
| 09/12/2002 | Payroll | 12 | 20 Payroll Adjustment | 255112 | | P/R month of 08/2002 | 10.00 | 10.12 |
| 09/16/2002 | Disbursements | 12 | 90 Medical Co-Pay | 259312 | Chk #76128 | 090902 - DOC: Medical Services | -2.00 | 8.12 |
| 09/17/2002 | Point of Sale | 50 | 60 Commissary | 260750 | 192317 | Commissary | -4.11 | 4.01 |
| 09/24/2002 | Point of Sale | 51 | 60 Commissary | 267751 | 193811 | Commissary | -2.00 | 2.01 |
| 09/30/2002 | Disbursements | 12 | 90 Medical Co-Pay | 273312 | Chk #76510 | 091702 - DOC: Medical Services | -2.00 | .01 |
| 10/10/2002 | Payroll | 12 | 20 Payroll Adjustment | 283112 | | P/R month of 09/2002 | 10.00 | 10.01 |
| 10/15/2002 | Disbursements | 12 | 84 Library | 288312 | Chk #76725 | 093002 - DOC: Library Copies | -.20 | 9.81 |
| 10/15/2002 | Disbursements | 12 | 81 Legal Postage | 288312 | Chk #76726 | 10012002 - DOC: Postage | -.37 | 9.44 |
| 10/15/2002 | Disbursements | 12 | 90 Medical Co-Pay | 288312 | Chk #76730 | 093002 - DOC: Medical Services | -2.00 | 7.44 |
| 10/15/2002 | Point of Sale | 51 | 60 Commissary | 288751 | 196363 | Commissary | -7.18 | .26 |
| 10/31/2002 | Disbursements | 12 | 81 Legal Postage | 304312 | Chk #77090 | 102502 - DOC: Postage | -.23 | .03 |
| 11/14/2002 | Payroll | 12 | 20 Payroll Adjustment | 318112 | | P/R month of 10/2002 | 7.37 | 7.40 |
| 11/14/2002 | Mail Room | 32 | 01 Money Order, Cert or C | 318232 | 1323368 | Hale, M | 50.00 | 57.40 |
| 11/18/2002 | Disbursements | 12 | 81 Legal Postage | 322312 | Chk #77366 | 110802 - DOC: Postage | -.37 | 57.03 |
| 11/18/2002 | Disbursements | 12 | 81 Legal Postage | 322312 | Chk #77366 | 110802 - DOC: Postage | -.37 | 56.66 |
| 11/18/2002 | Disbursements | 12 | 81 Legal Postage | 322312 | Chk #77366 | 110802 - DOC: Postage | -.23 | 56.43 |

**Date:** 3/10/2007-HAB-CHE     # 61-3 **Illinois River Correctional Center**
**Time:**    10:03am                         **Inmate Trust Fund**

d_list_inmate_trans_statement_composite           Inmate Transaction Statement

EXHIBIT 105

REPORT CRITERIA  -  Date: 08/01/2002 thru End;     Inmate: K60259;     Active Status Only ? : No;     Print
Restrictions ? : Yes;     Transaction Type: All Transaction Types;     Print Furloughs / Restitutions ? : Yes;     Include
Inmate Totals ? : Yes;     Print Balance Errors Only ? : No

**Inmate: K60259  Hale, Gregory**                        **Housing Unit: IRI-02-C -12**

**RESTRICTIONS**

| Invoice Date | Invoice Number | Type | Description | Vendor | | Amount |
|---|---|---|---|---|---|---|
| 01/23/2003 | 012301 | Disb | K60259 Library Copies | 2 | DOC: Library Copi | $0.40 |
| 01/24/2003 | 012403 | Disb | K60259 Nurse Sick Call | 9 | DOC: Medical Ser | $2.00 |
| | | | | | **Total Restrictions:** | **$2.40** |

MR. HALE,

STATE PAY WILL NOT BE AVAILABLE UNTIL 2-17-03.

B. HUMES
TRUST FUND

ILLIN'  . DEPARTMENT OF CORRECTION         PAGE:       6
                              OFFENDER TRACKING SYSTEM:   Ck        RUN DATE: 08/02/01
AS OF DATE:   08/02/01        INMATE DATA SUMMARY                   RUN TIME: 14.47.35
NAME: HALE, GREGORY               CURRENT LOCATION:   TAYLORVILLE
DOC #: K60259                     CURRENT SECURITY:   MINIMUM           SEX: MALE

:*****************************************************************************

ANY ATTEMPTED ESCAPE:

    NONE


ANY PROTECTIVE CUSTODY OR SPECIAL NEEDS:

    VICTIM NOTIFICATION
    EXHIBITED STALKING BEHAVIOR (STAFF) WHILE AT TAYLORVILLE


ANY ASSAULTS OR DANGEROUS DISTURBANCES:

    NONE

EXHIBIT 107

ILLINOIS DEPARTMENT OF CORRECTIONS - OTS
INMATE CALL PASS ISSUED

IDOC#: K60259 HALE, GREGORY
PRIMARY: MEDICAL UNASSIGNED, PARTICIPANT

DESTINATION: INTERVIEW ROOM #1          DAY:
PASS TYPE: WARDEN
COMMENTS: COURT OF CLAIMS DEPOSITION
AUTHORIZED: SUGGS, S.

CELL HOUSE SIGNATURE:                          TIME: 12⁴³

DESTINATION SIGNATURE:                         TIME: 12⁴⁹

EXIT SIGNATURE:                                TIME: 2⁵ᵖ

RETURN SIGNATURE:                              TIME:

EXHIBIT 108

ILLINOIS DEPARTMENT OF CORRECTIONS - OTS
INMATE CALL PASS ISSUED

IDOC#: K60259 HALE, GREGORY          3 A L  TAY-2A-02-10
PRIMARY: MEDICAL UNASSIGNED, PARTICIPANT

DESTINATION: LIBRARY          DAY:  3/ 8/01   AT:    :15 P
PASS TYPE: LIBRARY
COMMENTS: LAW LIBRARY
AUTHORIZED: DROZS, M.

CELL HOUSE SIGNATURE:                          TIME:

DESTINATION SIGNATURE:                         TIME:

EXIT SIGNATURE:                                TIME:

RETURN SIGNATURE:                              TIME: